UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: CV 402-182 |
| v. | ) | |
| | ) | |
| VARIETY WHOLESALERS, INC., d/b/a | ) | |
| ROSE'S STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO STAY JUDGMENT PENDING APPEAL

Plaintiff, Nike, Inc. submits this memorandum of law in response to the Amended Motion of defendant Variety Wholesalers, Inc. ("Variety") to Stay Judgment Pending Appeal.[1] Nike has no objection, in principle, to Variety's request for a stay of judgment and to post a letter of credit in lieu of a supersedeas bond. Nike does, however, believe that the amount of the security is incorrect and also submits that more specific language should be included in the proposed order.

In its motion, Variety has proposed submitting a letter of credit "in the amount of the final judgment" to protect Nike's financial interests pending appeal. Appended to Variety's motion was a proposed order to this effect.

---

[1] In its original motion, filed on September 22, 2003, Variety sought an order directing that a letter of credit in the exact amount of the judgment (*i.e.*, $1,350,392) be presented to the Court, thereby staying execution pending appeal. Variety filed an amended motion on September 25, 2002, amending the amount of the proposed security to include any attorneys' fees awarded to Nike.

Nike agrees that a letter of credit issued by Wachovia Corporation constitutes adequate security pending appeal. It is, however, insufficient to have the letter of credit drawn in the exact amount of the judgment. Rather, the amount must be increased to factor in interest, costs and attorneys' fees associated with the appeal and other items to which Nike may be entitled in the event it prevails on the appeal.

Fed. R. Civ. P. 62(d) provides, in pertinent part, that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay [of execution on the judgment] . . ." The rule, however, is silent as the amount of the bond. To determine the specific amount of the bond, courts have turned to the predecessor of Rule 62(d), "old" civil Rule 73(d), which directs the amount of the bond be computed to include the whole amount of the judgment remaining unsatisfied, costs of the appeal, interest, and the appellee's attorneys' fees incurred on appeal. *Avirgan v. Hull*, 125 F.R.D. 185, 188 (M.D. Fla 1989) (citing *Popular Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).[2] "Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule." *Popular Grove*, 600 F.2d at 1191.

Courts have increased the amount of the requisite security above the amount of the judgment to differing degrees. *See Bergeson v. Dilworth*, 749 F. Supp. 1555 (D. Kan. 1990) (125% of judgment pursuant to rule); *Avirgan* (117% of judgment using an estimate of costs and fees associated with appeal); *North River Insurance Co. v. Greater New York Mutual Insurance*

---

[2] Decisions of the Fifth Circuit made before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Co.*, 895 F. Supp. 83 (E.D. Pa 1995) (107% of judgment). Taking into account interest, fees and costs on appeal, Nike submits that the amount of security should be 117% of any final judgment.

Independent of the dollar amount of the security to be posted, Nike also notes that the language of Variety's proposed order contains no mechanism for drawing down the letter of credit in the event that the Court's judgment is affirmed on appeal and not paid by Variety, nor does it indicate that the letter of credit be irrevocable.

Accordingly, Nike requests that any order issued by the Court in connection with a stay of judgment require that the letter of credit posted by Variety as security contain the following provisions:

1. that a letter of credit be established by Wachovia Corporation in favor of Nike for drawings up to the aggregate amount of 117% of the Court's final judgment;

2. that the letter of credit be irrevocable and terminable only by order of this Court; and

3. that the funds secured by the irrevocable letter of credit be payable to Nike or its designated representative, in increments, upon presentation of a letter stating the following: (1) a judgment has been entered in this action as to which all direct appeals have been exhausted (or the time in which to appeal has expired); (2) a demand has been made of Variety for payment in the amount of such judgment; (3) ten days have elapsed since demand was made of Variety for payment of such judgment and such judgment remains unsatisfied in whole or in part; and (4) Nike demands payment under the irrevocable letter of credit in the amount of such judgment remaining unsatisfied. Payment in accordance with the terms of this paragraph shall be made to Nike or its designated representative within one business day of the date of presentation.

Dated: October **9**, 2003

Respectfully submitted,

OLIVER MANER & GRAY, LLP

By: _____
Patrick T. O'Connor

State Bar No. 548425
218 State Street, West
P.O. Box 10188
Savannah, GA 31412
(912) 236-3311

Ira S. Sacks
Michael D. Pantalony (admitted *pro hac vice*)
Neil S. Goldstein (admitted *pro hac vice*)
GURSKY & PARTNERS, LLP
1350 Broadway, 11th Floor
New York, NY 10018
(212) 904-1234

Attorneys for Plaintiff Nike, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: CV 402-182 |
| | ) | |
| v. | ) | |
| | ) | |
| VARIETY WHOLESALERS, INC., d/b/a | ) | |
| ROSE'S STORES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court is the motion of defendant Variety Wholesalers, Inc. d/b/a Rose's Stores, Inc. ("Variety") to stay judgment pending appeal.

IT IS HEREBY ORDERED that defendant Variety Wholesalers, Inc., within ten-days of the date of this order, submit, via facsimile, a proposed letter of credit to counsel for Nike, Inc., which includes the following language, in substance:

1. Wachovia Corporation hereby establishes this Irrevocable Letter of Credit in favor of Nike, Inc. ("Nike") for drawings up to the aggregate amount of [117% of the Court's final judgment] in the civil action entitled Nike, Inc. v. Variety Wholesalers, Inc. d/b/a Rose's Stores, Inc., Civil Action No., CV 402-182 (N.D. Ga.) ("the Civil Action"), effective immediately.

2. This Irrevocable Letter of Credit is issued, presentable and payable at our office at [address] and is terminable only by order of the United States District Court for the Southern District of Georgia.

3. The funds secured by this Irrevocable Letter of Credit shall be payable to Nike or its designated representative, in increments, upon presentation of a

letter stating the following: (1) a judgment has been entered in the Civil Action as to which all direct appeals have been exhausted (or the time in which to appeal has expired); (2) a demand has been made of Variety for payment in the amount of such judgment; (3) ten days have elapsed since demand was made of Variety for payment of such judgment and such judgment remains unsatisfied in whole or in part; and (4) Nike demands payment under this Irrevocable Letter of Credit in the amount of such judgment remaining unsatisfied. Payment in accordance with the terms of this paragraph shall be made to Nike or its designated representative within one business day of the date of presentation.

SO ORDERED:

Dated: _____                             _____
                                                  United States District Judge

C:\Documents and Settings\bsmith\Local Settings\Temporary Internet Files\Content IE5\ATE7M1MD\Opp Motion to Stay 10.8 03.wpd

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NIKE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV402-182 |
| | ) |
| VARIETY WHOLESALERS, INC. d/b/a | ) |
| ROSE'S STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of Plaintiff's Memorandum of Law in Response to Defendant's Motion to Stay Judgment Pending Appeal upon parties of record, by U. S. Mail with adequate postage affixed thereto as follows:

Glen M. Darbyshire, Esquire
Inglesby Falligant Horne Courington
   Chisholm, P.C.
Post Office Box 1368
Savannah, GA 31402-1368

W. Thad Adams, III, Esquire
Adams, Schwartz & Evans, P.A.
2180 Two Wachovia Center
Charlotte, NC 28282

This __9__ day of October, 2003.

OLIVER MANER & GRAY LLP

Patrick T. O'Connor
Ga. State Bar No. 548425
Paul H. Threlkeld
Ga. State bar No. 710731
Attorneys for Plaintiff

Post Office Box 10186
Savannah, GA 31412
(912) 236-3311