ORIGINAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| NIKE, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: CV402-182 |
| ) | |
| v. ) | |
| ) | |
| VARIETY WHOLESALERS, INC., d/b/a ) | |
| ROSE'S STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## VARIETY'S RESPONSE TO PLAINTIFF NIKE'S MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO JULY 22, 2003 ORDER

**COMES NOW** Variety Wholesalers, Inc. ("Variety") and responds to Nike's Motion for Attorneys Fees Pursuant to July 22, 2003 Order. Variety notes that on August 6, 2003, Nike filed the Declaration of Martin J. Feinberg in Support of Plaintiff's Special Motion for Attorneys' Fees and Expenses (Doc. 132) ("Nike's Fee Petition). On August 22, 2003, Variety filed a substantive response to Nike's Fee Petition: Variety's Response to Nike's Special Motion for Attorneys' Fees and Costs (Doc. 136). A copy of document 136 is annexed hereto as Exhibit 1 and Variety respectfully resubmits the same as its response to Nike's Motion for Attorneys Fees filed on October 1, 2003.

For the reasons set forth in document 136, Variety requests the Court deny Nike's attorneys' fee petition in its entirety.

156

Respectfully submitted,

INGLESBY, FALLIGANT, HORNE,
COURINGTON & CHRISOLM, P.C.

Glen M. Darbyshire
(Georgia Bar No. 205210)
Rob Kelly
(Georgia Bar No. 413059)
Post Office Box 1368
Savannah, GA 31402-0286
Phone: (912) 232-7000
Fax:    (912) 238-0286

ADAMS EVANS, P.A.
W. Thad Adams, III
(N.C. Bar No. 00020)
Matthew J. Ladenheim
(N.C. Bar No. 29309)
2180 Two Wachovia Center
301 South Tryon Street
Charlotte, NC 28282
Phone: (704) 375-9249
Fax:    (704) 375-0729

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: CV402-182 |
| | ) | |
| v. | ) | |
| | ) | |
| VARIETY WHOLESALERS, INC., d/b/a | ) | |
| ROSE'S STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VARIETY'S RESPONSE TO NIKE'S
## SPECIAL MOTION FOR ATTORNEYS FEES AND COSTS

COMES NOW Variety Wholesalers, Inc. ("Variety") and responds to Nike's Special Motion

For Attorneys Fees and Expenses ("Nike's Fee Petition").

### Preliminary Statement

Nike seeks an award for every dollar of fees and expenses its attorneys saw fit to incur during

this litigation.  The amounts sought are excessive and unsupported by relevant legal authority.

According to Local Rule 7.1(b) "Unless the assigned Judge prescribes otherwise, every motion filed

in civil proceedings shall be accompanied by a memorandum of law citing supporting authorities."

LR 7.1(b). Nike's Fee Petition contains no such memorandum of law.[1]  Nike's Motion is contrary

to law and should be denied in its entirety.

---

[1] Even though Nike's Fee Petition does not contain a citation to even one case authority,
it nevertheless seeks a fee award for over 15 hours it spent conducting legal research on
calculating attorney fees.  See Nike Fee Petition, Exhibit A, entries for 7/30/2003 and 7/31/2003.

Paragraph 13 of the Settlement Agreement provides that a prevailing party in any suit under the Settlement Agreement "shall recover its costs and attorneys fees from the other party." Nothing in the Settlement Agreement or in law requires that there be only one "prevailing party." The stipulations entered into by Variety and Nike compel the legal conclusion that Variety is also the prevailing party on its claim and, on the undisputed trial evidence, that Nike breached the Settlement Agreement by failing to inform Variety of all known instances of alleged infringement during settlement negotiations.

Nike claims fees and expenses that are well over *twice* the fees Variety incurred to defend against Nike's claims and prevail on several issues, including willfulness, the issue that took by far the most pre-trial and trial time. Nike seeks recovery of fees for issues on which it did not prevail, as well as fees incurred in other litigations and settlement negotiations with non-parties to this case. In addition, Nike claims that its fees are reasonable based on what is alleged to be a reasonable rate in New York, rather than what is a reasonable rate in Savannah, as required by applicable law. Last, Nike claims as "costs" a vast amount of expenses that are not allowable as costs under 28 U.S.C. § 1920.

<div align="center">Statement of Facts</div>

1.   <u>Variety Prevailed as a Matter of Law on its Breach of Contract Claim</u>

The Complaint filed in this action accused Variety of, *inter alia*, trademark infringement and counterfeiting, and provided Nike with a claimed basis for alleging breach of the Settlement Agreement of February 28, 2001 between the parties. Complaint pp.7-12. The Settlement Agreement purported to resolve issues between the parties arising out of prior trademark infringement and counterfeiting claims by Nike against Variety. The terms of the Settlement

<div align="center">2</div>

Agreement included warranties by Nike that:

> "neither Nike, its officers, employees nor its legal counsel have actual knowledge of the sale by Variety, or any report of the sale by Variety, of any other (i) Offending Merchandise [as defined in the Agreement]; (ii) any other goods bearing unauthorized reproductions, copies, counterfeits and/or colorable imitations of the Nike trademarks; or (iii) in the opinion of Nike or its legal counsel, be identical or confusingly similar to any of the Nike Trademarks, or which alone or in combination with any other indicia, is likely to cause consumers to be confused....

Settlement Agreement, ¶ 4, at 3-4.

The term "Offending Merchandise" was expressly defined in paragraph 3(a) of the Settlement Agreement and summarized on Exhibit C to the Settlement Agreement.

On the strength of this representation, *i.e.*, that the parties had wiped the slate clean, Variety paid Nike $80,000 on what both parties agreed was "a compromise of a disputed claim" and where "[e]ach party expressly denies any and all liability to any other party." Id., ¶ 22 at 9. Nike agreed to and did dismiss the claims it had brought against Variety *with prejudice*. Id., ¶ 15, at 8.

Subsequently, this action was filed and discovery and pre-trial proceedings took place. Trial was scheduled to start on June 30, 2003. On June 26, 2003, less than one week before trial, Nike proposed to Variety several stipulations intended by Nike as proof of additional instances of *pre-settlement infringement*. Variety agreed to the stipulations. The parties filed supplemental stipulations with the Court on June 27, 2003. Included in these supplemental stipulations were the following:

> Exhibit 13, with a Roses hang tag attached to the neck label and bearing SKU 38 32655, was purchased by a private investigator for Nike at a Roses location on January 7, 2000 and forwarded to Gursky & Ederer within approximately one week of purchase....

> Exhibit 17, with a Roses hang tag attached to the neck label and bearing SKU 58 65706, was purchased by a private investigator for

3

Nike at a Roses location on January 7, 2000 and forwarded to Gursky
& Ederer within approximately one week of purchase.

Exhibit 19, with an Allied Department Store hang tag attached to the
neck label and bearing SKU 508 0734, was sold by Variety at an
Allied Department Store in or about January 2000.

Supplemental Stipulations 5, 7 & 8, filed July 27, 2003.

There is no dispute that each of these transactions took place *before* execution of the

Settlement Agreement and that *none* of these three transactions is defined as Offending Merchandise

or identified on Exhibit C to the Settlement Agreement.  Mr. Blackburn testified at trial without

objection and without contradiction that Variety had never been advised that Nike knew of these

transactions or that Nike claimed any of these transactions were considered infringements at any time

prior to June 26, 2003, when the stipulations were proposed by Nike.  Mr. Blackburn also testified,

without objection and without contradiction, that the failure by Nike to identify these stipulated

transactions to Variety as alleged infringements was, factually, contrary to the clear language of

paragraph 3 of the Settlement Agreement and thus a breach.  Nike never cross examined Mr.

Blackburn nor introduced evidence to the contrary.

Because these stipulations were entered into on the eve of trial and long after the trial

stipulations had been filed by the parties, Variety filed a motion for leave to file additional proposed

findings of fact and conclusions of law.  The additional findings and conclusions of law included

specific requests that the court find facts in accordance with stipulations 5, 7and 8, and that the Court

conclude as a matter of law Nike had thereby breached the Settlement Agreement.  Variety's Post-

Trial Findings of Fact and Conclusions of Law, ¶¶37-39.  The Court *granted* Variety's motion in its

Order of July 22, 2003.  Order at 50.  The Court also stated in its Order that "the Court finds for Nike

4

on its ...breach of contract claims," Id. at 50-51, but the Order was silent on Variety's findings and conclusions based on its breach of contract claim against Nike and the stipulations referred to above. In other words, the Court ruled on Nike's breach of contract claim but *not* on Variety's breach of contract claim. Variety respectfully submits this was error. Variety's payment of $80,000 to Nike had the legal effect of extinguishing Nike's claim for damages resulting from acts prior to the Settlement. Nike ignored the fact that the dismissal with prejudice had the effect of extinguishing its prior claims, and raised these issues again in this proceeding. Variety not only lost the benefit the payment its $80,000.00 was intended to secure, but was forced to litigate this issue, which it did successfully. The $80,000.00 should be offset against any attorney fee award made to Nike.

The need to raise this issue was not apparent until Nike filed its motion for attorneys' fees, revealing for the first time that Nike made no effort to exclude from its claim fees and expenses incurred for issues on which it did not prevail. If the Court views this issue as requiring a motion to amend its Order of July 22, 2003, Variety so moves.

2.    Nike's Attorneys Fee Petition

a.    Nike's Failure to Apportion Its Fees Based on Claims and Defenses on Which it Prevailed

Nike claims entitlement to a total of $718,770.98 for "reasonable attorneys fees and expenses" incurred by GURSKY & EDERER, Nike's principal counsel. Notably, neither OLIVER, MANER & GRAY LLP, Nike's local counsel in Savannah, nor HICKS & LUCKY, Nike's counsel in the Jade v. Variety case in Texas, have submitted fee petitions. Rather, the fees and expenses of these firms have been lumped wholesale into the "expenses" category of GURSKY & EDERER's petition.

5

There were four principal issues tried to the Court between June 30 and July 2, 2003. These were:

1.      Nike's counterfeiting/infringement evidence, including evidence of Variety's sales and profits, that formed the basis of the breach of contract claim. Nike prevailed on this claim.

2.      Nike's claim of willful infringement that formed the sole basis of its claim for statutory damages of $9,000,000.00 dollars. Variety prevailed on this claim.

3.      Variety's *res judicata* defense, by which Variety sought to prevent recapture by Nike of damage claims that were settled and dismissed with prejudice in the prior litigation. Variety prevailed on this defense.

4.      Nike's breach of the Settlement Agreement by not disclosing to Variety all of the instances of alleged infringement of which it was aware, and bringing an unsuccessful action to recover for damage claims extinguished by the Settlement Agreement and Nike's dismissal with prejudice. Variety *should* prevail on this claim, based upon the stipulations entered into by the parties, as discussed above.

Nike has provided no basis on which the Court could conclude what portion of its fees relate to claims on which it prevailed. Rather, it has merely categorized the fees based upon the type of "task" the fees represented. Nike's Fee Petition, ¶ 39 *et seq.*, at 14-19. The particular nature of the task represented by the fee is irrelevant so long as the fee is reasonable and the task is a legitimate part of the litigation on which Nike prevailed. Thus, Nike's summary is not helpful to the Court as an aid in determining Nike's reasonable attorneys fees.

b.      Nike's Standard of "Reasonableness"

Nike bases its claim of reasonableness on what the "largest law firms in the country" charge

6

in New York and other major metropolitan cities. Nike's Fee Petition ¶ 38, at 14. As noted below, reasonableness is properly based on the usual and customary charge in the community where the action is litigated--in this case, Savannah. The *average* claimed per hour rate for all of the GURSKY & EDERER professionals is $274.13; over 62.5% higher than the average rate of $168.72 that would have been charged by Nike's local counsel in Savannah, and well in excess of the usual and customary charge for attorneys in Savannah. See Tab B, Sprunger Aff.¶3, Tab C, Darbyshire Aff ¶3. Moreover, attorneys capable of handling this matter reside and/or practice in Savannah. Tab D.

GURSKY & EDERER asserts that it and its co-counsel were reasonably required to spend 2.286.43 hours[2] and $718,000 to adequately prosecute this action. In contrast, Variety's counsel mounted a successful defense on several of the most important issues in the case for a total of $299,829.33 in fees and expenses. Tab A, Blackburn Aff. ¶26. This figure represents the fees and expenses incurred by all of Variety's counsel in this matter, namely, ADAMS EVANS PA; INGLESBY FALLIGANT HORNE COURINGTON & CHISHOLM; AINSA HUTSON LLP; AND BAETJER HOWARD & CIVILETTI LLP. Id. Quite apart from the particular hourly rates and similar considerations, it is difficult to accept that GURSKY & EDERER, a firm that touts itself as "recognized nationally as specializing in litigating trademark infringement and counterfeiting actions" for "some of this country's major apparel manufacturers," Nike's Fee Petition at ¶7, was required to outspend defendant's counsel by a factor of over 2 to 1 to prevail on only one of four issues and receive from the court approximately $7,300,000 *less* than it sought in damages. This disparity is, by itself, significant evidence that Nike's fees, taken as a whole, are excessive and thus unreasonable.

---

[2] The invoices submitted in connection with Nike's fee petition add up to approximately 2,299.68 hours expended. Variety considers the disparity inconsequential and will use the 2,299.68 figure for purposes of this filing.

7

c.    Nike's Claim for Reimbursement of Fees Not Incurred in Connection With This Action

Nike claims entitlement to fees incurred, for example, in settling disputes with entities not a party to this action, and fees incurred in connection with a parallel litigation in Texas between Variety and Jade, arising out of Variety's refusal to pay for goods claimed by Nike to be counterfeit. See Tab A, Blackburn Aff ¶24.

d.    Nike's Claim for "Expenses"

Nike claims that it is entitled to reimbursement for $96,496.23 in expenses. These claims include Westlaw research charges, postage, copying, travel, local counsel fees and the like. "Costs" is a defined term in Federal litigation, and refers to those items identified in 28 U.S.C. § 1920. Thus, as explained below, Nike cannot recover its "expenses", but only "costs" as provided expressly in the Federal Statute. The costs properly allowed under 15 U.S.C. 1117(a) and 28 U.S.C. § 1920 are set out in Section III below.

e.    Nike's Refusal to Engage in Meaningful Settlement Discussions

As set out in the attached Affidavit of G. Templeton Blackburn, II, Variety made numerous attempts to settle this matter. Nike's response was always a refusal to consider anything that did not include multiples of what it claimed were Variety's profits. The *lowest* settlement offer ever made by Nike was twice its profit calculation (over $2.6 million dollars) plus $400,000 in attorneys fees. Tab A, Blackburn Aff. ¶19.

In contrast, Variety offered to settle for one times profits "whatever that number might be." Id. Nike refused this approach, and thus necessitated further extensive proceedings, including the trial, after which it obtained a judgment of only 32% of its lowest settlement offer, and failed

8

outright on its claim that Variety had been guilty of willfully trafficking in counterfeit goods.

On this basis it is unreasonable for Nike to receive any of its fees for its activities after its first refusal to engage in meaningful settlement negotiations.[3] Tab A, Blackburn Aff. ¶1; Tab B, Sprunger Aff. ¶4.

<div align="center">Legal Argument</div>

<div align="center">I.  Nike Breached the Settlement Agreement</div>

On the eve of trial, Nike and Variety filed supplemental stipulations of fact. "Stipulations of fact fairly entered into are controlling and conclusive and courts are bound to enforce them." Furniture Forwarders of St. Louis, Inc. v. Chicago, Rock Island and Pacific Railroad Co., 393 F.2d 537, 539 (8th Cir. 1968) (citing, Farmers Co-op. Elevator Ass'n v. Strand, 382 F.2d 224, 231 (8th Cir.1967); Osborne v. United States, 351 F.2d 111, 120 (8th Cir.1956); Burstein v. United States, 232 F.2d 19, 22 (8th Cir. ), see also Fisher v. First Stamford Bank and Trust Co., 751 F.2d 519, 523 (2nd Cir. 1984) ("Generally, a stipulation of fact that is fairly entered into is controlling on the parties and the court is bound to enforce it.") (citing Stanley Works v. F.T.C., 469 F.2d 498, 506 (2nd Cir.1972), cert. denied, 412 U.S. 928, 93 S.Ct. 2750, 37 L.Ed.2d 155 (1972); Fenix v. Finch, 436 F.2d 831, 837 (8th Cir.1971)).

Included in these supplemental stipulations were facts which compel the legal conclusion that Nike breached the Settlement Agreement.  Specifically, Nike stipulated that three of the exhibits for which it was seeking damages in this action (Exhibits 13, 17 and 19) had actually been purchased by Nike in Variety stores at least as early as January of 2000; *more than one year prior to execution*

---

[3] According to the Affidavit of Brant Sprunger, a review of the Fee Petition reveals that as of May 30, 2002, the date on which Nike first cancelled settlement negotiations, Nike's attorneys fees in this matter were approximately $16,412.25.  Tab B, Sprunger Aff. ¶4.

<div align="center">9</div>

*of the Settlement Agreement on February 28, 2001. See* Supplemental Stipulations 5, 7 & 8, filed June 27, 2003.

As noted above, none of these three exhibits are identified as Offending Merchandise in the Settlement Agreement. Nor are these three exhibits identified on Exhibit C of the Settlement Agreement. Thus, Nike's representation in paragraph 4 of the Settlement Agreement, *i.e.* that Nike and its counsel were not aware of any allegedly counterfeit merchandise sold by Variety other than that identified in the Settlement Agreement, was false. In light of the Supplemental Stipulations filed on June 27, 2003, there can be no doubt that at the time Nike executed the Settlement Agreement it had in its possession at least three garments it believed to be counterfeit which were not identified in the Settlement Agreement. Variety had no reason to doubt the veracity of the representation contained in paragraph 4 until Nike proposed the supplemental stipulations which indicated it had Exhibits 13, 17 and 19 in its possession more than a year before the Settlement Agreement was executed.

The supplemental stipulations filed by the parties on June 27, 2003 compel the conclusion that Nike was in material breach of paragraph 4 the moment it affixed its signature to the Settlement Agreement. Variety prevailed on this issue as a matter of law, the Court's Order should so indicate, and Variety should recover its reasonable attorney fees through either an award or an offset against Nike's claim for fees, and an offset of the $80,000.00 Variety paid to resolve issues it ended up having to litigate in this case.

## II. The Lodestar calculation

The controlling case in the Eleventh Circuit on how to calculate attorney's fees is Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292 (11th Ci. 1988). According to Norman, "the

10

starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d 1299 (*citing* Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Calculation of the "lodestar" involves three steps. First, the court must determine the reasonable hourly rate. Id. Second, the court must determine the reasonable number of hours expended. Id. at 1301. Finally, "after the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must determine the necessity of an adjustment for results obtained." Id. at 1302.

### A. Reasonable Hourly Rate.

"A reasonable hourly rate is the prevailing market rate *in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d 1299 (*citing* Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)) (Emphasis added). It is the burden of the party making a claim for attorneys fees, in this instance, Nike, to produce evidence that the rate it is requesting is in line with the prevailing market rate in the relevant legal community. Norman, 836 F.2d 1299 (*citing* NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)).

The Eleventh Circuit has made plain "that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place *where the case is filed*.'" ACLU of Georgia et al. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (*quoting* Cullens v. Georgia Dep't. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)) (emphasis added). According to the invoices attached to Nike's fee petition, the legal professionals at the Gursky firm (including law clerks and paralegals) performed 2,299.68 hours worth of legal services on Nike's behalf in this lawsuit. Tab B, Sprunger Aff. Exhibit A. The Gursky firm's New York billing rates range from $75.00 per hour for paralegals

11

to $425.00 per hour for senior partners. Nike Fee Petition 13-14. The average hourly rate charged

by the Gursky Firm for legal services (inclusive of partners, associates and paralegals) was $274.13

per hour. Tab B, Sprunger Aff. ¶3. This amount is 62.5% higher than the $168.72 average hourly

rate that would have been billed by the firm of OLIVER, MANER & GRAY LLP, Nike's local counsel

in Savannah, if they had performed exactly the same services. Id. OLIVER, MANER & GRAY, LLP

charges $70.00 per hour for paralegals, $160.00 per hour for associates, and $240.00 per hour for

partners.   Id. at Exhibit A.   The $274.13 hourly rate for the Gursky firm is 98.8% higher than the

$137.90 average hourly rate that would have been billed by the firm of INGLESBY FALLIGANT,

HORNE, COURINGTON & CHISHOLM, Variety's local counsel in Savannah, had the same services been

provided by that firm. INGLESBY, FALLIGANT charges $85.00 per hour for paralegals, up to

$140.00 per hour for associates, and $195.00 per hour for partners. Id. at Exhibit A.

The Gursky firm billed Nike for approximately 2,299.68 hours worth of legal services. At

the Gursky firm's New York rates, the total for that many hours of legal work is approximately

$630,422.25. Id. If the work performed by the Gursky Firm had been done by Nike's local counsel,

the total amount billed would have been approximately $387,999.20. Id. If the work performed by

the Gursky Firm had been done by Variety's local counsel, the total amount billed would have been

approximately $317,125.10. Id.

In ACLU v. Barnes, the Eleventh Circuit vacated an attorney's fee award entered by the

District Court for the Northern District of Georgia. Barnes, 168 F.3d 436-37. The District Court

erred by using "New York rates" in its lodestar calculation as opposed to Atlanta rates. Id. After

reciting the general rule that reasonable rates are determined based on the situs of the action, the

Eleventh Circuit held: "If a fee applicant desires to recover the non-local rates of an attorney who

12

is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Barnes, 168 F.3d 437.

The District Court in Barnes based its grant of non-local rates on two factors. First, the New York lawyers had provided "special expertise...essential to the case." Id. Second, the rates for the New York lawyers were comparable to Atlanta trial lawyers who practiced in "important areas." Id. The Eleventh Circuit rejected both reasons. With respect to the first factor, the Eleventh Circuit noted: "A prevailing party is not entitled to have the losing party pay for an attorney with the most experience on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate." Id. The fact that the New York lawyers brought a certain level of expertise to the table had absolutely no bearing on the question of whether there were Atlanta attorneys competent to handle the case. Id. With respect to the second factor relied on by the District Court, the Eleventh Circuit stated it was "irrelevant" that the New York lawyers' rates were comparable to the rates of Atlanta attorneys practicing in "important areas." Id. "The relevant inquiry is not rates charged by attorneys in undefined "important areas;" instead it is the rate charged by attorneys with similar skills in similar cases." Id. (citing Norman, 836 F.2d 1299).

According to Norman, it is the job of the District Court to "interpolate the reasonable rate based on an analysis of the skills... exhibited by the attorney in the case at bar." Norman, 836 F.2d at 1301. "Legal skill is a several faceted concept....." Norman, 836 F.2d at 1300. Legal skill involves judgment shown in case assessment as evidenced by efforts to employ dispute resolution or the issues to be pursued in litigation. Id. It involves expertise in negotiation, which is more likely to advance the client's position than "trench warfare" litigation. Id. It involves organization and efficiency; "knowledge of trial practice and of the substantive law," and, naturally, legal skill

13

involves the advocate's ability to be persuasive. Id. at 1300-1301. As noted above, a reasonable rate is one that is concomitant with the rates charged by local attorneys with "similar skills in similar cases." Barnes, 168 F.3d 437 (citing Norman, 836 F.2d 1299). An online search of Martindale Hubbell listings for lawyers and law firms practicing intellectual property law in Savannah, Georgia reveals there are plenty of intellectual property practitioners in Savannah's local bar. Tab D.

The range of reasonable hourly rates for lawyers in the relevant community of Savannah who practice commercial litigation, including specialties such as trademark law, is far less than the rates charged Nike by its New York lawyers. Variety's local counsel rates of $195 for partners and $125 to $140 for associates are reasonable rates. The range of reasonable rates in Savannah for litigation of this type is between $150 and $225 for partners and $100 and $160 for associates. It is unusual and certainly not customary for a Savannah lawyer to be able to charge in excess of $225 per hour. The hourly rates charged by Nike's New York lawyers and those charged by its local counsel exceed the range of reasonable hourly rates charged in Savannah even for the most complex commercial litigation, of which this was not. Tab C, Darbyshire Aff. at ¶2. Therefore, Variety submits that any award of attorneys fees in this matter must be based on the *reasonable* hourly rates in the *Savannah* community and should not exceed $225 for partners and $160 for associates.

### B. Hours Reasonably Expended

The second step in the lodestar calculation is to determine the number of hours reasonably expended. Norman, 836 F.2d 1292 (quoting Hensley, 461 U.S. 43, 103 S.Ct. 1939-40) ("'excessive, redundant, or otherwise unnecessary' hours should be excluded from the amount claimed."). The "billing judgment" the Supreme Court requires fee applicants to exercise "must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's

14

adversary *irrespective of the skill, reputation or experience of counsel.*" <u>Norman</u>, 836 F.2d at 1301

(*citing* <u>Hensley</u>, 461 U.S. 434, 103 S.Ct. 1939) (emphasis in original). The Eleventh Circuit holds

that "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of

the district court." <u>Norman</u>, 836 F.2d at 1301.

In contrast, when "determining reasonable hours the district court *must* deduct time spent on

discrete and unsuccessful claims" <u>Id</u>. at 1302 (*citing* <u>Hensley</u>, 461 U.S. 435, 103 S.Ct. 1940)

(emphasis added). Irrespective of whether an entitlement to attorneys fees flows from a statute or

a contractual relationship, it is the well established law of this State and Circuit that fees may only

be awarded for successful claims. See, for example, <u>Koncul Enterprises Inc., v. Nations Credit</u>

<u>Financial Services</u>, WL34052996, *11 (S.D. Ga. 2001) ("The plaintiff is also required to allocate

attorney fees between successful and unsuccessful claims."); <u>United Companies Lending</u>

<u>Corporation v. Peacock et. al.</u>, 267 Ga. 145; 475 S.E.2d 601, 602-03 (1996) ("Because the Peacocks

did not prove the amount of attorney fees attributable solely to the claim in which they prevailed, we

hereby reverse the award and remand the case to the trial court with direction to conduct a hearing

on attorney fees and limit the award of attorney fees to the amount based on the prevailing claim.");

<u>Huggins v. Chapin</u>, 233 Ga.App. 109, 503 S.E.2d. 356, 358 (1998)("Like other statutes authorizing

recovery of attorney fees, OCGA §10-15-14(a) permits recovery of *reasonable* attorney fees, that

is, fees allocated to successful claims.") (Emphasis in original); <u>Southern Cellular Telecom et. al.</u>

<u>v. Banks</u>, 209 Ga.App. 401; 433 S.E.2d 606, 607 (1993) ("The case is remanded for an evidentiary

hearing to establish the amount of attorney fees related solely to the prevailing claim Banks is

entitled to recover."); <u>Professional Consulting Services of Georgia, Inc. v. Ibrahim</u>, 206 Ga. App.

663; 426 S.E.2d 376, 378 (1992) (Interpreting OCGA §13-6-11 "A plaintiff, however, is entitled to

recover attorney fees only for that portion of the fees which are allocable to the attorney's efforts to prosecute the cause of action, against a particular defendant, on which the prayer for attorney fees is based.") (citation omitted).

Included in Nike's fee petition are a staggering number entries for time spent on matters either wholly unrelated to this litigation, or related to matters upon which Nike did not prevail. Indeed, it does not appear as though Nike in any way sought to comply with Georgia law which requires that attorneys' fees only be awarded for successful claims. For example, in its Order of July 22, 2003, this Court denied Nike's Motion for Summary Judgment. Thus there can be no doubt that Nike failed to succeed on its summary judgment motion and on the same issue (willful blindness) at trial. Nevertheless, Nike's fee petition includes more than 258 hours of time which was devoted solely to its summary judgment motion.[4] *See* Nike Fee Petition Exhibit B. In like manner, the Court's Order of July 22, 2003, denied Nike's motion in limine in its entirety. Order at 2. Nevertheless, Nike's fee petition seeks an award of fees incurred in connection drafting Nike's failed motion in limine. Nike Fee Petition p. 18.

Nike prevailed on its infringement claim. However, infringement was not the only issue in this lawsuit. Equally important, and for purposes of damages settlement even more so, was the issue of Variety's alleged willful blindness. This issue was the primary obstacle to settlement and the primary focus of the trial. Nike did not prevail on the issue of willful blindness. Order at 42. Under the law of this State and Circuit, Nike may not recover fees for this unsuccessful claim.

Conspicuously absent from Nike's Fee Petition is any summary or representation by which

---

[4] Based on the Gursky Firm's average billable hourly rate of $274.13 per hour, this amounts to a request for more than $70,725.54 for work performed on a motion upon which Nike did not prevail.

the Court could determine what hours Nike purports to have expended on "successful claims." The five pages of the Fee Petition which Nike devotes to describing its 11 "task categories" is therefore immaterial. The relevant inquiry is not how many hours Nike expended on each category of task. The proper inquiry is how many hours did Nike reasonably expend *on the claims upon which it was successful at trial*. That information cannot be ascertained by reviewing the text of Nike's Fee Petition or the spread sheet attached thereto as Exhibit B.

The relevant caselaw requires that objections to the reasonableness of the hours expended be "reasonably precise." Norman, 836 F.2d at 1301. However, given that Nike has not even attempted to delineate between the hours it expended on successful claims and claims upon which it did not succeed, any effort on the part of Variety to determine what hours relate to what claims will necessarily be an exercise in speculation. Variety's Senior Vice President and General Counsel, G. Templeton Blackburn II, personally reviewed Nike's fee petition and redlined all entries which (1) related to issues upon which Nike did not prevail at trial, or (2) which did not reasonably relate to issues upon which Nike prevailed at trial. Tab A, Blackburn Aff. ¶21-22. A copy of the redlined invoice is attached at Tab A. The redlined entries can be summarized as covering the following subjects: Factory 2U status (does not relate to any party or claim in this lawsuit); Pursuit of claims against suppliers to Variety (does not relate to any party or claim in this lawsuit); the Jade Apparel vs. Variety litigation (does not relate to any claim in this lawsuit); Settlement Conference Cancelled by Nike; Revival of Claims from Nike I and calculation of profits from Nike I merchandise (relates to the *res judicata* defense upon which Variety prevailed); Nike's Motion for Sanctions on Variety's Motion to Dismiss (Nike did not succeed on its sanctions motion); Willful Blindness (Variety prevailed on willful blindness issue); Depositions of Ortiz and Flores (not considered, Order at FN

17

1); Adverse inferences from Fifth Amendment Pleas (not considered, Order at FN1); Depositions

(and summaries of depositions; and designating sections of depositions; and preparation of digests

of depositions) of Blackburn, Faucher, Tamborini, Hamm, Brown and Bellino (these depositions

relate to the issue of willful blindness upon which Variety prevailed); Billy Farmer and connection

with Carolina Apparel (does not relate to any party or claim in this lawsuit); Subpoenae for STX and

Greenwald (neither were deposed or gave any testimony in this action); Nike's response to Variety's

Motion for Summary Judgment of no willful blindness (Variety prevailed on this issue at trial); Prior

lawsuits as evidence of willful blindness (Variety prevailed on willful blindness issue); Legal

research on willful blindness (Variety prevailed on willful blindness issue); Cross examination of

Blackburn (this testimony related to the issue of willful blindness upon which Variety prevailed);

Preparation of timeline (does not appear to relate to this lawsuit, or was not used); Preparation of

post-trial brief on willful blindness (Variety prevailed on willful blindness issue); Nike's preparation

and opposition to Variety's Motion to Strike (This related to the issue of willful blindness upon

which Variety prevailed).  Nike's Motion for Summary Judgment on willful blindness (Variety

prevailed on willful blindness issue); Nike's Motion in Limine and for Sanctions (Nike did not

prevail on either);  Hilfiger Licensing v. Wal-Mart (does not relate to any party or issue in this

lawsuit); Undisclosed Nike vendors and goods (relates to *res judicata* issue upon which Variety

prevailed); Prior settlement agreements with Hilfiger and Polo (does not relate to any issue in this

lawsuit); Settlement Conferences (settlement made impossible by Nike's stance on willful

blindness); *Res judicata* issue (Variety prevailed on this issue).  Id. at ¶24.  The redlined materials

account for approximately 632.35 hours, or $172,851.81.  Tab B, Sprunger Aff. ¶7-8.  This figure

approximately corresponds to the amount of time Nike expended on matters upon which it was not

successful at trial.  Accordingly, these hours should be omitted from the lodestar calculation.

C. Adjustment for Results obtained

Norman requires that "[a]fter the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained."  Norman, 836 F.2d at 1302; *see also* Goodwall Construction Company v. Beers Construction Company, 824 F.Supp 1044, 1061 (N.D.Ga. 1992) (aff'd 991 F.2d 751 (Fed. Cir. 1993) (Norman and the cases upon which it is based teach that after the lodestar fee is reached, there should be adjustments based on results obtained.").  Where, as here, the result reflects a limited or partial success "then the lodestar must be reduced to an amount that is not excessive."  Norman, 836 F.2d 1302 (*citing* Hensley, 461 U.S. 436-37, 103 S.Ct. 1941).

Variety submits, in light of the fact that Nike achieved only a "limited or partial success" at trial, that the lodestar should be significantly reduced.  Throughout the entire course of this litigation, Variety maintained that it was unaware that the accused goods were counterfeit.  At the status conference on March 7, 2003, Nike *conceded* that Variety had not intentionally or willfully trafficked in counterfeit goods.  Blackburn Aff. ¶17.  Notwithstanding, Nike took the position that Variety had been "willfully blind" to the counterfeit nature of the accused goods.  At least as early as May 29, 2002 Variety offered to pay Nike its net profit associated with sale of the accused goods. Id. at ¶20.  However, Nike insisted that the gross profits figure be used, *i.e.*, $1,347,883.50.  Id.  Nike was so fixated on its willful blindness position that it would not even consider any settlement offer that did not at least double Variety's gross profits associated with the sale of the accused goods plus attorneys' fees.  For example, during settlement negotiations on May 20, 2003, Variety's President offered to settle the lawsuit for one times profits "whatever that number might be." Id. at ¶19.  Nike

19

refused to accept anything less than $3,000,000 (two times profits plus attorney fees of $400,000).[5]
Id.

After a full trial on the merits, this Court determined the accused goods were indeed counterfeit and awarded Nike $1,350,392, representing Variety's gross profits on the Accused Goods. Order at 51. However, this Court also found that Variety had *not* been willfully blind to trafficking in counterfeit goods. Order at 42. The Court credited Blackburn's testimony that if Nike had provided Variety with the information necessary to discern genuine product from counterfeit product, Variety would have used that information in its own authentication process. Order at 42. The Court concluded its willful blindness analysis by stating: "Variety consciously took many steps to ensure that the Nike products that it bought were genuine. While Variety ultimately failed in this endeavor, such failure was caused by negligence, perhaps gross negligence, but not by willful blindness." Order at 42.

In light of these facts, it was objectively unreasonable for Nike to refuse to negotiate any potential settlement that did not take into account a willful blindness multiplier. The lodestar should be significantly reduced because Nike failed to prevail on the very issue which forced the case away from the settlement table and into the courtroom.

### III. Expenses are not Costs

"Costs" is a term of art in federal litigation. The term has a very specific meaning, and that meaning does not include all litigation expenses. Expenses are not "costs." As the United States

---

[5] Even though Variety's initial settlement offer of $219, 669.21 was approximately $1.1 million dollars less than Nike's award of $1,350,392.00, Nike's lowest and final settlement demand of $3 million dollars was approximately $1.7 million *more* than its award at trial. Variety's settlement offer was much closer to the mark.

District Court for the Northern District of Georgia observed in <u>Goodwall</u>, the Federal Rules of Civil Procedure do not grant district courts"unrestrained discretion to tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case." <u>Goodwall</u>, 824 F.Supp 1061 (*quoting* Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964)). Rather, the United States Supreme Court's decisions in <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed. 2d 385 (1987), and <u>West Virginia Univ. Hosp's, Inc. v. Casey</u>, 499 U.S. 83, 11 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991), make plain that, absent express statutory authority, the only recoverable "costs" a district court may award are those enumerated in 28 U.S.C. §1920. <u>Goodwall</u>, 824 F.Supp. 1061 ("After <u>Crawford</u> and <u>Casey</u>, in order for a claimed expense to be reimbursed, the expense must be encompassed by §1920 or some other specific statute.") (*citing* <u>Fulton Federal Savings & Loan Association of Atlanta v. American Insur. Co.</u>, 143 F.R.D. 292, 295 (N.D.Ga. 1991)).

Nike asserts it is entitled to recover $96,496.23 in expenses. Nike Fee Petition at 1. However, this Court's order expressly states that "pursuant to 1117(a), Nike is entitled to recover its costs associated with this action." Order at 50. The "costs" recoverable pursuant to 15 U.S.C. §1117(a) are those costs specifically enumerated in 28 U.S.C. §1920. J. Thomas McCarthy McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §30:107 (6/2002). *See also*, <u>Goodwall</u>, 824 F.Supp1063 ("Absent explicit statutory authorization federal courts are limited to the express provisions of §1920 permitting the taxing of costs.") (*citing* <u>Crawford</u>, 482 U.S 445, 107 S.Ct. 2499). The "costs" statute, 28 U.S.C. §1920, provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> 1.    Fees of the clerk and marshal;
> 2.    Fees of the court reporter for all or any part of the

> stenographic transcript necessarily obtained for use in
> the case;
> 3.    Fees and disbursements for printing and witnesses;
> 4.    Fees for exemplification and copies of papers
> necessarily obtained for use in the case;
> 5.    Docket fees under section 1923 of this title;
> 6.    Compensation of court appointed experts,
> compensation of interpreters, and salaries, fees,
> expenses, and costs of special interpretation services
> under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. §1920; Goodwall, 824 F.Supp.1062. Thus, to the extent Nike's fee petition seeks to recover expenses not enumerated in 28 U.S.C. §1920, it must be denied.

Nike has submitted, as Exhibit D to its fee petition, a spreadsheet which divides into ten different categories the various litigation expenses incurred by the Gursky Firm throughout the course of this litigation. Nike Fee Petition at 19. There is not even a colorable argument that the vast majority of expenses claimed by Nike are recoverable "costs" pursuant 28 U.S.C. §1920, and Nike makes no such argument. Of Nike's claim, $82,850.25 in "costs and disbursements" is attributed to expenses clearly not recoverable as costs under Title 28. Specifically, Nike claims Westlaw, Lexis and PACER fees in the amount of $8,627.45. Westlaw, Lexis and PACER fees are not recoverable costs under §1920 and must therefore be denied. Nike claims $1,897.80 for Mailing/Courier expenses. Mailing and courier expenses are not recoverable costs under §1920 and must therefore be denied. Nike claims phone and fax charges of $987.11. Phone and fax charges are not recoverable costs under §1920 and must therefore be denied. Nike claims travel costs of $12,985.95. Travel costs are not recoverable costs under §1920 and must therefore be denied. Inexplicably, rather than conducting an appropriate lodestar analysis, Nike submitted as costs, the

expenses associated the services provided by Oliver, Maner & Gray, LLP, its local counsel in

Savannah. Nike claims $43,915.56 paid to Oliver, Maner & Gray, LLP as a "cost and disbursement"

associated with this lawsuit. Local counsel fees are not recoverable costs under §1920 and must

therefore be denied. Nike further claims an additional $14,436.38 for "other local counsel fees."

Again, local counsel fees are not recoverable costs under §1920 and must therefore be denied.

Nike claims $7,354.32[6] in copying costs. Some copying costs are recoverable under §1920.

However, "[t]he party seeking recovery of such costs *must show that the copies were necessary and*

*provided either to the court or the opposing party.*" Goodwall, 824 F.Supp. at 1065. (Emphasis

added). Nike has not even attempted to make such a showing. As the Northern District of Georgia

noted in Goodwall, a fee petitioner "must come forward with evidence showing the nature of the

documents copied including how they were used or intended to be used in the case. *Simply making*

*unsubstantiated claims that such documents were necessary is insufficient to permit recovery.*"

Goodwall, 8245 F.Supp at 1065. (Emphasis added).

Moreover, not all "necessary" copies qualify as recoverable costs under the statute. Again,

Goodwall is instructive:

> A prevailing party may be reimbursed for the cost of photocopying
> attributable to discovery if the charges are for "copies of pleadings,
> correspondence, and other documents tendered to the [opposing
> party]." Fressell v. AT & T Technologies, Inc., 103 F.R.D. 111, 115
> (N.D.Ga.1984). Charges for copies of exhibits and documents filed
> in support of motions, as well as copies of pleadings, memorandums
> and motions themselves, are also recoverable. Id. at 116. However,
> charges for copies of original documents possessed by the prevailing
> party are not taxable. American Key Corp. v. Cumberland Associates,

---

[6] This figure strains credulity. Even at a charge of $0.25 per page, this would mean Nike
made approximately 29,417 copies for a case that took less than three days to try. Laid end to
end, these papers would measure 5.1 *miles* long.

> 102 F.R.D. 496, 499 (N.D.Ga.1984). Charges for extra copies and for
> documents prepared for convenience, preparation, research, or for the
> records of counsel are not taxable. Fressell, 103 F.R.D. at 116.

Goodwall, 824 F.Supp at 1065 (*quoting* Fulton Federal Savings and Loan Association of Atlanta v.

American Ins. v. American Insur. Co., 143 F.R.D. 292, 300 (N.D.Ga. 1991)).

Nike has offered no evidence that the copies for which it seeks reimbursement were

discovery materials produced to Variety. Nor has Nike produced any evidence showing the nature

of the documents copied, including how they were used or intended to be used. The relevant caselaw

makes plain that an unsubstantiated claim of copying costs will not support an award under 28

U.S.C. §1920. Goodwall, 824F. Supp. at 1065 ("Without appropriate record evidence, the court may

disallow such costs."). In light of its failure to present anything more than an unsubstantiated claim

of entitlement, Nike's petition for copying costs must be denied.

### Conclusion

Variety requests the Court enter an Order designating Variety as the prevailing party on the

issue of Nike's breach of the Settlement Agreement, willful blindness and res judicata; and provide

Variety with an opportunity to submit an appropriate attorneys' fee petition.

Variety requests an offset of $80,000.00 representing the dollar figure paid by Variety to

settle Nike I.

Variety further requests the Court deny Nike's attorney fee petition in its entirety for at least

the following reasons. First, Nike's fee petition makes no effort to demonstrate that hourly rates at

which it seeks to be compensated are concomitant with the prevailing market rates. Second, Nike's

fee petition, while voluminous, makes no effort to distinguish between hours expended on successful

and unsuccessful claims. Third, Nike's fee petition includes a request for more than $96,000.00 in

24

litigation expenses and does not document actual recoverable costs.

For these reasons, and the additional arguments presented above, Variety requests the Court deny Nike's attorneys' fee petition in its entirety.

Respectfully submitted,

INGLESBY, FALLIGANT, HORNE,
COURINGTON & CHISHOLM, P.C.

Glen M. Darbyshire
(Georgia Bar No. 205210)
Rob Kelly
(Georgia Bar No. 413059)
Post Office Box 1368
Savannah, GA 31402-0286
Phone: (912) 232-7000
Fax:    (912) 238-0286

ADAMS EVANS, P.A.
W. Thad Adams, III
(N.C. Bar No. 00020)
Matthew J. Ladenheim
(N.C. Bar No. 29309)
2180 Two Wachovia Center
301 South Tryon Street
Charlotte, NC 28282
Phone: (704) 375-9249
Fax:    (704) 375-0729

25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV 402-182 |
| | ) | |
| VARIETY WHOLESALERS, INC. | ) | |
| d/b/a ROSE'S STORES, INC., | ) | |
| | ) | |
| Defendant | ) | |

AFFIDAVIT OF G. TEMPLETON BLACKBURN, II IN OPPOSITION TO
PLAINTIFF'S SPECIAL MOTION FOR ATTORNEYS FEES AND EXPENSES

G. TEMPLETON BLACKBURN, II, being first duly sworn upon his oath, affirms and says:

1.    I am Senior Vice President, General Counsel of Variety Wholesalers, Inc. and of its wholly owned subsidiary Variety Stores, Inc. (f/k/a Rose's Stores, Inc.). I offer this affidavit in opposition to Plaintiff's Special Motion for Attorneys Fees and Expenses herein, to show that all attorneys fees incurred by plaintiff from and after May 30, 2002, were incurred by Plaintiff because it refused to discuss or consider any settlement of this matter except on the basis of trebling of gross profits; that such trebling is appropriate only in cases of willful counterfeiting or willful blindness as to such counterfeiting; that Plaintiff had no basis in law or in fact for such a claim and did not prevail as to such claim in this action; and that Plaintiff should therefore recover no attorneys fees incurred from and after May 30, 2002. This affidavit also sets forth the results of my review of the invoices submitted by Nike's attorneys herein.

## Variety's Settlement Efforts

2.   I was initially contacted in this matter on November 16, 2001 by Martin Feinberg of the law firm of Gursky & Ederer (the "Gursky Firm") who stated to me that Nike had found counterfeit Nike goods being sold in Roses stores; that this was a breach of the February 28, 2001 Settlement Agreement between Nike and Variety; and that Nike could now proceed to obtain a permanent injunction and to recover three times the amount of Variety's profits or statutory damages. He requested that I advise him when Variety expected to remove the accused merchandise from store shelves. I advised him that I would investigate the issues he had raised and respond to him promptly.

3.   On November 20, 2001, I sent a letter to Feinberg advising him that written instructions had been sent to the stores to remove the accused merchandise from sale, the vendors had been contacted, and I was obtaining sales data, on-hand counts and other information in the event it was subsequently determined that the accused goods were not in fact authentic.

4.   On November 27, 2001, Feinberg called me and advised the accused goods which I had sent to him had been examined by Nike and Nike determined they were counterfeit. We discussed the issue of how to satisfy Variety that the goods were in fact counterfeit despite the fact that the determination is made on the basis of trade secret information, and how to proceed with settlement of the matter if the counterfeit determination issue were resolved.

5.   In subsequent discussions with Feinberg, it was agreed that (i) Variety would furnish information about Nike goods purchased from the accused vendors; (ii) Variety would withdraw from sale all SKUs accused by Nike; and (iii) the parties would then seek to settle the claim based on the information voluntarily disclosed by Variety to Nike.

-2-

6.   The foregoing process was followed.

7.   By letter dated April 29, 2002, Feinberg notified me that his calculation of the profit made by Variety on the accused merchandise was $1,347,883.50 and stated a settlement demand of three times that amount, in the total amount of $4,043,650.50.

8.   After receiving this letter, Variety consulted outside counsel on the technical aspects and legal expense of obtaining a detailed proof of whether the accused goods are in fact counterfeit. After obtaining this information, Variety made a request to the Gursky Firm that a meeting be held in New York to negotiate a settlement of the claim.  This was arranged to take place on May 31, 2002.

9.   On May 29, 2002 Variety sent its initial counter-offer of settlement to the Gursky Firm in the amount of Variety's actual net profit on the accused merchandise after deduction for store level expenses which amounted to $219,669.21.

10.   After receiving and reviewing Variety's initial counter-offer, Feinberg called Variety's counsel on May 30, 2002 and cancelled the settlement conference on the basis that the amount of Variety's initial offer showed that settlement discussions would not be productive.

11.   Nike thereafter filed the present action against Variety and incurred the legal fees and expenses of the present action despite Variety's active pursuit of reasonable voluntary resolution of Nike's claim.

12.   On September 16, 2003, acting on instructions from Variety, Variety's local counsel advised Nike's local counsel that Variety was still interested in pursuing settlement of the claim, including referral to mediation as provided in the "Bill of Rights" response filings under local rules

-3-

of court, and specifically advised Nike's local counsel that Variety was willing to increase its initial settlement offer. He requested that Nike's local counsel discuss this with the Gursky Firm.

13.   On October 2, 2003, Variety's local counsel advised me that Nike's local counsel had been advised that Nike had no interest in mediation, whether court supervised or otherwise.

14.   Subsequent discussions between the parties' lead counsel resulted in scheduling a settlement conference in New York on the date of the deposition of David Simpson on December 4, 2002. Weather conditions required Variety's representatives to leave immediately following Simpson's deposition so that settlement discussions were deferred.

15.   By letter dated December 19, 2002, Thad Adams advised Nike attorney Martin Feinberg of the basis for Variety's initial settlement offer of one times net profits and for its position that Nike was not entitled to trebled profits. He requested Nike's basis for the trebled demand and stated that "...Variety remains ready to proceed immediately with realistic settlement discussions and to resolve this matter before year's end."

16.   By letter dated January 8, 2003, Nike attorney Michael Pantalony advised Adams that: "We have not seen stronger case of willfulness since Hilfiger's contempt proceedings in 1998 against Wal-Mart in Tommy Hilfiger et al. v. Wholesale Club et al. , 94 Civ 5644 (S.D.N.Y.).... In light of the stance you have taken in your December 19 letter, there is no merit in pursuing any further settlement discussions unless Variety substantially changes its current settlement position."

17.   At the status conference on March 7, 2003, after Nike had completed taking the depositions of Variety's personnel, Nike's counsel acknowledged to the court that there was no basis for concluding that Variety had knowingly engaged in the sale of counterfeit merchandise, Nike's counsel nonetheless advised the court that Nike would never move from its position that Nike was

-4-

entitled to recover statutory damages or trebled profits. Nike's counsel then requested an extension of discovery time so that Nike could pursue further depositions and discovery initiatives. Variety's counsel advised the court that Nike's insistence on damages for willful counterfeiting was still the principal impediment to settlement of the claim.

18.    By letter dated May 15, 2003, from Variety attorney Thad Adams to Nike attorney Michael Pantalony, after both parties filed motions for summary judgment, Variety set forth its current assessment of the case and requested further settlement discussions.

19.    A settlement conference call between the parties was subsequently held on May 20, 2003. Variety's President, Art Pope, offered to agree to settle the claim for one times profits "whatever that number might be." Nike rejected this approach and in response to Mr. Pope's request for Nike's current settlement demand, Nike attorney Louis Ederer stated a demand of two times profits (amounting to over $2.6 million) plus attorneys fees of $400,000.

20.    Variety's management has been willing to pay Nike its profits on the accused goods since at least May 29, 2002 and to negotiate that amount between the actual net profit of $219,669.21 and Nike's calculation of the profit in the amount of $1,347,883.50 but was never able to engage Nike in a discussion for settlement on this basis, despite repeated attempts to do so as set forth above.

### Review of Gursky Firm Invoices

21.    I have personally reviewed all the invoices of the Gursky Firm submitted in support of Plaintiff's Special Motion for Attorneys Fees and Expenses.

22.    I have redlined all entries which in my understanding relate to (i) issues on which Nike did not prevail in this action, and (ii) matters which are not reasonably related to issues on which Nike prevailed in this action.

23.    A copy of the redlined invoices is attached hereto.

24.    The redlined matters are summarized as follows::

1.    Factory 2U status - These entries do not relate to any party or claim in this lawsuit.

2.    Nike's pursuit of claims against suppliers to Variety- These entries do not relate to any party or claim in this lawsuit.

3.    Jade Apparel vs. Variety - These entries do not relate to any party claim in this lawsuit.

4.    Settlement Conference Cancelled by Nike

5.    Nike's revival of claims from Nike I and calculation of profits from Nike I merchandise - These entries relate to the res judicata defense upon which Variety prevailed.

6.    Nike's Motion for Sanctions on Variety Motion to Dismiss - Nike did not succeed on its sanctions motion.

7.    Willful Blindness - Variety prevailed on the issue of willful blindness.

a.    Depositions of Ortiz and Flores - The Court declined to draw any adverse inference against Variety based on these depositions.

-6-

b.   Adverse inferences from Fifth Amendment Pleas - The Court declined to drawn any adverse inference from Fifth Amendment Pleas.

c.   Depositions (and summaries of depositions; and designating sections of depositions; and preparation of digests of depositions) of Blackburn, Faucher, Tamborini, Hamm, Brown and Bellino - These depositions relate to the issue of willful blindness upon which Variety prevailed.

d.   Billy Farmer and connection with Carolina Apparel - These entries do not relate to any party or claim in this lawsuit.

e.   Subpoenae for STX and Greenwald - Neither STX nor Greenwald gave any testimony on this case, deposition or otherwise.

f.   Nike's opposition to Variety's Motion for Summary Judgment on the Willful Blindness issue - While Variety did not prevail on summary judgment, it did ultimately prevail on that issue at trial.

g.   Prior lawsuits as evidence of willful blindness - Variety prevailed on the issue of willful blindness.

h.   Legal research on willful blindness - Variety prevailed on the issue of willful blindness.

    i.      Cross examination of Blackburn (1.5 day of trial) - This testimony related to the issue of willful blindness upon which Variety prevailed.

    j.      Nike's preparation of timeline - This entry doe not appear to relate to this lawsuit.

    k.      Nike's preparation of post-trial brief - This entry relates to the issue of willful blindness upon which Variety prevailed.

    l.      Nike's preparation and opposition to Variety's Motion to Strike - This related to the issue of willful blindness upon which Variety prevailed.

8.      Nike's Motion for Summary Judgment on issue of Willful Blindness - Nike did not succeed on its summary judgment motion.

9.      Variety's Motion for Protective Order.

10.      Nike's Motion in Limine and for Sanctions - Nike did not succeed on either motion.

11.      Hilfiger Licensing v. Wal-Mart - These entries do not relate to any party or claim in this lawsuit.

12.      Undisclosed Nike vendors and goods from Nike I - These entries relate to the issue of res judicata upon which Variety prevailed.

13.      Prior settlement agreements with Hilfiger and Polo - These entries do not relate to any issue in this lawsuit.

14.    Settlement conferences - As a result of Nike's refusal to participate in meaningful settlement discussions, these conferences provided no realistic settlement opportunities.

15.    Res judicata issue - Variety prevailed on the issue of res judicata.

25.    The redlined entries include entries for which the total hours shown were spent on such redlined matters and entries for which only part of the hours shown were spent on redlined matters.

### Variety's Legal Fees

26.    The total of legal fees and expenses invoiced to and/or paid by Variety to date with respect to this action are as follows: $236,969.39 to Adams Evans P.A.; $31,570.70 to Inglesby Falligant Horne Courington & Chisolm; $3,386.01 to Ainsa Hutson LLP; and $27,903.23 to Venable Baetjer Howard & Civiletti LLP. The total amount paid to date is $299,829.33.

I DECLARE UNDER PENALTY OF PERJURY THAT, TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, THE FOREGOING IS TRUE AND CORRECT. EXECUTED IN HENDERSON, NORTH CAROLINA ON AUGUST 14, 2003.

G. TEMPLETON BLACKBURN, II

 *Redlined*

JESKY & EDERER, LLP
50 BROADWAY
1 FLOOR
NEW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

January 01, 2002

Nike, Inc.
One Bowerman Drive
Beaverton OR 97005-6453
Mr. Dave Simpson

November 01, 2001 through November 30, 2001
Invoice #13331207

For Professional Services Rendered:

|  | Hours | Amount |
|---|---|---|

REDACTED

ike, Inc.
voice # 13331207

|  | Hours | Amount |
|--|-------|--------|

REDACTED

LT Variety (99-193)

| | | | Hours | Amount |
|--|--|--|-------|--------|
| 1/14/2001 | NBF | Prepared cease and desist letter to Variety re: breach of its settlement agreement | 0.50 | |
| 1/16/2001 | MJF | Conference with N. Friedman re: Rose's Stores case status and proposed course of action; telephone conversation with T. Blackburn re: same; reviewed and revised letter re: same | 0.50 | |
| 1/29/2001 | MJF | Telephone conversation with D. Simpson re: Rose's socks and Factory 2U status; conference with N. Friedman re: follow-up | 0.25 | |
| | | SubTotal: | [    1.25 | 343.75] |



GURSKY & EDERER, LLP
50 BROADWAY
TH FLOOR
W YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

November 30, 2001

like, Inc.
One Bowerman Drive
Beaverton OR 97005-6453
Mr. Dave Simpson

October 01, 2001 through October 31, 2001
Invoice #13331005

For Professional Services Rendered:

| | Hours | Amount |
| --- | --- | --- |

REDACTED

JURSKI & LUBSKA
ATTORNEYS AT LAW

Nike, Inc.
Invoice # 13331005

| | Amount |
|---|---|

REDACTED

LT Variety (99-193)

| 10/8/2001 Long Distance Phone Charges | 30.16 |
|---|---|
| SubTotal: | [   30.16] |

REDACTED



ATTORNEYS AT LAW

...KY & EDERER, LLP
...BROADWAY
   FLOOR
...YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

January 31, 2002

...ke, Inc.
...e Bowerman Drive
...averton OR 97005-6453
... Dave Simpson

December 01, 2001 through December 31, 2001
Invoice #13331212

For Professional Services Rendered:

Hours    Amount



GURSKY & EDERER
ATTORNEYS AT LAW

Nike, Inc.
Invoice # 13331212

|  | Hours | Amount |
|--|-------|--------|

REDACTED

<u>LT Variety (99-193)</u>

| Date | | Description | Hours |
|------|--|-------------|-------|
| 12/4/2001 | MJF | Telephone conversation with T. Blackman re: settlement negotiations | 0.25 |
| 12/10/2001 | MJF | Telephone conversation with T. Blackburn re: status of sampling of inventory | 0.25 |

URSKY & EDERER
:TORNEYS AT LAW

Jike, Inc.
nvoice # 13331212

| | | | Hours | Amount |
|---|---|---|---|---|
| 12/12/2001 | GC | Logged and tagged Evidence re: Variety wholesale | 1.00 | |
| | MJF | Reviewed T. Blackburn letter; conference with N. Friedman re: proposed course of action; reviewed evidence re: same; (2) telephone conversation with L. Cabert re: same; telephone conversation with D. Simpson re: same | 0.75 | |
| | NBF | Reviewed correspondence, evidence and inventory reports re: Rose's; conference with M. Feinberg re: same; prepared letter to D. Simpson re: same (NIKE-AC-99-193B) | 0.25 | |
| 12/14/2001 | CA | Conference with M. Feinberg re: Rose's/Variety evidence; processed and photographed evidence re: Rose's/Variety | 4.75 | |
| | MJF | Prepared letter to T. Blackburn re: identification of further counterfeit goods at Rose's and Variety; conference with C. Abbate re: review of evidence | 0.50 | |
| 12/18/2001 | MJF | Telephone conversation with T. Blackburn re: further product identifications and counterfeits | 0.25 | |
| | NBF | Conference with M. Feinberg re: examination of Nike samples from Rose's; prepared email to client ; prepared letter to T. Blackburn re: same; Telephone conference call with M. Feinberg and T. Blackburn re: same; prepared final revisions re: letter for same (NIKE-AC-99-193B) | 1.50 | |
| 2/19/2001 | GC | Photographed evidence re: Roses | 0.25 | |
| 2/27/2001 | NBF | Reviewed merchandise examination forms and transactional documents provided by Rose's/Variety re: proposed course of action for its suppliers (NIKE-AC-99-193B) | 0.50 | |
| | | SubTotal: | [ 10.25 | 1,550.00] |

REDACTED

URSKY & EDERER
TORNEYS AT LAW

like, Inc.
nvoice # 13331212

REDACTED

LT Variety (99-193)

| 2/14/2001 | Photocopy charges | 0.75 |
|-----------|-------------------|------|
|           | Fax Charges       | 3.00 |
|           | SubTotal:         | [    3.75] |



ATTORNEYS AT LAW

JESKY & EDERER, LLP
550 BROADWAY
TH FLOOR
EW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

February 28, 2002

Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Attn: Mr. Dave Simpson

January 1, 2001 through January 31, 2002
Invoice #  100248

For Professional Services Rendered:

Hours        Amount



URSKY & EDERER
TTOENEYS AT LAW

REDACTED

11630008   LT Varietv 99-193

| | | | | |
|---|---|---|---|---|
| /4/02 | NBF | Telephone conversation with T. Blackburn re: production of transactional documents and additional samples re: Rose's/Variety | 0.25 | 50.00 |
| /10/02 | NBF | Telephone conversation with T. Blackburn re: production of transactional documents re: Rose's/Variety (NIKE-AC-99-193B) | 0.25 | 50.00 |
| /11/02 | NBF | Telephone conversation with T. Blackburn re: Variety/Rose's store and production of additional samples and additional documents (NIKE-AC-99-193B) | 0.25 | 50.00 |
| /14/02 | NBF | Reviewed transactional documents received from Variety Wholesalers; prepared analysis of same | 1.75 | 350.00 |
| /15/02 | NBF | Reviewed additional correspondence and documents received from Variety; telephone conversation with P. Harlow re: production of Variety/Rose's analysis; prepared analysis of documents produced | 1.75 | 350.00 |
| /16/02 | NBF | Prepared analysis of transactional records for Variety stores | 2.25 | 450.00 |
| /17/02 | MJF | Reviewed Variety documents; conference N. Friedman and J. Gallo re: analysis of same | 0.50 | 162.50 |
| | NBF | Conference with M. Feinberg re: documents produced by Variety stores and analysis of same; telephone conversation with P. Harlow re: documents produced re: Rose's | 0.75 | 150.00 |
| | JG | Conference with M. Feinberg and N. Friedman re: documents produced by Variety/Roses; reviewed same and prepared summary | 6.25 | 718.75 |
| '18/02 | JG | Continued document review and summary preparation | 2.00 | 230.00 |
| '19/02 | JG | Continued document review and prepared summaries re: same | 3.00 | 345.00 |
| '23/02 | MJF | reviewed and revised Variety/Roses purchase and sale summaries; conference with N. Friedman re: same | 0.25 | 61.25 |

RSKY & EDERER
TORNEYS AT LAW

2 /28/   nvoice # 100248

| | | | | |
|---|---|---|---|---|
| | NBF | Reviewed transactional reports re: Rose's Stores; conference with M. Feinberg re: same | 0.25 | 50.00 |
| 5/02 | NBF | Revised transactional document summary re: Rose's | 0.25 | 50.00 |
| 9/02 | NBF | Telephone conversation with P. Harlow re: production of additional samples for Rose's/Variety stores and status for same | 0.25 | 50.00 |
| 0/02 | NBF | Telephone conversation with T. Blackburn re: production of additional samples and status of remaining inventories; conference with M. Feinberg re: same | 0.25 | 50.00 |

Matter Total:   20.25   $ 3,187.50



GURSKY & EDERER
ATTORNEYS AT LAW

2 /28/02 Invoice # 100248

REDACTED

11630008  LT Varietv 99-193

Photocopy Charges(e)                                              269.00
1/25/02  (JG)                          Big Apple Car              84.15
                                                            -------------
                                       Matter Total:         $ 353.15



URSRY & EDERER, LLP
550 BROADWAY
1TH FLOOR
NEW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

March 31, 2002

Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-5453

Attn: Mr. Dave Simpson

February 1, 2002 through February 28, 2002
Invoice #100431

For Professional Services Rendered:

|  | Hours | Amount |
|---|---|---|



GURSKY & EDERER
ATTORNEYS AT LAW

3 /31/02  Invoice # 100431

REDACTED

11630008   LT Variety 99-193

| | | | | |
|---|---|---|---|---|
| 2/1/2002 | NBF | Reviewed correspondence and new samples provided by Variety/Rose's; updated analysis of transactions for same | 1.50 | 300.00 |
| | GC | Logged; tagged, photographed and processed evidence re: Roses/Variety and prepared merchandise examination forms re: same | 2.75 | 206.25 |
| 2/5/2002 | NBF | Conference with M. Feinberg re: Variety/Rose's; prepared email to L. Colbert re: same; reviewed transactional documents and evidence received to pursue Variety/Rose's suppliers; reviewed past investigations re: STX International; prepared email to client re: same | 1.75 | 350.00 |

GURSKY & EDERER
ATTORNEYS AT LAW                                    3 /31/02  Invoice # 100431

| | | | | |
|---|---|---|---|---|
| | NBF | Telephone conversation with V. Buckner re: STX investigation, and evidence for same | 0.25 | 50.00 |
| 2/7/2002 | NBF | Reviewed evidence re: suppliers to Variety/Rose's stores; conference with C. Abbate re: same; reviewed and revised cease and desist letters to Jade Apparel, Red Tag, The TAG Group, STX International and Carlen Enterprises; conference M. Feinberg re: styles and SKUs for same | 0.75 | 150.00 |
| 2/21/2002 | NBF | Researched new addresses for the suppliers of Rose's/Variety for the service of cease and desist letters | 0.25 | 50.00 |
| 2/22/2002 | NBF | Telephone conversation with M. Drake re: TAG The Apparel Group and conducting source information for same | 0.25 | 50.00 |
| 2/25/2002 | NBF | Telephone conversation with J. Lee re: Carlen Enterprises and its compliance with our cease and desist demands | 0.25 | 50.00 |

<div align="right">

Matter Total:    7.75    $ 1,206.25

</div>



GURSKY & EDERER
ATTORNEYS AT LAW

3/31/02  Invoice # 100431



11530008   LT Variety 99-193

Photocopy Charges(e)                                                    0.50

3 /3    2\Invoice # 100431

GURSKY & EDERER
ATTORNEYS AT LAW
2/18/02    2/1/02

FedEx                                                            53.28
                                                          --------------
                                        Matter Total:        $ 53.78

REDACTED



**GURSKY & EDERER**

A T T O R N E Y S   A T   L A W

RSKY & EDERER, LLP
O BROADWAY
H FLOOR
W YORK, NEW YORK 10018

TEL: (212) 904-12:4
FAX: (212) 967-4465
FED. ID # 13-4156753

April 30, 2002

ike, Inc.
ne Bowerman Drive
eaverton, OR 97005-6453

ttn: Mr. Dave Simpson

March 1, 2002 through March 31, 2002
Invoice #100641

For Professional Services Rendered:

|  | Hours | Amount |
|---|---|---|



URSKY & EDERER
TTORNEYS AT LAW

4 /30/02  Invoice # 100641

REDACTED

11630008   LT Variety 99-193

| '4/2002 | MJF | Telephone conversation with T. Blackburn and N. Friedman re: outstanding settlement issues (Nike#AC-99-193B) | 0.25 | 81.25 |
|---|---|---|---|---|
| | NBF | Prepared documents for settlement negotiations re: Variety/Rose's; conference with M. Feinberg re: same; telephone conference with M. Feinberg and T. Blackburn re: same; telephone conversation with J. Allevas re: Jade Apparel | 0.75 | 150.00 |
| '13/2002 | NBF | Prepared letter to S. Schmidt of STX International re: production of additional documents and evidence re: Rose's | 0.50 | 100.00 |
| | DJ | Internet, Dun & Bradstreet and Westlaw research re: SamCo International and Sam Brown | 0.50 | 42.50 |
| 14/2002 | NBF | Reviewed and revised cease and desist letter to Courtside | 0.25 | 50.00 |
| 16/2002 | MJF | Telephone conversation with D. Simpson re: status of Variety negotiations and Camper's World inspections at World Vision (Shared Cost 1/2 of .25 Hours - Camper's World and Variety#99-193) | 0.13 | 42.25 |
| 18/2002 | NBF | Telephone conversation with R. Safran re: Courtside and its compliance with our cease and desist letter | 0.25 | 50.00 |
| 19/2002 | NBF | Prepared letter to J. Olivas re: Jade Apparel; prepared profit analysis re: STX International | 0.75 | 150.00 |
| 25/2002 | MJF | Telephone conversation with T. Blackburn re: Roses and Variety consolidation of inventory | 0.25 | 81.25 |
| | NBF | Prepared letter to J. Lee re: Carlen Enterprises and its production of its transactional documents | 0.50 | 100.00 |
| 26/2002 | MJF | Conference with N. Friedman re: Courtside settlement status | 0.25 | 81.25 |

URSKY & EDERER
TORNEYS AT LAW

4 /30/02  Invoice # 100641

| | | | |
|---|---|---|---|
| NBF | Reviewed correspondence re: Courtside and reviewed correspondence re: STX International; conference with M. Feinberg re: same; (2) telephone conversation with R. Safia re: production of additional documents re: Courtside; conducted review of produced documents; prepared letter to client re: same | 2.25 | 450.00 |
| | Matter Total: | 6.63 | $ 1,378.50 |

REDACTED

URSKY & EDERER
ATTORNEYS AT LAW

4 /30/02  Invoice # 100641

REDACTED

11630008   LT Variety 99-193

Photocopy Charges(e)                                              42.75
                                                          ------------
                                    Matter Total:           $ 42.75





ATTORNEYS AT LAW

GURSKY & EDERER, LLP
350 BROADWAY
11TH FLOOR
NEW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

June 15, 2002

Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Attn: Mr. Dave Simpson

April 1, 2002 through April 30, 2002
Invoice #100997

For Professional Services Rendered:

|  | Hours | Amount |
|---|---|---|



REDACTED

11630008   LT Variety 99-193

| | | | | |
|---|---|---|---|---|
| 4/1/2002 | NBF | Telephone conversation with J. Lee re: Carlen Enterprises and its compliance with our document demands; reviewed correspondence from T. Blackburn and Rose's new inventory reports; conference with M. Feinberg re: same | 0.75 | 150.00 |
| 4/2/2002 | MJF | Conference with N. Friedman re: Courtside and STX settlement negotiations and proposed course of action | 0.50 | 162.50 |
| | NBF | Conference with M. Feinberg re: review of transactional documents re: Courtside, STX International and proposed course of action re: same | 0.50 | 100.00 |
| 4/8/2002 | MJF | Conference with J. Gallo re: Rose's profit analysis | 0.25 | 81.25 |
| | NBF | Conference with J. Gallo re: summary analysis re: Courtside, Rose's and Variety stores | 0.25 | 50.00 |
| | JG | Reviewed revised spreadsheet produced by T. Blackburn and revised Gursky & Ederer summary sheets re: Rose's profits; conference with M. Feinberg re: same | 4.00 | 460.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| /9/2002 | MJF | (2) Conferences with J. Gallo re: review of Variety documents; reviewed same; further review of Variety and Roses documents; conference with S. Gursky re: same | 2.25 | 731.25 |
| | SRG | Conference with M. Feinberg re: status | 0.25 | 93.75 |
| | NBF | Conference with M. Feinberg and J. Gallo re: document analysis in preparation of settlement negotiations re: Variety/Rose's | 0.25 | 50.00 |
| | JG | Conference with M. Feinberg re: Rose's and Variety's Profits; revised charts re: same | 1.25 | 143.75 |
| /10/2002 | MJF | Conference with S. Gursky re: Variety settlement negotiations; telephone conversation with T. Blackburn re: outstanding Variety inventory issues | 0.50 | 162.50 |
| | SRG | Conference with M. Feinberg re: settlement | 0.25 | 93.75 |
| /18/2002 | MJF | Telephone conversation with T. Blackburn re: finalization of Variety inventory numbers | 0.25 | 81.25 |
| | NBF | Telephone conversation with R. Safia re: production of additional transactional documents re: Courtside; prepared letter to R. Safia re: same | 0.75 | 150.00 |
| | JG | Reviewed documents produced from Courtside and prepared summary of Courtside purchases from STX International and sales to Roses; compared against documents produced by Rose's | 2.50 | 287.50 |
| /19/2002 | MJF | Telephone conversation with T. Blackburn re: Variety inventory status and preliminary settlement discussions | 0.25 | 81.25 |
| /22/2002 | MJF | Reviewed latest Variety correspondence; conference with N. Friedman and J. Gallo re: analysis of same | 0.25 | 81.25 |
| | NBF | Conference with M. Feinberg and J. Gallo re: correspondence received from T. Blackburn and profit analysis re: same | 0.25 | 50.00 |
| /23/2002 | MJF | Conference with J. Gallo re: Variety document review | 0.50 | 162.50 |
| | JG | Reviewed summary charts produced by Variety and compared against summary prepared by N. Friedman and previous spreadsheets; conference with M. Feinberg re: same | 2.00 | 230.00 |
| /24/2002 | LSE | Conferences with M. Feinberg re: status | 0.25 | 93.75 |
| | MJF | Conferences with J. Gallo re: Variety document review; telephone conversation with M. Heitin re: industry shrinkage standard; (2) conferences with L. Ederer re: sales calculations; telephone conversation with T. Blackburn re: settlement | 2.00 | 650.00 |
| | JG | Conference with M. Feinberg re: summaries reflecting profits, sales and shrinkage; reviewed and revised summaries to reflect 4% shrinkage, adjusted units sold according to shrinkage difference and adjusted gross profits re: same | 5.25 | 603.75 |

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 4/26/2002 | LSE | Conference with M. Feinberg re: status | 0.25 | 93.75 |
| | MJF | Conference with J. Gallo re: further analysis of Variety documents; conference with L. Ederer re: same | 1.50 | 487.50 |
| | JG | Conference with M. Feinberg re: Rose's and Variety's purchase and sale summaries; revised summaries re: same | 1.50 | 172.50 |
| 4/29/2002 | MJF | Conference with S. Gursky re: finalizing Variety's principal terms of settlement; revised same | 0.50 | 162.50 |
| | SRG | Conference with M. Feinberg re: settlement | 0.25 | 93.75 |
| | NBF | Reviewed and revised principal terms letter re: Variety Wholesaler; telephone conversation with J. Lee re: Carlen and compliance with cease and desist demands; telephone conversation with W. Hahn re: Courtside and its production of additional transactional documents | 1.00 | 200.00 |

Matter Total:     30.25    $ 5,960.00

REDACTED

ARDRA & LDL ATTORNEYS AT LAW

11630008   LT Variety 99-193

Long Distance Phone Charges(e)                                          6.84

                                                    Matter Total:        $ 6.84

REDACTED



**GURSKY & EDERER**
A T T O R N E Y S   A T   L A W

GURSKY & EDERER, LLP
350 BROADWAY
11TH FLOOR
NEW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

June 30, 2002

Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Attn: Mr. Dave Simpson

May 1, 2002 through May 31, 2002
Invoice #101004

For Professional Services Rendered:

|  | Hours | Amount |
|---|---|---|



URSKY & EDERER
TTORNEYS AT LAW

6 /30/02 Invoice # 101004



11630008   LT Variety 99-193

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 1/2002 | MJF | Meeting with L. Ederer, J. Maltbie and H. N. Young re: research on accounting from defendant's profits; telephone conversation with T. Blackburn re: settlement negotiations | 0.50 | 162.50 |
| 3/2002 | HNY | Legal research re: cost basis accounting to offset profits | 1.00 | 200.00 |
| 5/2002 | NBF | Received correspondence re: Carlen Enterprises from J. Lee; conference with M. Feinberg re: proposed course of action re: same | 0.25 | 50.00 |
| 5/2002 | MJF | Telephone conversation with T. Blackburn re: Variety settlement negotiations; reviewed caselaw re: deductions for cost of goods sold | 1.00 | 325.00 |

GURSKY & EDERER
ATTORNEYS AT LAW

6 /30/02  Invoice # 101004

| | | | | |
|---|---|---|---|---|
| | NBF | Telephone conversation with J. Lee re: Carlen International and production of transactional documents | 0.10 | 20.00 |
| 5/13/2002 | MJF | Meeting with N. Friedman re: status of Carlen Enterprise settlement negotiations | 0.10 | 32.50 |
| | NBF | Telephone conversation with M. Kolm re: Courtside and production of additional transactional documents re: same; conference with M. Feinberg re: proposed course of action re: Variety/Roses suppliers; conducted review of same re: possible litigation | 0.75 | 150.00 |
| 5/16/2002 | MJF | Telephone conversation with D. Goewey re: Variety settlement negotiations; conference with K. Brown and D. Simpson re: same | 0.50 | 162.50 |
| | NBF | Conference with M. Feinberg re: settlement negotiations and preparation for same | 0.50 | 100.00 |
| /20/2002 | LSE | Conference with M. Feinberg re: position on settlement. | 0.50 | 187.50 |
| /21/2002 | MJF | Reviewed Variety past Settlement Agreement with Nike; conference with L. Ederer re: same | 0.50 | 162.50 |
| /23/2002 | MJF | Telephone conversation with D. Goewey re: settlement discussions; conference with L. Ederer re: same; prepared and responded to e-mail to D. Goewey re: scheduling of meeting; telephone conversation with D. Simpson re: same | 0.50 | 162.50 |
| 7/28/2002 | MJF | Reviewed Jade Apparel complaint and Variety's complaint re: Nike; conference with L. Ederer re: same | 0.50 | 162.50 |
| 7/29/2002 | LSE | Review correspondence from opposing counsel re: settlement offer; telephone conference with M. Feinberg, D. Simpson and K. Brown re: next steps and possible cancellation of settlement meeting. | 0.75 | 281.25 |
| | MJF | Reviewed Variety counterfeit response; conference call with D. Simpson, K. Brown and L. Ederer re: same; conference with L. Ederer re: proposed cause of action; conference with J. Gallo re: further Variety document analysis | 1.00 | 325.00 |
| | JG | Reviewed documents attached to Jade v. Variety complaint and compared against documents produced by Variety; compared against summary charts re: same | 1.00 | 115.00 |
| 30/2002 | LSE | Conference with M. Feinberg re: cancellation of meeting to discuss settlement. | 0.50 | 187.50 |
| | MJF | Telephone conversation with D. Goewey re: cancellation of settlement meeting ; conference with L. Ederer re: cancellation of meeting | 0.50 | 162.50 |
| 31/2002 | LSE | Review and revise letter to opposing counsel. | 0.25 | 93.75 |
| | MJF | Preparation of correspondence to D. Goewey re: cancellation of meeting | 0.25 | 81.25 |

URSKY & EDERER
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| NBF | Conference with M. Feinberg re: Variety and proposed research re: legal issues re: same | 3.50 | 700.00 |
| | Matter Total: | 14.45 | $ 3,823.75 |

REDACTED

URSKY & EDERER
TORNEYS AT LAW

6 /30.52  Invoice # 101004



11630008   LT Variety 99-193

| | | | |
|---|---|---|---|
| | Fax Charges(e) | | 2.00 |
| | Photocopy Charges(e) | | 142.50 |
| /31/02 | 801976749 | West Group | 268.55 |
| | 801976749 | West Group | 221.50 |

Matter Total:    $ 634.55





**ATTORNEYS AT LAW**

GURSKY & EDERER, LLP
1350 BROADWAY
11TH FLOOR
NEW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

July 31, 2002

Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Attn: Mr. Dave Simpson

June 1, 2002 through June 30, 2002
Invoice #102123

For Professional Services Rendered:

|  | Hours | Amount |
| --- | --- | --- |



GURSKY & EDERER
TTORNEYS AT LAW



11630008   <u>LT Variety 99-193</u>

6/2/2002      LSE      Review correspondence from opposing counsel re: settlement          0.75          281.25
                      offer; conference call with M. Feinberg, D. Simpson and K. Brown
                      re: next steps and possible cancellation of settlement meeting.

GURSKY & EDERER
ATTORNEYS AT LAW
7   02 Invoice # 102123

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| | MJF | Conference call with L. Ederer, D. Simpson and K, Brown re: settlement meeting | 0.50 | 162.50 |
| 6/3/2002 | MJF | Conference with N. Friedman re: status | 0.25 | 81.25 |
| | NBF | Conference with M. Feinberg; conducted legal research re: damages and possible deductions defendant may claim | 2.50 | 500.00 |
| 6/4/2002 | MJF | Continued and finished review of case law cited by Variety; conference with N. Friedman re: follow-up research | 2.00 | 650.00 |
| 6/5/2002 | NBF | Conference with M. Feinberg re: ongoing legal research re: damages and allowable deductions in the 11th and 5th circuits; conducted additional legal research re: same | 1.00 | 200.00 |
| 6/7/2002 | NBF | Conference with M. Feinberg re: deductions claimed by Variety; conducted additional legal research re: same | 1.25 | 250.00 |
| 6/12/2002 | MJF | Finished review of deduction case law; conference with J. Lessem re: same | 0.50 | 162.50 |
| 6/17/2002 | NBF | Reviewed and revised evidence summary re: litigation | 0.25 | 50.00 |
| | GC | Prepared chart re: Roses/Variety Inventory | 1.25 | 93.75 |
| 6/18/2002 | GC | Completion of chart re: Roses/Variety Inventory | 3.50 | 262.50 |
| 6/24/2002 | LSE | Conference with M. Pantalony re: extension of time to answer third party complaint in Texas. | 0.25 | 93.75 |
| | MP | Conference with L. Ederer re: procedural background; review documents; telephone conversation with G. Hanks re: service; telephone conversation with D. Driscoll's office re: service; exchange e-mails with G. Hanks re: which pleadings were served | 1.50 | 412.50 |
| 6/25/2002 | MP | Review correspondence from Ainsa re: pleadings | 0.25 | 68.75 |
| 6/26/2002 | MP | Prepare correspondence to Ainsa re: service of third party complaint | 0.25 | 68.75 |
| | | Matter Total: | 16.00 | $ 3,337.50 |



JURSKY & EDERER
ATTORNEYS AT LAW

7 ⌣ 02  Invoice # 102123



11630008   LT Variety 99-193

| | | | |
|---|---|---|---|
| | Long Distance Phone Charges(e) | | 6.84 |
| 6/30/02 | 802186133 | West Group | 146.83 |
| | | Matter Total: | $ 153.67 |



**GURSKY & EDERER**
A T T O R N E Y S   A T   L A W

GURSKY & EDERER, LLP
1350 BROADWAY
11TH FLOOR
NEW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753

30-09-02 P06:11 OUT

September 30, 2002

Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Attn: Mr. Dave Simpson.

July 1, 2002 through July 31, 2002
Invoice # 102469

For Professional Services Rendered:

| | Hours | Amount |
|---|---|---|

REDACTED

JURSKY & EDERER
ATTORNEYS AT LAW



11630008   LT Variety 99-193

| | | | | |
|---|---|---|---|---|
| 7/11/02 | NBF | Prepared prelitigation memorandum regarding Rose's/Variety and its suppliers Jade Apparel, Carlen Enterprises, Stx, Courtside, Tag the Apparel Group, Red Tag, Sam Co. International; conference with N. Goldstein re: evidence regarding complaint | 2.75 | 550.00 |
| 7/12/02 | NBF | Conference with M. Feinberg re: preparing settlement demands on Variety suppliers and proposed course of action re: same; prepared revisions to prelitigation memo; reviewed transactional documents re: jurisdictional possibilities; prepared email to client re: proceeding against suppliers and proposed course of action re: same | 2.00 | 400.00 |
| 7/14/02 | LSE | Revise complaint. | 0.50 | 187.50 |
| 7/15/02 | LSE | Conference with M. Feinberg re: Variety complaint revisions | 0.25 | 93.75 |
| | MJF | Conference with L. Ederer re: Variety complaint revisions; conference with N. Goldstein re: same | 0.50 | 162.50 |
| | NBF | Prepared revisions to email for D. Simpson re: settlement proposal for Variety/Rose's suppliers | 0.25 | 50.00 |
| 7/18/02 | LSE | Conference with M. Pantalony, M. Feinberg, N. Goldstein re: third party complaint, action in Georgia, motion | 0.50 | 187.50 |
| | MJF | Conference with M. Pantalony, L. Ederer, N. Goldstein re: third party complaint, action in Georgia, motion | 0.50 | 162.50 |
| | MP | Conferences with L. Ederer, M. Feinberg, N. Goldstein re: third party complaint, action in Georgia, motion | 0.50 | 137.50 |
| | NSG | Conference with M. Pantalony, M. Feinberg, and L. Ederer re: third party complaint, action in Georgia, motion | 0.50 | 125.00 |

URSKY & EDERER
TTORNEYS AT LAW

9 /30/02  Invoice #   102469

| Date | | | | | |
|---|---|---|---|---|---|
| 7/23/02 | LSE | Conferences with M. Pantalony, N. Goldstein re: motions to dismiss, failure to state a claim, subject matter jurisdiction and venue | | 0.75 | 281.25 |
| | MP | Conference with N. Goldstein re: motion to dismiss in Texas | | 0.25 | 68.75 |
| | MP | Conferences with L. Ederer, N. Goldstein re: motions to dismiss, failure to state a claim, subject matter jurisdiction and venue | | 0.75 | 206.25 |
| | NSG | Conferences with L. Ederer, M. Pantalony re: motions to dismiss, failure to state a claim, subject matter jurisdiction and venue | | 0.75 | 187.50 |
| 7/24/02 | LSE | Conference with M. Pantalony, N. Goldstein re: form selection clause and issues relating to transfer of action | | 0.50 | 187.50 |
| | MP | Conference with L. Ederer,  N. Goldstein re: form selection clause and issues relating to transfer of action | | 0.50 | 137.50 |
| | NSG | Conference with M. Pantalony, L. Ederer re: form selection clause and issues relating to transfer of action | | 0.50 | 125.00 |
| 7/25/02 | MP | Conferences with N. Goldstein re: forum selection clause, caselaw, Rule 14 and third party complaint, local counsel | | 0.75 | 206.25 |
| | NSG | Conferences with M. Pantalony re: forum selection clause, caselaw, Rule 14 and third party complaint, local counsel | | 0.75 | 187.50 |
| 7/26/02 | LSE | Review draft complaint and note comments; conference with N. Goldstein, M. Pantalony re: revisions to complaint, issue re: renewal of old claims | | 1.00 | 375.00 |
| | MP | Conferences with N. Goldstein re: procedural and substantive issues in motion; conference with J. Lessem re: third party procedure; conference with L. Ederer, N. Goldstein re: legal issues in complaint for Georgia | | 1.00 | 275.00 |
| | | | Matter Total: | 15.75 | $ 4,293.75 |



GURSKY & EDERER
ATTORNEYS AT LAW



11630008   LT Variety 99-193

Photocopy Charges(e)                                                    10.80
                                                        --------------
                                     Matter Total:          $ 10.80







11630051   LT Varietv (Georgia) 98-032a

| 7/9/02 | NSG | Conference with M. Feinberg and M. Pantalony re: filing of complaint for breach of settlement agreement | 0.50 | 125.00 |
|--------|-----|------|------|--------|
| 7/10/02 | NBF | Conference with M. Feinberg; reviewed investigation and evidence re: same; conference with M. Feinberg and N. Goldstein re: same; prepared pre-litigation summary re: same | 1.50 | 300.00 |

GURSKY & EDERER
ATTORNEYS AT LAW

|  |  |  |  |  |
|---|---|---|---|---|
|  | NSG | Draft Complaint | 3.00 | 750.00 |
| 7/11/02 | MJF | Reviewed and revised variety complaint; conference with N. Goldstein re: same | 0.50 | 162.50 |
|  | NSG | Draft complaint | 3.50 | 875.00 |
| 7/15/02 | NSG | Revise complaint; conference with M. Feinberg re: possibility of revising claims from first action | 2.25 | 562.50 |
| 7/16/02 | NSG | Further revise complaint | 1.00 | 250.00 |
| 7/29/02 | LSE | Conference with N. Goldstein and M. Pantalony re: revival of former claims; review draft complaint. | 0.75 | 281.25 |
|  |  | Matter Total: | 13.00 | $ 3,306.25 |



GURSKY & EDERER
ATTORNEYS AT LAW



11630051  LT Variety (Georgia) 98-032a

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 8/1/02 | NSG | Revise complaint | 1.50 | 375.00 |
| 8/2/02 | NSG | Further revise complaint; conference with M. Pantalony re: reviving claims from first Variety action | 1.00 | 250.00 |
| 8/5/02 | NSG | Conference with M. Feinberg re: reviving claims from first action; conference with M. Pantalony re: revisions to complaint; telephone conference with P. O'Connor re: filing of complaint; further revise complaint | 1.50 | 375.00 |
| 8/6/02 | NSG | Telephone conference with P. O'Connor re: service of complaint; telephone conference with B. Smith re: Rate 3.2 statement; conference with M. Feinberg and J. Gallo re: Identity of corporate officers for Rule 3.2 statement; review Rule 3.2 statement | 1.25 | 312.50 |
| 8/7/02 | NSG | Telephone conference with local counsel re: Rule 3.2 statement; research re: Nike trustees and officers for Rule 3.2 statement | 1.00 | 250.00 |
| | | Matter Total: | 6.25 | $ 1,562.50 |



URSKY & EDERER
TTORNEYS AT LAW

REDACTED

11630051   LT Variety (Georgia) 98-032a

| | | |
|---|---|---|
| Photocopy Charges(e) | | 7.65 |
| Long Distance Phone Charges(e) | | 15.97 |
| 8/19/02 FedEx Charges 4-329-23312 8/5/02 | FedEx | 15.81 |
| | Matter Total: | $ 39.43 |



JURSKY & EDERER
ATTORNEYS AT LAW

REDACTED

11630051   LT Variety (Georgia) 98-032a

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 9/17/02 | JJM | Conference with N. Goldstein re: legal research; research re: collateral estoppel | 0.75 | 150.00 |
| | MP | Conference with N. Goldstein re: motions in Georgia action | 0.25 | 68.75 |
| | NSG | Review Variety's motion to dismiss and motion to stay; telephone conference with G. Dorbyshire requesting withdrawal of motion to dismiss; review Litigant's Bill of Rights Form | 1.25 | 312.50 |
| 9/18/02 | NSG | Conference with with M. Feinberg re: responses to Litigant's Bill of Rights form; telephone conference with P. O'Connor re: responses to Litigant's Bill of Rights form | 0.25 | 62.50 |
| 9/19/02 | NSG | Telephone conference with opposing counsel re: supplemental brief submitted in support of motion to dismiss; review supplemental memorandum in support of motion to dismiss | 0.50 | 125.00 |
| 9/23/02 | NSG | Telephone conference with R. Kelly requesting that motion to dismiss be withdrawn; work on memorandum in opposition of motion to dismiss; draft correspondence to R. Kelly documenting telephone conference | 2.75 | 687.50 |
| 9/24/02 | MP | Conference with N. Goldstein re: supplemental brief re: motion to dismiss in Georgia | 0.25 | 68.75 |
| | NSG | Draft correspondence to opposing counsel memorializing telephone conference requesting withdrawal of motion to dismiss | 0.50 | 125.00 |
| 9/26/02 | MP | Conference with N. Goldstein re: motion to dismiss in Georgia; conference with D. Simpson re: ADR statement for Georgia litigation | 0.25 | 68.75 |
| 9/27/02 | NSG | Conference with local counsel re: extension to oppose Variety's motion to dismiss; telephone conversation with P. O'Connor and R. Kelly re: extension | 0.50 | 125.00 |
| 9/30/02 | NSG | Conference with M. Feinberg re: pending motion to dismiss and possible sanctions; legal research re: sanctions | 0.50 | 125.00 |
| | | Matter Total: | 7.75 | $ 1,918.75 |

GURSKY & EDERER
ATTORNEYS AT LAW

1C

REDACTED

| 11630051 | LT Variety (Georgia) 98-032a | | |
|---|---|---|---|
| | Photocopy Charges(e) | | 6.60 |
| | Long Distance Phone Charges(e) | | 14.25 |
| 9/13/02 | 54066 Variety Whlsrs, Inc - Trademark Infringement | Oliver Maner & Gray LLP | 1,234.24 |
| | | Matter Total: | $ 1,255.09 |



GURSKY & EDERER
ATTORNEYS AT LAW

11630051 LT Variety (Georgia) 98-032a

| | | | | |
|---|---|---|---|---|
| 10/1/02 | NSG | Work on opposition motion to dismiss | 1.50 | 397.50 |
| 10/2/02 | MP | Conference with N. Goldstein re: status of motion to dismiss in Georgia | 0.25 | 73.75 |
| 10/3/02 | NSG | Work on memorandum in opposition to motion to dismiss | 2.50 | 662.50 |
| 10/4/02 | KJH | Conferenice wit N. Goldstein re: sanctions research; research re: sanctions for filing frivolous motion | 0.25 | 48.75 |
| | MP | Conferences with N. Goldstein, M. Feinberg re: opposing motion to dismiss | 0.25 | 73.75 |
| | NSG | Work on memorandum in opposition to motion to dismiss | 2.50 | 662.50 |
| 10/7/02 | MP | Review and revise draft opposition brief re: motion to dismiss Georgia action | 1.25 | 368.75 |
| | NSG | Revise memorandum in opposition to motion to dismiss | 1.00 | 265.00 |
| 10/8/02 | MJF | Telephone conversation with Thad Adams re: Variety | 0.25 | 87.50 |
| | MP | Review and revise further draft of opposition brief and conferences with N. Goldstein re: same; consider issue of "legally protected interest" re: Rule 19 and indispensable party | 1.25 | 368.75 |
| | NSG | Further revise memorandum in opposition to motion to dismiss; conference with local counsel re: filing of opposition to motion to dismiss; draft motion for sanctions and proposed order | 1.00 | 265.00 |
| 10/14/02 | MJF | Telephone conversation with D. Simpson re: Variety deposition schedule; telephone conversation with T. Adams re: same | 0.25 | 87.50 |
| | MP | Conferences with M. Feinberg, N. Goldstein re: deposition of D. Simpson and settlement conference | 0.25 | 73.75 |
| 10/17/02 | AS | Retrieved 3 certificates of Good Standing | 1.00 | 75.00 |

GURSKY & EDERER
TTORNEYS AT LAW

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 10/21/02 | NSG | Revise order on consent to realign the parties | 0.50 | 132.50 |
| 10/22/02 | MP | Conferences with N. Goldstein re: Rule 26(f) conference | 0.25 | 73.75 |
| | NSG | Conference with local counsel re: Rule 26 conference | 0.25 | 66.25 |
| 10/24/02 | NSG | Conference with local counsel re: Rule 26 conference | 0.25 | 66.25 |
| 10/25/02 | NSG | Prepare for and participate in Rule 26(f) conference | 1.00 | 265.00 |
| 10/28/02 | NSG | Telephone conversation with Pat O'Conner re: motion for sanctions and Rule 26 conference | 0.25 | 66.25 |
| 10/29/02 | LSE | Conference with M. Pantalony re: scheduling of deposition and discovery | 0.25 | 106.25 |
| | NSG | Revise Rule 26(f) report; review Variety's deposition notice and document requests and conference with M. Pantalony re: same | 0.75 | 198.75 |
| 10/30/02 | LSE | Review discovery requests with M. Feinberg; conference with re: discovery schedule and approach to production | 0.50 | 212.50 |
| | MJF | Reviewed Variety correspondence and document demands; conference with L. Ederer and N. Goldstein re: same; conference with D. Jones and N. Goldstein re: compilator of evidence for document production and responses; telephone conversation with T. Adams re: same | 1.50 | 525.00 |
| | MJF | Conference with L. Ederer re: Variety status; conference with M. Pantalony re: same; (2) telephone conversations with D. Simpson re: same | 0.25 | 87.50 |
| | NBF | Conference with M. Feinberg; N. Goldstein and D. Jones re: preparation of evidence and documents for discovery production and anticipated witnesses for deposition | 0.50 | 117.50 |
| | NSG | Conference with M. Feinberg re: Variety's document requests and Simpson deposition; draft proposed protective order | 1.50 | 397.50 |
| | DJ | Review evidence and documents from Variety I re: countries of origin and factory codes on garments at issue and specific reasons for determinations made; reviewed litigation case folders re: compiling necessary documents; multiple conferences with M. Feinberg re: same; prepared summary table detailing evidence; reviewed samples obtained during Variety's remaining inventory inspection to determine representative samples to be sent to D. Simpson for review | 4.00 | 400.00 |
| | GC | Logged; tagged and processed evidence re:Roses/Variety | 1.25 | 93.75 |
| 10/31/02 | MJF | Conference with D. Jones re: sampling of Variety inspection shirts to be sent to D. Simpson; reviewed same | 0.50 | 175.00 |

GURSKY & EDERER
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| NBF | Reviewed transactional documents in preparation for depositions and further discovery | 0.75 | 176.25 |
| CA | Photographed evidence re: Variety | 1.75 | 131.25 |
| DJ | Reviewed evidence and documents from Variety II re: countries of origin and factory codes on garments at issue and specific reasons given for determinations made; file review re: same; prepare summary table detailing same; multiple conferences with M. Feinberg re: same; conferences with G. Cruz and C. Abbate re: processing samples from Variety I remaining inventory inspection; conference with M. Feinberg re: same | 4.25 | 425.00 |
| | Matter Total: | 33.75 | $ 7,226.25 |




JURSKY & EDERER
ATTORNEYS AT LAW

| 11630051 | LT Variety (Georgia) 98-032a | | |
|---|---|---|---|
| | Photocopy Charges(e) | | 12.90 |
| | Long Distance Phone Charges(e) | | 47.90 |
| /1/02 | West Law #802818689 Sept 1 to Sept 30 Charges | West Group | 381.96 |
| /7/02 | 9/27/02 FedEx Charges 437789335 | FedEx | 15.89 |
| | | Matter Total: | ------------- |
| | | | $ 458.65 |

GURSKY & EDERER
A T T O R N E Y S   A T   L A W

| 1163-0051 | | LT Variety (Georgia) 98-032a | Hours | Amount |
|---|---|---|---|---|
| 11/1/2002 | DJ | Conference with M. Feinberg re: revisions to Variety I evidence summary chart; complete Variety II summary chart; prepare letter to D. Simpson re: examination of samples from Variety remaining inventory inspection | 3.50 | |
| 11/1/2002 | NBF | Reviewed documents and correspondence from previous Variety case to identify witnesses for depositions | 1.00 | |
| 11/4/2002 | MP | Review decision re: denial of Variety's motion to dismiss | 0.25 | |
| 11/4/2002 | NBF | Prepared pre-litigation memo re: Variety suppliers | 0.25 | |
| 11/4/2002 | NSG | Draft initial disclosures; telephone conference with local counsel re: Rule 26 report | 2.50 | |
| 11/5/2002 | NBF | Reviewed STX investigative file and prepared prelitigation memo re: same | 1.75 | |
| 11/5/2002 | NSG | Draft document requests | 3.50 | |
| 11/6/2002 | MP | Conference with M. Feinberg re: deposition; conference with N. Goldstein re: discovery issues; review and revise Rule 26(f) report; telephone conversation with T. Adams re: deposition schedule | 0.75 | |
| 11/6/2002 | NBF | Reviewed corporate background searches re: Variety suppliers for prelitigation memos; prepared revisions to memo re: same | 0.75 | |
| 11/6/2002 | NSG | Telephone conversation with Glen Darbyshire re: finalizing Rule 26 report; review defendant's revised version of Rule 26 report; conference with M. Pantalony re: scheduling; further draft of first document requests | 1.75 | |
| 11/7/2002 | DJ | Review evidence charts; conference with N. Goldstein re: same | 0.25 | |
| 11/7/2002 | MP | Review and revise initial disclosure statement; telephone conversation with D. Simpson re: deposition; telephone conversations with T. Adams re: deposition and discovery | 1.00 | |
| 11/7/2002 | NSG | Further drafting of document requests; revise initial disclosures and conference with M. Pantalony re: same; conference with local counsel re: proposed scheduling order; telephone conversation with local counsel and opposing counsel re: revisions to Rule 26 report | 2.75 | |
| 11/8/2002 | MP | Review and revise document requests and interrogatories | 1.00 | |

GURSKY & EDERER
ATTORNEYS AT LAW

|            |      |                                                                                                                                                                                              |       |
|------------|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
|            |      | and conference with N. Goldstein re: same; prepare revisions to initial disclosures                                                                                                          |       |
| 11/8/2002  | NBF  | Reviewed investigatory report from Top Brands re: connections to STX Int'l, Inc.                                                                                                             | .0.25 |
| 11/8/2002  | NSG  | Draft first set of interrogatories to defendant; further revise document requests.                                                                                                           | 1.75  |
| 11/13/2002 | MP   | Review initial disclosures of Variety and conference with N. Goldstein re: same                                                                                                              | 0.25  |
| 11/14/2002 | DJ   | Conducted Dun & Bradstreet research re: Jade Apparel, Red Tag Apparel and T.A.G Apparel; internet research re: same; conference with N. Friedman re: same; revised evidence summary chart   | 1.50  |
| 11/15/2002 | NSG  | Correspondence with local counsel re: rule 26 disclosures                                                                                                                                    | 0.25  |
| 11/18/2002 | MP   | Conferences with N. Goldstein, M. Feinberg re: discovery, document production                                                                                                                | 0.25  |
| 11/18/2002 | NSG  | Review Variety answer to the complaint                                                                                                                                                        | 0.50  |
| 11/19/2002 | NBF  | Prepared final revisions re: Variety supplier pre - litigation memo                                                                                                                          | 1.25  |
| 11/19/2002 | NSG  | Draft responses to first requests for production of of documents and things; revise draft of stipulated protective order                                                                    | 2.50  |
| 11/20/2002 | NBF  | Conference with N. Goldstein re: production of documents in response to interrogatories                                                                                                       | 0.25  |
| 11/20/2002 | NSG  | Conference with M. Pantalony re: discovery responses; revise responses to document requests                                                                                                  | 1.25  |
| 11/21/2002 | KJH  | Conference with M. Pantalony re: status memo; conference with N. Goldstein re: privilege log; draft status memo                                                                              | 1.00  |
| 11/21/2002 | KJH  | Conference with M. Pantalony re: preperation of status memo; review correspondence files; prepare memo                                                                                       | 0.50  |
| 11/21/2002 | MP   | Draft responses to document requests and conferences with N. Goldstein, K. Heller                                                                                                            | 0.25  |
| 11/22/2002 | DJ   | Conference with M. Feinberg re: Variety issues; telephone conversation with L. Colbert re: same                                                                                              | 0.50  |
| 11/22/2002 | KJH  | Conference with M. Pantalony re: evidence for production; conference with G. Cruz re: photographs of evidence in Variety I and Variety II files to determine documents subject to privilege | 3.00  |
| 11/22/2002 | MJF  | Conference with D. Jones re: Variety document prodcution; conference with M. Pantalony re: same                                                                                              | 0.25  |
| 11/22/2002 | MP   | Review and revise status report                                                                                                                                                               | 0.50  |

GURSKY & EDERER
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 11/22/2002 | NSG | Conference with K. Heller re: preparation of privilege document list | 0.25 |
| 11/24/2002 | MP | Review answer; review and revise draft protective order and responses to document requests | 1.25 |
| 11/25/2002 | KJH | Review document requests; prepare privilege log | 2.00 |
| 11/25/2002 | KJH | Prepare privilege log re: Merchandise Examination Forms; review all evidence; prepare and compile evidence to be produced | 7.00 |
| 11/25/2002 | MP | Conference with N. Goldstein re: protective order; review and revise further draft of protective order; conference with K. Heller re: privilege log; prepare further revisions to responses to document requests | 1.00 |
| 11/25/2002 | NSG | Revise protective order and conference with M. Pantalony re: same | 1.00 |
| 11/27/2002 | KJH | Prepare and compile evidence to be produced; revise privilege log | 2.75 |
| 11/27/2002 | LSE | Conference with M. Pantalony, M. Feinberg, re: responses to document requests; revise responses; telephone call with D. Simpson re: counterfeit goods in case; further conference with M. Pantalony. | 0.75 |
| 11/27/2002 | MJF | Conference with M. Pantalony re: Variety document responses and latest correspondence; conference with M. Pantalony and L. Ederer re: same | 0.25 |
| 11/27/2002 | MP | Conferences with L. Ederer, M. Feinberg re: approach to responses to document requests; revise responses; review and revise privilege log; prepare correspondence to T. Adams re: document production | 2.25 |
| 11/29/2002 | LSE | Met with M. Feinberg and D. Simpson re: Variety deposition | 1.00 |
| 11/29/2002 | MJF | Preparation for D. Simpson Variety deposition; met with D. Simpson and L. Ederer re: same | 2.00 |

| | | | |
|---|---|---|---|
| | | Matter Total: | 58.50 | $ | 14,006.25 |

[1]



GURSKY & EDERER
ATTORNEYS AT LAW

REDACTED

| | | |
|---|---|---|
| 1163-0051 | LT Variety (Georgia) 98-032a | |
| | Telephone Recovery | 13.68 |
| | Colorcopy Recovery | 373.80 |
| | B&W Copy Recovery | 63.10 |
| 11/1/2002 | West Group West Group 803009257 10/1 to 10/31/2002 | 214.48 |
| 11/4/2002 | FedEx 10/21/02 FedEx Charges | 15.97 |
| 11/18/2002 | FedEx FedEx Charges 447623886 11/01/02 | 47.12 |
| | Matter Total: $ | 748.15 |

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: February 4, 2003
Closing date:    December 31, 2002
Invoice #    1179

**For Professional Services Rendered:**

1

REDACTED

| 1163-0051 | | LT Variety (Georgia) 98-032a | Hours | Amount |
|---|---|---|---|---|
| 12/2/2002 | LSE | Conference with M. Feinberg re: deposition and privilege log; conversation with opposing counsel | 0.25 | |
| 12/2/2002 | MJF | Telephone conversation with T. Adams re: protective order and privilege log | 0.25 | |
| 12/3/2002 | LSE | Review of file and preparation for deposition of D. Simpson; meeting with D. Simpson to prepare for deposition. | 1.25 | |
| 12/3/2002 | MP | Conferences with L. Ederer, M. Feinberg and D. Simpson re: preparing for deposition | 1.00 | |
| 12/4/2002 | DJ | Reviewed and organized evidence and documents for D. Simpson's deposition; conferences with M. Feinberg and L. Ederer re: same | 2.00 | |
| 12/4/2002 | GC | Conference with D. Simpson re: Variety/Roses; | 4.00 | |

| | | | |
|---|---|---|---|
| | | photographed garments from D. Simpson Deposition; prepared copies and saved images on a disk re: same | |
| 12/4/2002 | KJH | Review document production | 0.25 |
| 12/4/2002 | LSE | Meeting with D. Simpson to prepare for deposition; attendance at deposition of D. Simpson; conference with D. Simpson as to next steps. | 5.50 |
| 12/4/2002 | MJF | Further preparation for Variety deposition and settlement conference; reviewed R. L. Winnger report and photos | 2.00 |
| 12/5/2002 | GC | Photographed additional shots of Roses/Variety evidence | 2.00 |
| 12/9/2002 | NSG | Correspond with local counsel re: status report; draft status report | 2.75 |
| 12/10/2002 | DJ | Conference with M. Feinberg re: review and organization of documents and files | 0.25 |
| 12/10/2002 | MJF | Conference with D. Jones re: Variety organization and preparation for settlement or discovery | 0.25 |
| 12/10/2002 | MP | Conference with N. Goldstein re: status report, scheduling order | 0.25 |
| 12/10/2002 | NSG | Telephone conference with opposing counsel re: joint status report. | 0.25 |
| 12/11/2002 | MP | Conferences with L. Ederer, N. Goldstein re: joint status report; review and revise draft report | 1.00 |
| 12/11/2002 | NSG | Draft joint status report and conference with M. Pantalony re: same; telephone call with opposing counsel re: status report. | 2.50 |
| 12/12/2002 | MP | Review revised status report; conference with N. Goldstein re: changes to joint status report | 0.25 |
| 12/12/2002 | NSG | Review opposing counsel's proposed modifications to the joint status report; further revise joint status report; telephone conference with opposing counsel re: joint status report; confer with local counsel re: joint status report. | 1.50 |
| 12/16/2002 | MJF | Telephone call with Thad Adams re: status of settlement negotiations and discovery issues | 0.25 |
| 12/16/2002 | MP | Conference with M. Feinberg re: discovery issues; review Variety's responses to document requests | 0.50 |
| 12/16/2002 | NSG | Telephone call with opposing counsel re: discovery responses; review Variety's discovery responses; conference with M. Pantalony re: discovery. | 1.00 |
| 12/17/2002 | NSG | Draft correspondence re: Variety's discovery responses. | 2.50 |
| 12/18/2002 | MP | Conference with L. Ederer re: joint statement, deposition, discovery issues | 0.25 |

| | | | |
|---|---|---|---|
| 12/19/2002 | MJF | Reviewed Variety letter from T. Adams, conference with L. Ederer re: same; conference with M. Pantalony re: same | 0.25 |
| 12/19/2002 | MP | Review correspondence from T. Adams re: settlement and conferences with M. Feinberg, N. Goldstein re: discovery issues | 0.25 |
| 12/20/2002 | MP | Conference with N. Goldstein re: response to T. Adams, outstanding issues | 0.25 |
| 12/20/2002 | NSG | Draft correspondence to opposing counsel re: returned garments; review correspondence from T. Adams re: parties' settlement offer. | 1.00 |
| 12/23/2002 | MP | Conference with L. Ederer re: expert designation; conference with N. Goldstein re: next steps in discovery | 0.50 |

Matter Total:  34.25  $  9,050.00

REDACTED

1163-0051        LT Variety (Georgia) 98-032a

                                                                    367.57

12/1/2002                                                           163.88

                                      Matter Total:      $          531.45

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: March 25, 2003
Closing date:   January 31, 2003
Invoice #   1357

**For Professional Services Rendered:**



| 1163-0051 | | LT Variety 2 | Hours | Amount |
|---|---|---|---|---|
| 1/3/2003 | MP | Conferences with N. Goldstein re: objections to Variety's discovery responses, other discovery issues | 0.25 | |
| 1/6/2003 | MP | Review and assess responses to Nike's document requests and prepare amendments in detail to correspondence to T. Adams re: objections to responses; legal research re: waiver of privilege and conference with L. Ederer re: same; review legal issues in Eleventh Circuit and prepare draft correspondence to T. Adams re: legal | 3.50 | |

and factual issues, settlement prospects

| Date | | | | |
|---|---|---|---|---|
| 1/6/2003 | NBF | Conference with M. Pantalony re: calculation of profits and documents produced by Variety | 0.25 |
| 1/7/2003 | LSE | Conference with M. Pantalony re: response to Adams letter re: settlement; review Adams letter and draft response | 0.50 |
| 1/7/2003 | MJF | Conference with M. Pantalony re: next steps on Variety | 0.25 |
| 1/7/2003 | MP | Conferences with L. Ederer, M. Feinberg re: discovery and settlement issues; review and revise correspondence to T. Adams re: settlement issues; review ACD file re: calculation of profits; consider Local Rule 26 re: interrogatories; revise correspondence to T. Adams re: responses to document requests | 3.25 |
| 1/8/2003 | LSE | Review correspondence from opposing counsel re: settlement and draft response; conference with M. Pantalony re: same; review motion to compel discovery | 0.50 |
| 1/8/2003 | MP | Conference with L. Ederer and prepare amendments to correspondence to T. Adams re: settlement issues; final preparation of correspondence to T. Adams (2) re: settlement and discovery responses; brief review of motion to compel and conference with L. Ederer re: same; consider depositions of witnesses and non-parties and conference with N. Friedman re: same | 2.50 |
| 1/8/2003 | NBF | Conference with M. Pantalony re: identifying defendant's witnesses for discovery; reviewed investigatory files re: same | 0.50 |
| 1/9/2003 | MP | Review brief of Motion to Compel; review Local Rules re: discovery motion | 0.75 |
| 1/10/2003 | MP | Prepare email to N. Goldstein re: instructions concerning motion, deposition notices, subpoenas | 0.50 |
| 1/14/2003 | MP | Conference with N. Goldstein re: motion and cross-motion to compel | 0.25 |
| 1/14/2003 | NSG | Review Variety's motion to compel and conference with M. Pantalony re same | 1.00 |
| 1/15/2003 | MP | Conferences with N. Goldstein re: depositions, subpoenas, motion to compel and strategy | 1.25 |
| 1/15/2003 | NSG | Conference with M. Pantalony re: Motion to Compel and outstanding discovery; draft deposition notices; draft document subpoenas to Variety's suppliers | 2.00 |
| 1/16/2003 | NBF | Prepared memo re: individuals and corporations from which we seek discoverable materials; reviewed transactional documents re: buyers we seek to notice | 1.00 |
| 1/16/2003 | NSG | Telephone conversation with local counsel re meet and | 4.50 |

|  |  | confer requirements; draft memorandum of law in opposition to motion to compel; draft schedule of documents to be produced in response to subpoena |  |
|---|---|---|---|
| 1/17/2003 | KJH | Conference with M. Pantalony re: review file | 0.25 |
| 1/17/2003 | MP | Conferences with N. Goldstein re: responding to motion to compel and notices; telephone conversation with T. Adams re: document production | 0.75 |
| 1/20/2003 | MP | Review and consider transcript of D. Simpson | 1.50 |
| 1/21/2003 | MP | Conferences with N. Goldstein re: Motion to Compel; review correspondence from T. Adams re: privilege log | 0.50 |
| 1/22/2003 | MJF | Reviewed Variety's interrogatories and 2nd request for documents | 0.25 |
| 1/22/2003 | NSG | Draft memorandum in opposition to motion to compel | 3.50 |
| 1/23/2003 | JJM | Office conference with N. Goldstein re: research; legal research re: degree of specificity required in a motion to compel discovery | 1.00 |
| 1/23/2003 | MP | Review correspondence from M. Ladenheim re: depositions, document production | 0.25 |
| 1/23/2003 | NSG | Further revise memorandum in opposition to motion to compel | 5.50 |
| 1/24/2003 | JJM | Review Nike documents for documents categorized as privileged | 2.00 |
| 1/24/2003 | KJH | Compile documents related to client's privilege log | 2.00 |
| 1/24/2003 | MP | Review initial draft of brief re: opposition to motion to compel; conferences with L. Ederer, N. Goldstein re: brief; conferences with K. Heller re: privileged documents | 2.25 |
| 1/24/2003 | NSG | Conference with M. Pantalony re: Opposition to Motion to Compel and further revise same | 3.50 |
| 1/27/2003 | LSE | Revise brief in opposition to motion to compel production; conference with M. Pantalony | 1.00 |
| 1/27/2003 | MP | Continue reviewing and revising drafts of opposition brief; conferences with L. Ederer, N. Goldstein re: issues in brief and amendments | 2.50 |
| 1/27/2003 | NSG | Revise and finalize memorandum of law in opposition to Motion to Compel and correspond with local counsel re: same | 4.00 |
| 1/28/2003 | JJM | Review Nike documents for documents categorized as privileged | 0.50 |
| 1/28/2003 | KJH | Review production re: privilege log | 0.00 |
| 1/28/2003 | MP | Conference with N. Goldstein re: expert report | 0.25 |

| 1/29/2003 | JJM | Review Nike documents for documents categorized as privileged | 0.50 | | |
|-----------|-----|----------------------------------------------------------------|------|---|---|
| 1/30/2003 | MP | Telephone conversation with M. Ladenheim re: discovery and documents | 0.25 | | |
| | | Matter Total: | 55.00 | $ | 15,122.50 |

REDACTED

REDACTED

| 1163-0051 | | LT Variety 2 | | |
|-----------|-----------|----------------------------------|---------------------------|--------|
| | | | B&W Copy Recovery | 71.40 |
| | | | Telephone Recovery | 9.69 |
| 12/30/2002 | 452456305 | FedEx | FedEx Charges | 43.42 |
| 12/13/2002 | 021213 | Crown Limousine & Car Service, Inc. | Car Service | 144.74 |
| 1/22/2003 | | Jade Apparel, Inc. | Witness Appearance Fees | 40.00 |
| 1/22/2003 | | Red Tag | Witness Appearance Fees | 40.00 |
| 1/13/2003 | 452524311 | FedEx | FEDEX Charges | 39.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1/27/2003 | 012703 | Petty Cash | Other Client Costs | | 9.00 |

Matter Total:    $    397.25

REDACTED

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: March 31, 2003
Closing date:   February 28, 2003
Invoice #   1431

**For Professional Services Rendered:**

REDACTED

REDACTED

| 1163-0051 | | LT Variety 2 | Hours | Amount |
|---|---|---|---|---|
| 2/3/2003 | DJ | Preparation of files for discovery and depositions | 3.50 | |
| 2/3/2003 | MP | Conference with N. Goldstein re responses to second discovery requests | 0.25 | |
| 2/3/2003 | NSG | Review local rules re submission of reply brief | 0.25 | |
| 2/4/2003 | MP | Review correspondence from M. Ladenheim re document production and documents produced | 0.75 | |
| 2/4/2003 | NSG | Draft notices of subpoena; draft responses to Variety's first set of interrogatories; review Variety's document production | 4.00 | |
| 2/5/2003 | DJ | Prepare evidence summary chart | 2.00 | |
| 2/5/2003 | LSE | Conference with M. Pantalony re approach to discovery | 0.25 | |
| 2/5/2003 | MP | Conferences with L. Ederer, N. Goldstein re Variety's productions, documents produced, options concerning discovery; telephone conversation with M. Ladenheim re deposition schedule | 1.00 | |
| 2/5/2003 | NBF | Conference with N. Goldstein re defendant's discovery requests, documents produced by defendant during | 0.50 | |

|  |  | settlement negotiations and proposed course of action re same |  |
|---|---|---|---|
| 2/5/2003 | NSG | Conference with M. Pantalony re Variety's document production and scheduled depositions; conference with N. Friedman re backup documentation for Variety's purchases; draft responses to Variety's second set of document requests | 2.75 |
| 2/6/2003 | DJ | Multiple conferences with M. Feinberg re document compilation; review and organize all related files; further revisions to evidence summary tables | 3.00 |
| 2/6/2003 | MP | Telephone conversations with M. Ladenheim re deposition schedule; conference with L. Ederer re depositions; prepare correspondence to M. Ladenheim re depositions | 0.75 |
| 2/6/2003 | NSG | Draft 30(b)(6) notice of deposition | 0.50 |
| 2/7/2003 | DJ | Complete file organization and make final revisions to evidence summary charts | 3.00 |
| 2/7/2003 | MJF | Conference with D. Jones re status of Variety file and evidence review and required follow-up | 0.25 |
| 2/10/2003 | LSE | Review reply brief of Variety; conference with M. Pantalony re possible surreply | 0.50 |
| 2/10/2003 | MP | Review reply brief; multiple conferences with L. Ederer and N. Goldstein re same | 0.75 |
| 2/10/2003 | NSG | Review Variety's reply memorandum in support of motion for summary judgment | 0.50 |
| 2/11/2003 | JJM | Conference with N. Goldstein re legal research of documents inspection during discovery | 1.00 |
| 2/11/2003 | MP | Conference with N. Goldstein re surreply; review correspondence from M. Ladenheim | 0.25 |
| 2/11/2003 | NSG | Legal research re filing a surreply brief; draft Notice of Intention to file surreply; draft surreply brief | 6.50 |
| 2/12/2003 | MP | Review of declaration of M. Feinberg; multiple conferences with N. Goldstein re surreply | 0.75 |
| 2/12/2003 | NSG | Draft correspondence to Jade Apparel's counsel re subpoena; telephone conversation with M. Flores of Red Tag re deposition scheduling; further revisions to surreply brief; draft declaration of M. Feinberg in further support of opposition to motion for summary judgment | 6.50 |
| 2/13/2003 | MJF | Reviewed and revised M. Feinberg Affidavit in Support of Opposition to Motion to Compel | 1.50 |

| | | | |
|---|---|---|---|
| 2/14/2003 | MJF | Further revisions to Declaration in Opposition to Motion to Compel | 1.50 |
| 2/14/2003 | MP | Telephone conversation with M. Ladenheim re Rule 30(b)(6) depositions; review correspondence from M. Ladenheim re Rule 30(b)(6) notice; preparation of correspondence to M. Ladenheim re overlap of Rule 30 and Rule 30(b)(6) notices | 0.75 |
| 2/14/2003 | NSG | Further revisions to reply memorandum in support of opposition to Motion to Compel; further draft of M. Feinberg Declaration | 3.75 |
| 2/17/2003 | MP | Review and revise responses to second set of interrogatories and document requests | 1.25 |
| 2/18/2003 | MJF | Review and revise Varietys' Opposition to Defendant's Motion to Compel discovery; reviewed and revised M. Feinberg Declaration; conference with M. Pantalony and N. Goldstein re same | 0.75 |
| 2/18/2003 | MP | Telephone conversation with R. Ortiz re subpoena on Jade Apparel; review and revise surreply brief and declaration of M. Feinberg | 0.75 |
| 2/18/2003 | NSG | Further revisions to M. Feinberg Declaration; further revisions to surreply brief in further support of Nike's opposition to Variety's Motion to Compel | 1.75 |
| 2/19/2003 | MJF | Final revisions to Declaration; conference with M. Pantalony re same | 0.50 |
| 2/19/2003 | MP | Preparation of correspondence to V. Olivas re Jade Apparel subpoena; conferences with N. Goldstein and M. Feinberg re: surreply; final review of brief and declaration | 1.25 |
| 2/19/2003 | NSG | Further revisions to draft responses to Variety's first interrogatories and second requests for production | 2.25 |
| 2/20/2003 | MJF | Reviewed and revised memorandum in support of Opposition to Defendant's Motion to Compel | 0.25 |
| 2/20/2003 | MP | Reviewed and revised responses to interrogatories, second set of document requests; conference with N. Goldstein and G. Cruz re responses; preparation of email to D. Simpson re responses; review correspondence from M. Ladenheim re responses to Rule 30(b)(6) notice | 2.75 |
| 2/20/2003 | NBF | Conference with N. Goldstein re preparation of responses to interrogatories; reviewed evidence for same | 0.50 |
| 2/20/2003 | NSG | Telephone conversation with local counsel re rescheduling of depositions; further revise responses to interrogatories and document requests; review correspondence from opposing counsel re scheduling of depositions; review Variety's designation of witnesses in response to 30(b)(6) deposition notice | 2.50 |

| 2/21/2003 | JJM | Conference with M. Pantalony re review of documents; review files for documents produced by defendant re purchase and sale of counterfeit garments | 0.75 |
|---|---|---|---|
| 2/21/2003 | MJF | Conferences (2) with M. Pantalony re response to Variety documents demands and interrogatories; reviewed Variety file; conference with S. Gursky and M. Pantalony re same | 2.50 |
| 2/21/2003 | MP | Conference with M. Feinberg and S. Gursky re identity of manufacturer issue, Billy Farmer case and connection with Carolina Apparel, consideration of options re responses; prepare revisions to document responses; review documents from first Variety case; prepare further email to D. Simpson re responses; conference with J. Morales re document review | 3.50 |
| 2/21/2003 | SRG | Conference with M. Feinberg and M. Pantalony re responses to discovery | 0.50 |
| 2/24/2003 | JJM | Conference with M. Pantalony re review of Nike and defendant's documents; review documents and preparation of memo re summary of documents | 2.00 |
| 2/24/2003 | MP | Conference with J. Morales re document review | 0.25 |
| 2/25/2003 | JJM | Conference with M. Pantalony re review of documents; review client documents and documents previously produced by defendants; preparation of memo re summary of documents | 1.25 |
| 2/25/2003 | LSE | Conference with M. Pantalony re order of court re discovery motion, scheduling of conference | 0.75 |
| 2/25/2003 | MP | Telephone conversations with P. O'Connor and T. Adams re court conference; conferences with L. Ederer re motion and court conference | 1.00 |
| 2/26/2003 | JJM | Review defendant's recent production of transactional documents, along with prior production of transactional documents; preparation of documents per transaction | 2.75 |
| 2/26/2003 | MP | Review correspondence from M. Ladenheim re depositions; telephone conversation with P. O'Connor re court conference; conference with J. Morales re documents | 0.50 |
| 2/27/2003 | JJM | Preparation of memo re summary of purchase orders produced by defendant; review all files for correspondence produced by defendants in Variety I and Variety II; prepare working files for M. Pantalony re correspondence and transactional documents produced by defendants | 1.50 |
| 2/27/2003 | MP | Multiple conferences with J. Morales re documents | 0.25 |
| 2/27/2003 | NSG | Draft STX subpoena | 0.25 |
| 2/28/2003 | MP | Conference with J. Morales re Variety production; review all correspondence from Variety and begin preparation for | 2.50 |

depositions

|  | Matter Total: | 82.75 | $ | 20,841.25 |
| --- | --- | --- | --- | --- |

REDACTED



| 1163-0051 | | LT Variety 2 | | | |
|---|---|---|---|---|---|
| | | | B&W Copy Recovery | 1,036.95 | |
| | | | Telephone Recovery | ~20.52~· | - |
| | | | Colorcopy Recovery | 142.40 | |
| 2/3/2003 | 457239640 | FedEx | Fed Ex Charges | 18.54 | |
| 1/23/2003 | 55445 | Oliver Maner & Gray LLP | 11/21/2002 re: Variety Whllsrs, Inc - Trademark Infringment | 2,258.53 | |
| | | | Matter Total:    $ | 3,476.94 | |

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: April 21, 2003
Closing date:   March 31, 2003
Invoice #   1535

**For Professional Services Rendered:**

REDACTED

| 1163-0051 | | LT Variety 2 98-032A | Hours | Amount |
|---|---|---|---|---|
| 3/2/2003 | MP | Review and organize document re preparation of exhibits for depositions | 5.00 | |
| 3/3/2003 | JJM | Review privilege log and preparation of working file re M. Pantalony re merchandise examination forms on privilege log; further preparation and organization of transactional documents produced by defendants | 2.25 | |
| 3/3/2003 | LSE | Conference with M. Pantalony re points to be covered at deposition | 0.25 | |
| 3/3/2003 | MP | Conference with L. Ederer re points to be covered at deposition; travel to Raleigh and prepare for deposition of T. Blackburn | 8.25 | |
| 3/4/2003 | MP | Attend deposition of T. Blackburn and prepare for depositions of T. Tamborini, J. Hamm, and J. Braum | 12.00 | |
| 3/5/2003 | KJH | Conference with M. Pantalony re items needed for depositions and conferences in NC; compilation of documents and research; fax documents | 0.75 | |
| 3/5/2003 | MP | Attend and complete deposition of T. Blackburn, and depositions of J. Braum, T. Tamborini, J. Hamm and J. Brown; conference with T. Adams, T. Blackburn and A. Pope re evidence and settlement | 8.75 | |
| 3/6/2003 | KJH | Conference with N. Goldstein re discovery; preparation of subpoena and Schedule A for R. Greenwald; preparation of Notice of Subpoena and correspondence to opposing counsel | 1.50 | |
| 3/6/2003 | LSE | Conference with M. Pantalony re discovery disputes | 0.50 | |
| 3/6/2003 | MP | Conferences with L. Ederer re results of depositions and settlement; travel to Savannah, GA from Raleigh, NC; prepare for conference before Judge Nangle | 7.50 | |

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 3/6/2003 | NSG | Telephone conversation with counsel for Jade Apparel re scheduling depositions; review Greenwald subpoena; conference with M. Pantalony re discovery; telephone conversation with R. Faucher re deposition; research re location of witnesses | 1.75 |
| 3/7/2003 | AS | Attempted service of subpoena on R. Greenwald | 1.25 |
| 3/7/2003 | MP | Meeting with P. O'Connor and prepare for conference; attend conference before Judge Nangle; conference call with N. Goldstein and paralegals re Jade Apparel and Allied Stores; return to New York | 10.50 |
| 3/7/2003 | NSG | Telephone conversation with M. Pantalony re hearing on motion to compel and discovery; telephone conversation with local counsel re service of subpoena and deposition scheduling; telephone conversation with M. Flores re scheduling deposition | 0.50 |
| 3/8/2003 | LSE | Telephone conversation with M. Pantalony re strategy for dealing with discovery disputes and results of court conference | 0.50 |
| 3/8/2003 | MP | Conference with L. Ederer re results of conference with Judge Nangle | 0.50 |
| 3/10/2003 | JJM | Conference with M. Pantalony re document review in preparation for depositions; review documents produced by defendants and merchandise examination forms | 0.75 |
| 3/10/2003 | KJH | Conference with N. Goldstein re motions in Western District of Texas; research local rules re motions; telephone conversation with Clerk re motions (2); preparation of STX subpoena | 1.50 |
| 3/10/2003 | MP | Conferences with N. Goldstein re Jade Apparel and Red Tag, contempt, subpoenas, preparing for depositions; telephone conversations with J. Lucky re procedure in Texas; telephone conversation with D. Simpson re overview of depositions and court conference; conference with S. Gursky re results of depositions; multiple conversation with P. O'Connor, T. Adams, G. Derbyshire re stipulation and resolution of motion; prepare correspondence to T. Adams (2) re depositions; telephone conversation with R. Faucher re deposition; arranging for deposition in Wake Forrest; preparing for deposition of R. Faucher | 8.50 |
| 3/10/2003 | NSG | Telephone conversation with local counsel re service of subpoenas and compelling attendance of Red Tag and Jade Apparel; prepare for Jade and Red Tag depositions; draft Motion for Contempt and to Compel attendance at depositions and Goldstein Declaration in support of same | 4.75 |
| 3/10/2003 | SRG | Conference with M. Pantalony to review results of depositions and court appearance | 0.75 |

| | | | |
|---|---|---|---|
| 3/11/2003 | AS | Additional attempts to serve subpoena on R. Greenwald | 1.50 |
| 3/11/2003 | JJM | Conference with N. Goldstein re review of documents; review re Red Tag, M. Flores and Jade Apparel, Inc. documents; preparation of email to A. Piacenti of Hicks & Lucky re Declaration of Plaintiffs Motion for Contempt and to Compel Compliance with Subpoena re Jade Apparel, Inc; preparation of fax to A. Piacenti of Hicks & Lucky re exhibits to declaration | 1.75 |
| 3/11/2003 | MJF | Conference with M. Pantalony re Variety stipulation; review and revise same | 0.50 |
| 3/11/2003 | MJF | Telephone conversation with P. O'Conner re further revisions to joint letter and trial deposition notice; conference with C. Leone re same | 0.50 |
| 3/11/2003 | MP | Telephone conversations with P. O'Conner re joint submission to Judge Nangle; review and revise joint submission; various conferences with N. Goldstein re Jade Apparel and Red Tag; conferences with M. Feinberg re status and joint submission; travel to Raleigh, NC; prepare for deposition of R. Faucher in Wake Forrest; prepare for depositions of J. Frucht and B. Sprunger | 13.00 |
| 3/11/2003 | NSG | Prepare for Red Tag and Jade Apparel depositions | 2.00 |
| 3/11/2003 | SRG | Conference with M. Feinberg and telephone conversation with M. Pantalony re discovery from Allied | 0.50 |
| 3/12/2003 | DJ | Review and compile Variety documents and correspondence re settlement negotiations and warranties concerning remaining inventories; conference with M. Feinberg re same | 3.00 |
| 3/12/2003 | JJM | Preparation of fax to J. Lucky of Hicks & Lucky re T. Blackburn letters for use in deposition; telephone conversation with J. Lucky re same | 0.25 |
| 3/12/2003 | MJF | Review of Variety past Settlement Agreement re assessment of newly discovered Carolina Apparel transactions; conference with D. Jones re same; conference with S. Gursky re same; telephone conversation with M. Pantalony re deposition status; telephone conversation with E. Ruschky re Carolina Apparel trial exhibits availability; conference with S. Gursky re Carolina Apparel Sales to Variety; reviewed M. Lewis transcript from B. Farmer trial re same; telephone conversation with S. Gursky and M. Pantalony re same | 2.50 |
| 3/12/2003 | MP | Attend depositions of J. Frucht, B. Sprunger, T. Blackburn; conference with S. Gursky, M. Feinberg re Carolina Apparel; return travel from Raleigh, NC to New York; telephone conversations with J. Lucky, N. Goldstein re depositions of Jade Apparel and Red Tag in El Paso | 10.50 |
| 3/12/2003 | NSG | Travel from New York to El Paso, TX; prepare for Jade | 12.00 |

Apparel and Red Tag depositions; draft motion to compel
deposition testimony and for sanctions and papers in
support; conference with local counsel re moving to
compel deposition testimony; telephone conversations (3)
with M. Pantalony re Jade Apparel and Red Tag
depositions; conference with Spanish translation re
documents produced by Jade Apparel

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 3/12/2003 | SRG | Review of file relating to earlier Settlement Agreement; conferences with M. Feinberg and conference call with M. Pantalony | 0.75 |
| 3/13/2003 | AS | Attempted to serve subpoena on R. Greenwald | 1.25 |
| 3/13/2003 | KJH | Conference with M. Pantalony re deposition of STX; preparation and transmittal of correspondence to M. Ladenheim re service of subpoena and scheduled deposition | 0.50 |
| 3/13/2003 | MP | Multiple conversations with N. Goldstein re proceedings against Jade Apparel, Red Tag, contempt; telephone conversation with M. Ladenheim re inspection; telephone conversation with D. Simpson re depositions; preparing for deposition of STX | 1.50 |
| 3/13/2003 | NSG | Appear for depositions of Jade Apparel and Red Tag; note non-appearance to court reporter; further draft and file Motion to Compel deposition testimony and supporting papers; telephone conversations (3) with M. Pantalony re status of deposition | 7.00 |
| 3/14/2003 | LSE | Conferences with M. Pantalony and M. Feinberg re taking Fifth Amendment and order to show cause | 0.50 |
| 3/14/2003 | MJF | Conferences with M. Pantalony and L. Ederer re supplier deposition and taking Fifth Amendment | 0.50 |
| 3/14/2003 | MP | Telephone conversation with G. Darbyshire re depositions and documents; consider and review service of subpoena on STX; attend deposition of STX re noting default; multiple conversations with N. Goldstein re depositions of Jade Apparel, Red Tag, order to show cause; conferences with L. Ederer and M. Feinberg re taking Fifth Amendment and order to show cause; prepare correspondence to T. Adams re document requests; prepare correspondence to G. Darbyshire re discovery dispute; prepare documents and correspondence to M. Ladenheim re documents | 4.00 |
| 3/14/2003 | NSG | Prepare for and attend hearing on Nike's emergency motion to compel deposition of Red Tag and Jade Apparel and for sanctions; take depositions of R. Ortiz and M. Flores; telephone conversations (4) with M. Pantalony re status of depositions | 6.50 |
| 3/15/2003 | NSG | Travel from El Paso to New York | 7.00 |
| 3/16/2003 | MP | Conference with N. Goldstein re outcome of depositions in | 0.50 |

Texas

| 3/17/2003 | MJF | Conference call with P. O'Conner re G. Bellino deposition; conference with M. Pantalony re proposed course of action | 0.75 |
|---|---|---|---|
| 3/17/2003 | MP | Telephone conversation with P. O'Connor re Allied subpoena; conferences with M. Feinberg re subpoena; review order of Judge Nangle | 0.75 |
| 3/17/2003 | NSG | Review Variety's Motion to Strike and for Sanctions | 0.50 |
| 3/18/2003 | JHL | Conference with M. Pantalony re motion for summary judgment | 0.50 |
| 3/18/2003 | KJH | Conference with M. Pantalony and N. Goldstein re preparation of Statement of Facts, overview of case and motion for summary judgment; review depositions | 2.25 |
| 3/18/2003 | MJF | Conference with M. Pantalony re Allied position; conference with S. Gursky re same | 0.35 |
| 3/18/2003 | MP | Multiple conversations with P. O'Connor re Allied deposition; preparation of email to P.O'Connor re approach for deposition; participate in deposition of Allied by telephone; conference with M. Feinberg and S. Gursky re Allied deposition; conferences with J. Lessem, N. Goldstein, K. Heller re joint stipulation and possible motion for judgment; review motion for protective order | 6.50 |
| 3/18/2003 | NSG | Conference with M. Pantalony and K. Heller re Statement of Undisputed Facts; review deposition transcript of T. Blackburn and R. Faucher | 1.25 |
| 3/18/2003 | SRG | Conference with M. Feinberg and M. Pantalony re Allied position | 0.25 |
| 3/19/2003 | JJM | Conference with N. Goldstein re legal research; legal research re adverse inference against a party resulting from a non-party's assertion of Fifth Amendment; conference with M. Pantalony and K. Heller re review of documents; review merchandise examination forms and select representative samples for submission to judge | 2.50 |
| 3/19/2003 | KJH | Conference with M. Pantalony re preparation of evidence; conference with G. Cruz re same; preparation of evidence re statement of facts; continued review of depositions | 5.50 |
| 3/19/2003 | LSE | Conference with M. Pantalony re status of discovery and motion issues, next steps | 0.50 |
| 3/19/2003 | MP | Conference with L. Ederer re discovery, depositions, joint stipulation; conferences with N. Goldstein, K. Heller re facts and motion; review privilege log and privileged documents and consider representative sampling | 3.25 |
| 3/19/2003 | NSG | Conference with J. Morales re legal research on adverse inference drawn from asserting Fifth Amendment right | 4.00 |

against self incrimination in a civil action review deposition transcripts of T. Blackburn, B. Sprungen and J. Frucht; conference with M. Pantalony re Statement of Uncontested Facts and Variety's Motion to Strike; draft section of Statement of Uncontested Facts relating to Nike background and prior litigation; legal research re requirement that objection to deposition based upon insufficient notice be made prior to deposition and made in writing

| Date | Initials | Description | Hours |
|---|---|---|---|
| 3/20/2003 | JJM | Legal research re ability of party to object to subpoena to non-party and collateral estoppel re subpoena to non-party | 1.50 |
| 3/20/2003 | KJH | Review of depositions (3); preparation of preliminary statement of fact for depositions for Hamm and Brown | 6.75 |
| 3/20/2003 | MJF | Conference with M. Pantalony re in-camera document production; review proposed document production | 0.35 |
| 3/20/2003 | MP | Conference with M. Feinberg re privileged documents and in-camera inspection; further review and consideration of privileged documents; preparation of correspondence to P. O'Connor re in-camera inspection; exchange email with P. O'Connor re in-camera inspection | 2.00 |
| 3/20/2003 | MP | Exchange email with T. Adams re further draft of statement; review Variety's merged document; exchange email with J. Lessem re Variety's response; review further draft of opposition to motion re protective order and conference with N. Goldstein re same | 1.00 |
| 3/20/2003 | NSG | Draft Memorandum of Law in Opposition to Variety's Motion to Strike; legal research with respect to appearance of attorney at deposition constituting waiver of objections based upon notice | 3.25 |
| 3/21/2003 | LSE | Conference with M. Pantalony re approach to stipulated facts | 0.25 |
| 3/21/2003 | MP | Telephone conversation with P. O'Connor re revisions to letter to Judge Nangle; conferences with L. Ederer and N. Goldstein re statement of facts | 0.75 |
| 3/21/2003 | NSG | Further draft and revise Memorandum of Law in Opposition to Motion to Strike; draft Proposed Joint Statement of Undisputed Facts | 4.00 |
| 3/23/2003 | MP | Review issue of limitation period for North Carolina; review draft statement of facts; consider structure of statement and review prior dealings; prepare email to N. Goldstein re structure | 1.75 |
| 3/24/2003 | NSG | Telephone conference with local counsel in Texas re declaration to be filed in support of opposition to Variety's motion to strike | 0.25 |
| 3/25/2003 | MP | Telephone conversation with M. Ladenheim re joint | 0.25 |

| | | stipulation | |
|---|---|---|---|
| 3/25/2003 | NSG | Review deposition transcripts of T. Blackburn, J. Hamm, R. Faucher, J. Brown and A. Tambonni | 1.50 |
| 3/26/2003 | JHL | Conference with L. Ederer re court order requiring Stipulation as to Undisputed Facts; review of preliminary draft of same; review of documents and deposition transcripts re same; preparation of draft of stipulation | 8.50 |
| 3/26/2003 | JJM | Conference with N. Goldstein re documents; review files for complaint in Variety I case, purported Nike invoices supplied by STX International, documents copied from client's files and invoices of purchased counterfeit goods | 1.50 |
| 3/26/2003 | LSE | Review draft proposed stipulation of facts and note comments; conference with J. Lessem re revisions to draft; conference with J. Lessem and M. Pantalony re revised stipulation | 1.50 |
| 3/26/2003 | MJF | Multiple conferences with J. Lessem re stipulation of case facts; review files re same | 1.25 |
| 3/26/2003 | NSG | Draft correspondence to local counsel re Judge Nangle's requirements for Joint Statement of Stipulated Facts; multiple conferences (3) with J. Lessem re revisions to draft of Nike's proposed stipulated facts; review correspondence relating to first Variety action; further review deposition transcripts of R. Faucher, B. Sprunger and T. Blackburn. | 1.75 |
| 3/26/2003 | SRG | Conference with L. Ederer, M. Pantalony and M. Feinberg re terms of prior Settlement Agreement | 0.50 |
| 3/27/2003 | AS | Preparation of exhibits for declaration in support of opposition to Variety's motion to strike | 1.00 |
| 3/27/2003 | DJ | Conference with M. Feinberg and J. Lessem re transactional documents produced during initial settlement discussions; review files re compiling same | 0.75 |
| 3/27/2003 | JHL | Further revisions to proposed Stipulation of Undisputed Facts; conference with L. Ederer re same | 8.00 |
| 3/27/2003 | KJH | Preparation of exhibits for Goldstein declaration | 2.50 |
| 3/27/2003 | LSE | Review draft stipulation of facts and note comments; conference with J. Lessem re same | 1.25 |
| 3/27/2003 | MJF | Multiple conferences with J. Lessem re Variety Stipulation of Facts; conference with D. Jones re same; reviewed documents re same | 0.50 |
| 3/27/2003 | NSG | Revise Memorandum of Law in Opposition to Motion to Strike; review exhibits to be submitted with Joint Statement of Undisputed Facts; multiple conferences (3) with J. Lessem re Joint Statement of Undisputed Facts; review Variety's proposed stipulated facts | 3.75 |

| Date | Initials | Description | Hours |
|---|---|---|---|
| 3/28/2003 | JHL | Further revisions to stipulation as to undisputed facts; review of Variety's proposed undisputed facts; review of depositions of D. Simpson, J. Faucher and T. Blackburn; preparation of revised draft of Variety's proposed stipulations of fact; conference with L. Ederer and M. Pantalony re same; review of Variety's revisions to Nike's proposed stipulation | 8.00 |
| 3/28/2003 | LSE | Conference with J. Lessem and N. Goldstein re points covered in proposed stipulation of facts; review draft stipulation of facts provided by opposing counsel; conference with J. Lessem re approach to stipulation; conference with J. Lessem and M. Pantalony re responses to proposed stipulation | 2.00 |
| 3/28/2003 | MP | Conference with L. Ederer, J. Lessem re statement of undisputed facts; review deposition of R. Faucher and revise Variety's version of undisputed facts; preparation of correspondence to T. Adams re statement; review Variety's revisions to Nike statement | 1.75 |
| 3/28/2003 | NSG | Telephone conversation with T. Adams re Joint Statement of Stipulated Facts; conference with J. Lessem re Joint Statement of Stipulated Facts; draft revised version of Variety's proposed facts in form acceptable to Nike | 5.50 |
| 3/29/2003 | JHL | Review of defendant's supplemental proposed undisputed facts; telephone conversation with M. Pantalony re same; review of revisions to same | 2.00 |
| 3/29/2003 | MP | Review and consider Variety's additional proposed undisputed facts; review all evidence on second dispute; conference with J. Lessem and preparation of revisions to Variety's additional facts; telephone conversation with T. Adams re status; review and revise draft brief re opposition to motion for protective order | 2.00 |
| 3/29/2003 | NSG | Conference with M. Pantalony re Variety's proposed stipulated facts and Memorandum of Law in Opposition to Motion to Strike and Sanctions and further revise same | 2.00 |
| 3/30/2003 | JHL | Telephone conversation with M. Pantalony re stipulation of undisputed facts; review of email from opposing counsel re same | 0.75 |
| 3/30/2003 | NSG | Further revise Memorandum of Law in Opposition to Variety's Motion to Strike and for Sanctions; review Variety's proposed stipulated facts | 1.25 |
| 3/31/2003 | JHL | Review of Variety's revised proposed undisputed facts; telephone conversation with opposing counsel re stipulation of undisputed facts; preparation of responses re facts that could not be stipulated to; conversation with L. Ederer re same | 6.75 |
| 3/31/2003 | LSE | Conference with J. Lessem re stipulation of facts, status; | 0.50 |



GURSKY & EDERER
ATTORNEYS AT LAW

review draft responses to recitation of facts

| 3/31/2003 | MJF | Reviewed Variety/Nike trial stipulations; conference with M. Pantalony, J. Lessem, and L. Ederer re same | 0.75 |

Matter Total:   274.45    $    77,353.75



| 1163-0051 | | LT Variety 2 98-032A | | | |
|---|---|---|---|---|---|
| | | | Telephone Recovery | 266.87 |
| | | | B&W Copy Recovery | 873.30 |
| | | | Facsimile Recovery | 33.00 |
| 2/1/2003 | 80361550 | West Group | West Law Charges | 580.33 |
| 2/1/2003 | 80361550 | West Group | West Law Charges | 52.81 |
| 2/17/2003 | 457320117 | FedEx | Fed Ex Charges | 16.54 |

| 2/5/2003 | P24443 | Brannon Rasberry & Associates, Inc. | Subpoena Fees for Jade Apparel, Inc. and Red Tag Apparel, Inc. | 105.00 |
|---|---|---|---|---|
| 3/10/2003 | 0310 | Michael Pantalony | Outside Travel Reimbursed Costs - MP Meals | 70.62 |
| 3/10/2003 | 0310 | Michael Pantalony | Outside Travel Reimbursed Costs - MP Rental Car | 46.00 |
| 3/10/2003 | 0310 | Michael Pantalony | Outside Travel Reimbursed Costs - MP Cab Fares | 95.00 |
| 3/10/2003 | 031003 | Richard Faucher | Witness Appearance Fee | 40.00 |
| 3/10/2003 | 0310 | Michael Pantalony | Outside Travel Reimbursed Costs - MP Lodging at Raleigh, NC | 754.59 |
| 3/10/2003 | 0310 | Michael Pantalony | Outside Travel Reimbursed Costs- MP Lodging at Savannah, GA | 232.07 |
| 3/11/2003 | 031103 | Robert Greenwald | Witness fee for subpoena | 40.00 |
| 3/3/2003 | 462000383 | FedEx | Fed Ex Charges | 24.70 |
| 3/14/2003 | 031403 | Sharon Kroeger | Transcripts | 2,062.90 |
| 3/17/2003 | 36 | Tracy D. Daniels, RPR | Transcripts | 1,904.25 |
| 3/17/2003 | 031703 | Neil Goldstein | Outside Travel Reimbursed Costs - NG Parking | 70.80 |
| 3/17/2003 | 031703 | Neil Goldstein | Outside Travel Reimbursed Costs - NG Lodging (El Paso, TX) | 332.61 |
| 3/17/2003 | 031703 | Neil Goldstein | Outside Travel Reimbursed Costs - NG Meals (El Paso TX) | 125.10 |
| 3/18/2003 | 031803 | Michael Pantalony | Outside Travel Reimbursed Costs | 15.33 |
| 3/18/2003 | 031803 | Michael Pantalony | Outside Travel Reimbursed Costs | 91.45 |
| 3/18/2003 | 031803 | Michael Pantalony | Outside Travel Reimbursed Costs | 40.00 |
| 3/18/2003 | 031803 | Michael Pantalony | Outside Travel Reimbursed Costs | 293.99 |

- MP Lodging

| Date | Number | Vendor | Description | Amount |
|---|---|---|---|---|
| 3/17/2003 | 462082048 | FedEx | Fed Ex Charges | 139.25 |
| 3/12/2003 | 20030311101 | Guaranteed Subpoena Service, Inc. | Subpoena Fees - Stx International, Inc. | 114.95 |
| 3/12/2003 | 1045559 | XYZ Two Way Radio Service, Inc. | Car Service - MP | 43.35 |
| 3/27/2003 | | | Outside Travel Reimbursed Costs 3/12/2003 Airfare to El Paso, TX - AMEX N. Goldstein | 1,256.48 |
| 3/27/2003 | | | Outside Travel Reimbursed Costs 3/11/2002 Airfare from Ralaeigh NC to LGA - AMEX M. Pantalony | 1,100.50 |
| 3/27/2003 | | | Outside Travel Reimbursed Costs 3/3/2003 Airfare to Raleigh, Scharlotte NC and Savannah, GA - AMEX M. Pantalony | 1,481.50 |

Matter Total: $ - 12,303.29

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: May 19, 2003
Closing date:   April 30, 2003
Invoice #   1654

**For Professional Services Rendered:**

Amount

| 1163-0051 | | LT Variety 2 98-032A | Hours | Amount |
|---|---|---|---|---|
| 4/1/2003 | JHL | Conference with M. Pantalony and N. Goldstein re bad faith issue in Stipulation of Undisputed Facts | 0.50 | |
| 4/1/2003 | LSE | Conference with M. Pantalony re review of stipulated facts | 0.25 | |
| 4/1/2003 | NSG | Telephone conversation with local counsel in Texas re Judge Martinez' Order denying Variety's Motion to Quash; conference with J. Lessem and M. Pantalony re Joint Statement of Stipulated Facts; telephone conversations (2) with local counsel in Georgia re Joint Statement of Stipulated Facts; telephone conversations with opposing counsel (2) re Joint Statement of Stipulated Facts | 0.75 | |

| | | | |
|---|---|---|---|
| 4/2/2003 | JHL | Conference with M. Pantalony and N. Goldstein re Amended Stipulation of Undisputed Facts; review and revision of same | 0.75 |
| 4/2/2003 | MP | Conferences with J. Lessem and N. Goldstein re amended joint stipulation; telephone conversation with T. Adams re amended stipulation; review order of Judge Nangle re privilege; telephone conversation with P.O'Connor re procedure | 1.50 |
| 4/2/2003 | NSG | Conferences (3) with M. Pantalony re parties' Amended Statement of Stipulated Facts and telephone conference with opposing counsel re same; review Variety's amended statement of stipulated facts; draft and revise Amended Statement of Stipulated Facts; legal research re requirements for filing Motion for Summary Judgment in Southern District of Georgia | 2.50 |
| 4/3/2003 | LSE | Conference with M. Pantalony re next steps, summary judgment | 0.50 |
| 4/3/2003 | MP | Conference with L. Ederer re motion for summary judgment | 0.25 |
| 4/3/2003 | NSG | Telephone conversation with opposing counsel re final revisions to Amended Statement of Stipulated Facts; telephone conversation with local counsel re Amended Statement of Stipulated Facts; correspond with local counsel in Texas re order dismissing collateral actions brought to enforce Jade Apparel and Red Tag subpoenas | 2.25 |
| 4/4/2003 | JHL | Conference with M. Pantalony and N. Goldstein re tasks for motion for summary judgment | 1.00 |
| 4/4/2003 | JJM | Conference with M. Pantalony re supplemental response to interrogatories pursuant to court order; review evidence summary charts for garments identified by client as counterfeit; compare evidence summary chart counterfeit garments with privilege log to ensure inclusion of all counterfeit garments on log; preparation of Supplemental Responses to Plaintiff's Responses to First Set of Interrogatories | 2.50 |
| 4/4/2003 | MP | Review and consider issues re motion for summary judgment; conferences with J. Lessem, N. Goldstein re motion; conferences with J. Morales re preparation of supplementary interrogatory response | 1.50 |
| 4/4/2003 | NSG | Conference with M. Pantalony re Motion for Summary Judgment; draft Memorandum of Law in Support of Motion for Summary Judgment; further revise and finalize Amended Joint Statement of Undisputed Facts | 4.50 |
| 4/5/2003 | MP | Prepare memo re status and update | 0.25 |
| 4/6/2003 | JJM | Examine garments determined to be counterfeit and review merchandise examination forms for continued | 4.75 |

| | | preparation of Supplemental Responses to Plaintiffs' Responses to First Set of Interrogatories | |
|---|---|---|---|
| 4/6/2003 | NSG | Draft Memorandum of Law in Support of Motion for Summary Judgment | 6.50 |
| 4/7/2003 | JJM | Continued preparation of Supplemental Responses to Plaintiffs Responses to First Set of Interrogatories | 3.00 |
| 4/7/2003 | MP | Continue preparation of supplemental discovery responses re counterfeit garments; review and revise in detail supplemental response; review and consider merchandise examination forms; conferences with J. Morales re supplement; prepare email to D. Simpson re supplement | 4.00 |
| 4/7/2003 | NSG | Draft Statement of Facts for Motion for Summary Judgment; further draft Motion for Summary Judgment | 4.50 |
| 4/8/2003 | JJM | Conference with N. Goldstein re Declaration of D. Simpson in support of Plaintiffs Motion for Summary Judgment; review Merchandise Examination Forms; preparation of inclusions to Affidavit of D. Simpson re examination of counterfeit garments; preparation of exhibit to Affidavit re description of garments examined | 4.75 |
| 4/8/2003 | NSG | Draft Goldstein Declaration in Support of Motion for Summary Judgment; draft Memorandum of Law in Support of Motion for Summary Judgment | 7.00 |
| 4/9/2003 | JHL | Conference with M. Pantalony re summary judgment motion | 1.00 |
| 4/9/2003 | JJM | Conference with N. Goldstein re draft Declaration of D. Simpson in Support of Plaintiffs Motion for Summary Judgment; review deposition of D. Simpson in preparation of additions to Declaration of D. Simpson; conference with N. Goldstein re review of M. Flores and R. Ortiz depositions; review depositions in preparation of summaries of Fifth Amendment Invocations by non-parties | 5.00 |
| 4/9/2003 | MP | Review and revise in detail draft declaration of D. Simpson; conference with J. Lessem re declaration and evidence; review further draft of fact section of brief | 5.00 |
| 4/9/2003 | NSG | Conferences (3) with M. Pantalony re Memorandum of Law in Support of Motion for Summary Judgment and Simpson Declaration; review and revise Simpson Declaration; revise Memorandum of Law in Support of Motion for Summary Judgment; conference with J. Morales re Simpson Declaration; legal research re determination of counterfeiting necessitating finding of trademark infringement, breach of contract; draft sections of Memorandum of Law in Support of Motion for Summary Judgment relating to dilution and breach of contract | 7.25 |
| 4/10/2003 | JHL | Telephone conversation with M. Pantalony re Simpson declaration; review and revision of same; review of brief | 3.00 |

| Date | Initials | Description | Hours |
|---|---|---|---|
| 4/10/2003 | JJM | Conference with M. Pantalony re Declaration of D. Simpson in Support of Plaintiffs Motion for Partial Summary Judgment; preparation of revisions re same; conference with N. Goldstein re legal research; research re cases finding trademark infringement as a result of finding trademark counterfeiting; preparation of insert to Memorandum of Law re same; conference with N. Goldstein re exhibits to Plaintiffs Memorandum of Law in Support of Motion for Partial Summary Judgment; review depositions to gather relevant references to be included as exhibits to same; legal research re eleventh circuit cases re adverse inferences on invocation of Fifth Amendment | 5.50 |
| 4/10/2003 | MJF | Multiple conferences with M. Pantalony re D. Simpson declaration; reviewed and revised same; telephone conversation with D. Simpson re other product identification issues | 1.25 |
| 4/10/2003 | MP | Continue preparation and revisions to declaration of D. Simpson; multiple conferences with J. Lessem, M. Feinberg, N. Goldstein, J. Morales re evidence, declaration, brief filing under seal; prepare email to D. Simpson re declaration; prepare amendments to portions of brief | 7.50 |
| 4/10/2003 | NSG | Revise draft Proposed Order re filing documents under seal and correspond with local counsel re same; conferences (2) with M. Pantalony re Memorandum of Law in Support of Motion for Summary Judgment and further revise same; conference with M. Pantalony re Simpson Declaration; conference with J. Morales re exhibits to Motion for Summary Judgment; legal research relating to Fifth Amendment and establishing trademark infringement once counterfeiting has been established | 6.50 |
| 4/11/2003 | JHL | Conference with M. Pantalony and N. Goldstein re revisions to summary judgment brief; conference with L. Ederer re Simpson declaration; revisions to Simpson declaration | 2.50 |
| 4/11/2003 | JJM | Review depositions of J. Brown, G. Bellino, T. Blackburn, C. Tamborini, J. Hamm, B. Sprunger and R. Faucher for verification of citations in Memorandum of Law In Support of Motion for Partial Summary Judgment; preparation of exhibits to same; conference with N. Goldstein re search for citations to Statement of Undisputed Facts Pursuant to Local Rule 56.1; preparation of citations to same | 4.25 |
| 4/11/2003 | MP | Conferences with J. Lessem, N. Goldstein re facts portion of brief; prepare further revisions to declaration of D. Simpson; exchange email with L. Colhert re declaration; telephone conversation with D. Simpson re declaration; telephone conversation with G. Darbyshire re stipulation to file under seal | 3.00 |

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 4/11/2003 | NSG | Draft Proposed Order to file documents under seal and correspond with local counsel re same; conference with J. Lessem re Memorandum of Law in Support of Motion for Partial Summary Judgment and revise same | 3.75 |
| 4/12/2003 | MP | Review and revise further draft of brief re facts section; conferences with N. Goldstein re outstanding issues in brief, motion materials; prepare email to P. O'Connor re stipulation to file documents under seal | 2.75 |
| 4/12/2003 | NSG | Revise Rule 56.1 Statement; revise Memorandum of Law in Support of Motion for Summary Judgment; draft and revise Goldstein Declaration in support of Motion for Summary Judgment; review exhibits in support of Motion for Summary Judgment; conference with M. Pantalony re Motion for Summary Judgment | 4.50 |
| 4/13/2003 | LSE | Review draft brief in support of motion for summary judgment and note comments | 1.50 |
| 4/13/2003 | MP | Continue preparation of brief; conferences with N. Goldstein re brief; prepare email to L. Ederer, M. Feinberg re brief | 1.50 |
| 4/14/2003 | JHL | Conference with L. Ederer and M. Pantalony re further revisions to summary judgment brief | 0.50 |
| 4/14/2003 | JJM | Conference with M. Pantalony re review of counterfeit determinations; review counterfeit determinations re list of garments with single sided lables and socks examined in consultation with Wayne P&P; conference with N. Goldstein re Statement of Undisputed Facts Pursuant to Local Rule 56.1; review same to verify citations to deposition transcripts; preparation of additional exhibits re same; telephone conversations (3) with B. Smith of Oliver, Maner & Gray, LLP re exhibits; preparation of facsimile to B. Smith re same; legal research re prior lawsuits against defendant on same subject matter as evidence of defendant's willfulness | 3.00 |
| 4/14/2003 | LSE | Conference with M. Pantalony and N. Goldstein re revisions to summary judgment brief; further review and revision of brief; conference with N. Goldstein re same | 2.25 |
| 4/14/2003 | MJF | Reviewed Variety Motion for Summary Judgment | 0.50 |
| 4/14/2003 | MP | Conference with L. Ederer and N. Goldstein re motion, facts section of brief; prepare amendments to fact section | 4.25 |
| 4/14/2003 | NSG | Conference with L. Ederer and M. Pantalony re amendments to Memorandum of Law in Support of Motion for Summary Judgment; redraft Preliminary Statement and Argument sections of same; conferences (3) with M. Pantalony re same; telephone conference with local counsel re service and filing Motion for Summary Judgment; telephone conference with opposing counsel re | 8.00 |

| | | | |
|---|---|---|---|
| | | documents prohibited from being shown to Variety's in-house counsel; conference with J. Morales re exhibits | |
| 4/15/2003 | JJM | Conference with N. Goldstein re Memorandum of Law in Support of Motion for Partial Summary Judgment; preparation of letter to T. Adams of Adams, Schwartz & Evans, P.A. re redacted version of same; conference with N. Goldstein re review of depositions; review deposition transcripts of B. Sprunger, J. Frucht, and T. Blackbum for request for documents; preparation of letter to T. Adams re same | 3.25 |
| 4/15/2003 | LSE | Conference with M. Pantalony re summary judgment motion, willful blindness argument | 0.25 |
| 4/15/2003 | MP | Conferences with L. Ederer, N. Goldstein re motion, brief; telephone conversation with P. O'Connor re outstanding procedural issues; review declaration of D. Simpson and prepare amendment; telephone conversations with L. Colbert re amended declaration; review redacted brief for T. Blackbum | 2.75 |
| 4/15/2003 | NSG | Conference call with M. Pantalony and P. O'Connor re filing of Motion for Summary Judgment and Supplemental Simpson Declaration; conference with M. Pantalony re revising Simpson Declaration | 0.50 |
| 4/16/2003 | JJM | Conference with M. Pantalony re draft letter re documents requested in depositions; review defendant's last production of documents to confirm documents already produced | 1.00 |
| 4/16/2003 | MP | Review Variety's brief in support of motion for partial summary judgment; finalize amended declaration and prepare correspondence to P. O'Connor re declaration | 1.25 |
| 4/17/2003 | MP | Conferences with N. Goldstein re Variety's motion for partial summary judgment | 0.25 |
| 4/17/2003 | NSG | Review Variety's Memorandum of Law in Support of Motion for Partial Summary Judgment and supporting papers and conference with M. Pantalony re same | 1.00 |
| 4/21/2003 | JJM | Conference with N. Goldstein re research; legal research re willful blindness trademark counterfeiting cases in all federal courts | 5.00 |
| 4/21/2003 | JJM | Conference with M. Pantalony re legal research of willful blindness | 0.25 |
| 4/21/2003 | MP | Conference with J. Morales re legal research of willful blindness | 0.25 |
| 4/21/2003 | NSG | Conference with J. Morales re research on blindness trademark counterfeiting | 0.25 |
| 4/22/2003 | JJM | Continued legal research re willful blindness in trademark | 5.75 |

| | | | |
|---|---|---|---|
| | | counterfeiting cases; preparation of memo re summarizing all cases re same | |
| 4/22/2003 | NSG | Preparation of outline of Memorandum of Law in Opposition to Variety's Motion for Partial Summary Judgment | 2.25 |
| 4/23/2003 | AV | Conference with N. Goldstein re contempt order and hearing transcript before J. Sprizzo in Tommy Hilfiger Licensing, Inc. v. Wal-Mart action | 0.25 |
| 4/23/2003 | JJM | Conference with N. Goldstein and M. Pantalony re legal research; research case law re willfulness in counterfeiting cases, case law decided by Judge Nangle on summary judgment motion, and all case law decided by Judge Nangle on trademark issues | 4.50 |
| 4/23/2003 | MP | Conferences with N. Goldstein, J. Morales re legal issues and research; review memo re willful blindness cases | 1.50 |
| 4/24/2003 | JJM | Continued research re eleventh circuit counterfeit cases on willfulness; preparation of legal memo summarizing eleventh circuit cases | 3.50 |
| 4/24/2003 | NSG | Review legal research on issue of willful blindness; draft opposition to Variety's Motion for Partial Summary Judgment | 3.50 |
| 4/25/2003 | JJM | Continued preparation of legal memo re eleventh circuit counterfeit cases on willfulness | 2.75 |
| 4/25/2003 | NSG | Draft Memorandum of Law in Opposition to Variety's Motion for Summary Judgment | 3.50 |
| 4/28/2003 | JJM | Additional legal research re counterfeit cases on willfulness; continued preparation of legal memo re other circuit counterfeit cases on willfulness, trademark decisions by Judge Nangle, and summary judgment intellectual property cases by Judge Nangle | 4.25 |
| 4/28/2003 | MP | Conference with N. Goldstein re Opposition to Motion; conference with J. Morales re further legal research | 0.25 |
| 4/28/2003 | NSG | Draft Memorandum of Law in Opposition to Variety's Motion for Summary Judgment; conference with M. Pantalony re same; legal research re requirement of willfulness to receive profits | 3.50 |
| 4/29/2003 | NSG | Further draft Memorandum of Law in Opposition to Motion for Partial Summary Judgment; review legal research re Judge Nangle's decision | 4.00 |
| 4/30/2003 | MP | Conference with N. Goldstein re issues in opposition brief | 0.25 |
| 4/30/2003 | NSG | Further draft Memorandum of Law in Opposition to Motion for Summary Judgment; conference with M. Pantalony re same | 2.50 |

Page: 48

Matter Total:          201.00        $        52,675.00

REDACTED



1163-0051        LT Variety 2 98-032A

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | B&W Copy Recovery | 200.85 |
|  |  |  | Telephone Recovery | 54.73 |
| 3/25/2003 | 57202 | Oliver Maner & Gray LLP | re: Wholesalers, Inc. | 1,225.98 |
| 3/27/2003 | 128505 | Brannon Rasberry & Associates, Inc. | re: Variety Wholesalers, Inc. | 821.75 |
| 4/1/2003 | 804025097 | West Group | West Law Charges | 781.26 |
| 3/19/2003 | 1046425 | XYZ Two Way Radio Service, Inc. | Car Service | 416.06 |
| 3/26/2003 | 462130199 | FedEx | Fed Ex Charges | 16.88 |
| 3/7/2003 | 030307 | Crown Limousine & Car Service, Inc. | LSE | 59.47 |
| 3/7/2003 | 030307 | Crown Limousine & Car Service, Inc. | LSE | 69.26 |
| 4/8/2003 | 13958 | Hicks & Lucky, P.C. | re: Jade Apparel v. Variety Wholesalers v. Nike, Inc. | 897.18 |
| 3/31/2003 | 462164906 | FedEx | Fed Ex Charges | 30.57 |
| 4/10/2003 | 041003 | Neil Goldstein | re: Red Tag | 47.60 |
| 4/10/2003 | 57415 | Oliver Maner & Gray LLP | re Variety Wholesaler - Trademark Infringment | 5,365.04 |
| 4/11/2003 | 4-66834027 | FedEx | Fed Ex Charges | 73.64 |

| Date | Number | Vendor | Description | Amount |
|---|---|---|---|---|
| 3/13/2003 | 128438 | Brannon Rasberry & Associates, Inc. | re: Nike v Variety Wholesalers, Inc. | 171.50 |
| 3/14/2003 | 128445 | Brannon Rasberry & Associates, Inc. | re: Nike v. Variety Wholesalers, Inc. | 150.00 |
| 3/14/2003 | 128443 | Brannon Rasberry & Associates, Inc. | Copy of Certificate of nonappearance - M. Flores | 50.00 |
| 3/14/2003 | P24592 | Brannon Rasberry & Associates, Inc. | Subpeona on Jade Apparel, Inc. | 80.00 |
| 4/17/2003 | | | Outside Travel Reimbursed Costs 3/15/2003 Airfare from El Paso, TX to LaGuardia Airport - AMEX N. Goldstein | 104.50 |
| 4/17/2003 | | | Outside Travel Reimbursed Costs 3/12/2003 Airfare from White Plains, NY to El Paso, TX - AMEX N. Goldstein | 104.50 |
| 3/20/2003 | 62303 | Rayvid Reporting Service | Statement for the Record | 166.50 |
| 4/21/2003 | 4-66890320 | FedEx | Fed Ex Charges | 64.67 |
| 4/9/2003 | 1048911 | XYZ Two Way Radio Service, Inc. | MJF G&E Personal | 61.71 |
| 3/28/2003 | 030328 | Crown Limousine & Car Service, Inc. | Car Service - N. Goldstein | 165.85 |
| 3/31/2003 | 56235 | Oliver Maner & Gray LLP | 1/16/2003 re: Variety Whlsrs, Inc - Trademark Infringment | 479.65 |
| 4/30/2003 | 30304038068 | Lexis Nexis | Research Costs | 1,255.70 |

Matter Total:   $   12,914.85

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: June 17, 2003
Closing date: May 31, 2003
Invoice # 1824

**For Professional Services Rendered:**

| 1163-0051 | | LT Variety 2 98-032A | Hours | Amount |
|---|---|---|---|---|
| 5/1/2003 | AS | Conducted pacer search on Variety | 0.25 | |
| 5/1/2003 | LSE | Conference with M. Pantalony re Judge Sprizzo and hearing transcript from Wal-Mart | 0.25 | |
| 5/1/2003 | MP | Conference with L. Ederer re Judge Sprizzo and hearing | 2.50 | |

| | | transcript from Wal-Mart; review draft brief re opposition to Motion for Summary Judgment; conference with N. Goldstein re legal issues | |
|---|---|---|---|
| 5/1/2003 | NSG | Further draft Memorandum of Law in Opposition to Variety's Motion for Summary Judgment; legal research re trademark holder's duty to assist counterfeiters and to mitigate damages; legal research re laches and equitable estoppel; conference with M. Pantalony re same | 5.00 |
| 5/2/2003 | JJM | Legal research re liability of retailers for trademark infringement; preparation of memo re same | 3.00 |
| 5/2/2003 | MP | Further review of draft brief and preparing revisions; conference with N. Goldstein re opposition brief | 1.50 |
| 5/2/2003 | NSG | Review and draft reply to Variety's Rule 56 Statement; conference with M. Pantalony re Memorandum of Law in Opposition to Motion for Summary Judgment and further draft same; review legal research re strict liability in counterfeiting cases; review transcript of hearing on motion for contempt in Hilfiger v. Wal-Mart action and research re confidentiality of same | 2.50 |
| 5/2/2003 | AR | Retrieve docket sheet from Court | 1.50 |
| 5/5/2003 | JHL | Revision to Brief in Opposition to Summary Judgment Motion; conference with N. Goldstein re same; revision to Pantalony declaration; conference with L. Ederer re tasks for pre-trial order | 7.50 |
| 5/5/2003 | LSE | Conference with J. Lessem re revisions to brief in opposition; conference with J. Lessem and M. Pantalony re comments on same; conference with J. Lessem and M. Pantalony re unsealing transcript before Judge Sprizzo; conference with M. Pantalony re contact with Wal-Mart counsel | 1.25 |
| 5/5/2003 | MP | Conferences with J. Lessem, N. Goldstein re opposition brief; preparation of declaration in opposition; telephone conversation with D. Goewey re Judge Sprizzo transcript; exchange email with D. Goewey re Judge Sprizzo transcript; multiple conferences with L. Ederer re revisions to brief | 2.00 |
| 5/6/2003 | JG | Meeting with M. Feinberg, L. Ederer, M. Pantalony, J. Lessem and N. Goldstein re trial preparation | 2.00 |
| 5/6/2003 | JHL | Further revisions to summary judgment brief; further research for same; participation in trial preparation | 5.00 |
| 5/6/2003 | LSE | Conference with litigation team to assign various tasks in connection with trial preparation, including preparation of exhibits, deposition designations, motions in limine, pre-trial order | 2.00 |
| 5/6/2003 | MJF | Meeting with L. Ederer, J. Lessem, M. Pantalony, N. | 2.25 |

|  |  |  |  |
|---|---|---|---|
|  |  | Goldstein, J. Morales re preparation for Variety pre-trial Order and Trial; telephone conversation with D. Simpson re same |  |
| 5/6/2003 | MP | Review pre-trial order of Judge Nangle; conference with J.Lessem and N. Goldstein re opposition and declaration; telephone conversation with P. O'Conner re pre-trial order; attend meeting with L. Ederer and litigation team re preparation for trial; consider issues for trial preparation | 4.00 |
| 5/6/2003 | NSG | Review Court's Order of Pre-Trial Proceedings; conference with M. Pantalony re same; revise and finalize Response to Variety's Statement of Undisputed Facts; conferences (2) with J. Lessem re Memorandum of Law in Opposition to Motion for Partial Summary Judgment and further revise same; conference with litigation team to discuss Judge Nangle's pre-trial Order, pre-trial motions, trial preparation and outstanding discovery disputes; correspond with local counsel re Pre-Trial Order and Memorandum of Law in Opposition to Motion for Summary Judgment; conference with J. Lessem re designation of Jade and Red Tag deposition transcripts | 6.50 |
| 5/6/2003 | SRG | Participation in trial preparation session | 0.75 |
| 5/7/2003 | GC | Reviewed evidence re Nike v. Variety; conference with M. Feinberg re same | 2.00 |
| 5/7/2003 | JHL | Preparation of further revisions to summary judgment brief; revision to Rule 56 statement; conference with L. Ederer and M. Pantalony re unsealing transcript in Wal-Mart | 7.00 |
| 5/7/2003 | JJM | Review documents in Variety 1 and Variety 2 actions; preparation of trial exhibit list | 7.00 |
| 5/7/2003 | JJM | Continued review of documents in Variety 1 and 2 actions for trial exhibits; conference with M. Pantalony re same | 5.25 |
| 5/7/2003 | LSE | Conference with M. Pantalony and J. Lessem re issues to be covered in opposition to Summary Judgment Motion | 0.50 |
| 5/7/2003 | MP | Exchange email with P. O'Connor re pre-trial order; telephone conversations with G. Berman re Sprizzo transcript; conference with L. Ederer re Sprizzo transcript; preparation of letter application to Judge Sprizzo re unsealing; begin consideration of motion in limine; conference with J. Morales re exhibit list | 2.50 |
| 5/8/2003 | JG | Reviewed evidence re Nike styles at issue; updated evidence summary chart re same; preparation of letter to L. Colbert re BOM's and Screenprint Information re still needed | 2.50 |
| 5/8/2003 | JHL | Revisions to letter to Judge Sprizzo re unsealing Wal-Mart record; preparation of proposed order re same; conference with L. Ederer and M. Pantalony re same | 3.50 |

| | | | |
|---|---|---|---|
| 5/8/2003 | LSE | Conference with M. Pantalony re issues for Motion to Compel or Preclude; conference with M. Pantalony and J. Lessem re Motion to Unseal Judge Sprizzo's Transcript; conference with M. Pantalony re scheduling issues for pre-trial proceedings | 1.00 |
| 5/8/2003 | MP | Continue preparation of letter application to Judge Sprizzo re transcript; conferences with L. Ederer, S. Gursky, J. Lessem re same; telephone conversations with P.O'Connor re pre-trial order; telephone conversations with S. Flanders re pre-trial order; review and consider motion in limine; conference with L. Ederer re same. | 3.50 |
| 5/8/2003 | NSG | Draft Notice of Intent to File Reply in support of Motion for Summary Judgment; review Order re pre-trial Order and preparation of outline of same | 1.50 |
| 5/8/2003 | SRG | Conference with L. Ederer, J. Lessem and M. Pantalony re transcript and preparation of letter application | 0.25 |
| 5/9/2003 | AV | Conference with M. Pantalony re documents produced by Variety concerning undisclosed Nike goods; begin review of Variety documents re Variety's profits from sales of undisclosed Nike goods | 0.50 |
| 5/9/2003 | JG | Telephone conversation with L. Colbert re corresponding BOM's and screenprint information needed for counterfeit evidence | 0.25 |
| 5/9/2003 | JHL | Conference with A. Sutherland re record of appeal in Hilfiger/Wal-Mart case; reviewed same, conference with L. Ederer and S. Gursky re use of July 12 transcript; review Variety papers in opposition to summary judgment motion; conference with L. Ederer re same | 2.50 |
| 5/9/2003 | JJM | Further preparation of document to be used as trial exhibits; conference with M. Pantalony re research and preparation of Declaration in Support of Motion in Limine; conduct legal research re standard for Motions in Limine in the Eleventh Circuit | 5.75 |
| 5/9/2003 | LSE | Meeting with M. Pantalony and J. Lessem re in limine motions, pre-trial papers, scheduling | 1.00 |
| 5/9/2003 | MP | Review opposition brief of Variety' conferences with L. Ederer, J. Lessem re opposition brief, pre-trial order; telephone conversation of S. Flanders re pre-trial order; conference with J. Morales re motion in limine; conference with A. Veronick re documents produced by Variety concerning undisclosed Nike goods | 2.00 |
| 5/12/2003 | JHL | Conference with L. Ederer, M. Feinberg and M. Pantalony re Simpson Reply Declaration for Summary Judgment Motion; conference with M. Pantalony re pre-trial order | 1.00 |
| 5/12/2003 | JJM | Review depositions of T. Blackburn and J. Frucht, correspondence with opposing counsel re discovery | 5.25 |

|            |     |                                                                                                                                                                                                                                                                                                                        |      |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | requests, defendant's motion to strike discovery requests and for sanctions and Nike's opposition re same in preparation of Declaration in Support of Motion in Limine; preparation of initial draft of same; conference with M. Pantalony re revisions to document list re potential trial exhibits; preparation of revisions to same |      |
| 5/12/2003  | LSE | Conference with M. Pantalony re reply to Summary Judgment Motion                                                                                                                                                                                                                                                        | 0.50 |
| 5/12/2003  | LSE | Conference with M. Feinberg, J. Lessem and M. Pantalony re Simpson Reply Declaration for Summary Judgment Motion                                                                                                                                                                                                        | 0.50 |
| 5/12/2003  | MJF | Conference with J. Gallo re Nike label documents required for Variety trial                                                                                                                                                                                                                                             | 0.25 |
| 5/12/2003  | MP  | Review and revise draft declaration re Motion in Limine; review and consider exhibit list; telephone conversation with T. Adams re pre-trial order; conference with J. Lessem re same; preparation of correspondence to T. Adams re sales of unaccused Nike goods; review affidavits of B. Sprunger, T. Blackburn in opposition to motion for summary judgment; conference with L. Ederer and J. Lessem re Reply Declaration for Summary of Judgment Motion | 2.50 |
| 5/12/2003  | MP  | Conference with L. Ederer re reply to Summary Judgment Motion                                                                                                                                                                                                                                                           | 0.50 |
| 5/12/2003  | NSG | Designate deposition testimony of J. Brown, A. Tamborini, J. Frucht and B. Sprunger, review Hilfiger v. Goody's decision re willfulness counterfeiting and infringement issues in 11th Circuit; draft sections of pre-trial order relating to parties, background of litigation, outstanding motions and jurisdiction; further designate deposition testimony of T. Blackburn | 7.75 |
| 5/13/2003  | AV  | Continue review of documents produced by Variety re undisclosed Nike goods; preparation of chart analyzing products and number of units purchased and sold by Variety; conference with M. Pantalony re same                                                                                                             | 1.75 |
| 5/13/2003  | JG  | Conference call with M. Feinberg and L. Colbert re requested production documents and styles at issue; telephone conversations (2) with L. Colbert re styles at issue; conference with N. Goldstein re deposition designations; reviewed same and preparation of summary of deposition designations | 2.50 |
| 5/13/2003  | JHL | Conference with M. Pantalony and N. Goldstein re Simpson reply declaration and reply brief, research re hearing issue                                                                                                                                                                                                   | 1.25 |
| 5/13/2003  | JJM | Conference with M. Pantalony re initial draft of Declaration in Support of Motion in Limine and draft of Plaintiff's                                                                                                                                                                                                    | 6.00 |

Exhibit List; preparation of further revisions to Exhibit List to include description of ninety counterfeit garments, trademark registrations, Settlement Agreements between Variety and other parties, and Complaints in court actions brought against Variety by other parties; preparation of revisions to Declaration in Support of Motion in Limine

| | | | |
|---|---|---|---|
| 5/13/2003 | MJF | Conference call with J. Gallo and L. Colbert re Variety trial preparation; multiple conferences with J. Gallo re same | 0.50 |
| 5/13/2003 | MP | Revise correspondence to T. Adams re sales of unaccused goods; conferences with N. Goldstein, J. Lessem re reply brief; conference with J. Lessem re hearsay issue; exchange email with P. O'Conner re changes to pre-trial order; conference with J. Morales re motion in limine; review and revise protective order | 3.00 |
| 5/13/2003 | MP | Conference with A. Veronick re documents produced Variety | 0.25 |
| 5/13/2003 | NSG | Conference with M. Pantalony re Variety's opposition to Nike's Motion for Summary Judgement; Conference with J. Lessem and M. Pantalony re hearsay issue; designate deposition testimony of R. Faucher, G.Bellino and J. Hamm for pre-trial order; correspond with local counsel re Variety's failure to serve response to Nike's Rule 56.1 statement; draft outline of Reply Memorandum in Support of Motion for Summary Judgement; conference with J. Gallo re designations of deposition | 8.50 |
| 5/14/2003 | JG | Telephone conversation with L. Colbert re styles at issue and status of request for follow up documentation; continued compilation of deposition designations; conference with L. Ederer, M. Pantalony, M. Feinberg and J. Lessem re evidence issues and document requests | 5.75 |
| 5/14/2003 | JHL | Review of exhibit list for pre-trial order; conference with L. Ederer re evidence issues; conference with L. Ederer and M. Feinberg re reply declaration issues; conference with N. Goldstein re reply brief | 4.50 |
| 5/14/2003 | JJM | Preparation of exhibits to Declaration in Support of Motion in Limine | 1.25 |
| 5/14/2003 | LSE | Conference with M. Pantalony and J. Lessem re various tasks to be done, including reply to Summary Judgment Motion, Simpson declaration, examination of documents by Nike; conference with M. Pantalony and J. Lessem re exhibits to be used at trial; conference call with opposing counsel Adams re meet and confer re trial exhibits, deposition designations, objections | 3.00 |
| 5/14/2003 | MJF | Conference with M. Pantalony re Variety and Nike silk screen status | 0.20 |
| 5/14/2003 | MJF | Telephone conversations (2) with L. Colbert re Variety | 0.65 |

| | | | |
|---|---|---|---|
| | | documents; telephone conversation with D. Simpson re meeting in New York; multiple conferences with J. Gallo re follow-up with L. Colbert; conference with L. Ederer, M. Pantalony, J. Lessem and S. Gursky re reply to Variety's Summary Judgment Motion | |
| 5/14/2003 | MP | Conferences with L. Ederer, J. Lessem re reply brief, hearsay issue; conference with J. Lessem re exhibit list and evidence; review of same; conferences with N. Goldstein re reply brief, factual issues | 5.50 |
| 5/14/2003 | NSG | Conferences (2) with J. Lessem re Reply Memorandum in Support of Motion for Summary Judgment; revise outline in accordance with same; legal research re deadline to file reply brief; conference with J. Morales re legal research on hearsay issue; further designate deposition testimony of R. Faucher and G. Bellino; designate deposition testimony of M. Flores and R. Ortiz; draft Reply Memorandum of Law in Support of Motion for Summary Judgement; conference with J. Lessem and M. Pantalony re evidence | 6.00 |
| 5/14/2003 | SRG | Conference with L. Ederer, J. Lessem, M. Feinberg and M. Pantalony re Motion for Summary Judgment | 0.60 |
| 5/15/2003 | JG | Preparation of summary of deposition designations re R. Faucher and G. Bellino; conference with M. Feinberg re factory codes present on Variety 1 evidence; reviewed same; conference with M. Feinberg re vendor codes re same; reviewed same; revised evidence charts; began review of catalogs produced by L. Colbert | 2.75 |
| 5/15/2003 | JHL | Review of material for pre-trial order; conference with L. Ederer and S. Gursky re hearsay issue; research re same; conference with M. Pantalony re Simpson reply declaration | 4.00 |
| 5/15/2003 | JJM | Conference with M. Pantalony re plaintiffs exhibit list; preparation of further revisions to plaintiffs exhibit list | 6.25 |
| 5/15/2003 | . LSE | Conference with S. Gursky and J. Lessem re hearsay issue | 0.50 |
| 5/15/2003 | MJF | Telephone conversations (2) with D. Simpson re Variety evidence inspection; telephone conversations (3) with J. Gallo re further review of evidence re same; telephone conversation with S. Gursky re same; read D. Simpson transcript; conference with S. Gursky and J. Lessem re course of action; conference call with D. Simpson, S. Gursky and J. Lessem re same; multiple conferences with J. Gallo re status and follow-up; telephone conversation with L. Colbert re same; reviewed material sent by L. Colbert | 4.25 |
| 5/15/2003 | MP | Conferences with J. Lessem, M. Feinberg, S. Gursky re counterfeit evidence and reply declaration; conferences | 1.50 |

|  |  | with N. Goldstein, J. Morales re exhibit list; telephone conversation with T. Adams, M. Ladenheim re pre-trial order and searches for sales data for other goods |  |
|---|---|---|---|
| 5/15/2003 | NSG | Legal research re appropriate deductions from gross profits; review proposed trial exhibits; conference with M. Pantalony and J. Morales re pre-trial order and exhibits; conference with S. Gursky and M. Pantalony re hearsay issues; review deposition designations for pre-trial order; draft Reply Memorandum of Law in support of Motion for Summary Judgment | 7.25 |
| 5/15/2003 | SRG | Telephone conversation with M. Feinberg re evidence inspection; conferences with L. Ederer, M. Pantalony and J. Lessem re status and follow-up | 2.25 |
| 5/16/2003 | CA | Review Nike catalogs to locate corresponding style numbers for Variety evidence | 4.25 |
| 5/16/2003 | JG | Preparation of Summary of Deposition Designations re M. Flores and R. Ortiz; conference with M. Feinberg and C. Abbate re reveiw of 1996 - 2001 catalogs; began review of same; telephone conversation with L. Colbert re BOM's screenprint information and authentic samples re same | 5.50 |
| 5/16/2003 | JHL | Conference with N. Goldstein re reply brief; conference with M. Feinberg re Simpson review of Nike documents; conference with N. Goldstein re exhibit list; review of same | 2.50 |
| 5/16/2003 | JJM | Review prior Settlement Agreements between defendant and Tommy Hilfiger Licensing, Inc., Polo and Nike for identification of vendors of infringing goods; review purported Nike invoice from STX International and reviewed socks for SKUs identified in purported Nike invoice; preparation of memo re same; review receipts for counterfeit items purchased from defendant; preparation of memo identifying garments with receipts and purchaser of garments; conference with N. Goldstein re exhibit list; preparation of further revisions to same | 3.00 |
| 5/16/2003 | LSE | Conference with N. Goldstein and J. Lessem re exhibit list, deposition designations; conference with S. Gursky re review of garments with D. Simpson | 1.00 |
| 5/16/2003 | MJF | Conference with J. Gallo re status of Nike compilation; conference with J. Lessem re same | 0.25 |
| 5/16/2003 | MJF | Reviewed authentic counterparts and newly discovered styles in Nike catalogs; multiple conferences with J. Gallo and C. Abbate re same | 0.35 |
| 5/16/2003 | NSG | Conference with J. Lessem re trial exhibits; revise trial exhibit list in accordance with same; review Variety's proposed trial exhibits and deposition designations ; further draft Reply Memorandum in Support of Motion for | 7.50 |

| | | Summary Judgment; finalize designations of deposition testimony | |
|---|---|---|---|
| 5/16/2003 | SRG | Review D. Simpson's testimony from December 4, 2002 deposition; conference with L. Ederer re review of garments with D. Simpson | 1.25 |
| 5/17/2003 | DJ | Review catalogs and evidence re identification of Nike style numbers | 2.50 |
| 5/17/2003 | JG | Continued review of evidence and catalogs to identify authentic counterparts of counterfeit evidence; reviewed Variety and Rose's spreadsheets and compared against quantities ordered and received as per the actual purchase orders and invoices produced; reviewed Variety's deposition designations and identified appropriate designations of D. Simpson's deposition transcript | 8.25 |
| 5/17/2003 | NSG | Draft objections to Variety's proposed trial exhibits; review Variety's deposition designations | 4.00 |
| 5/19/2003 | JG | Conference with M. Feinberg and S. Gursky re styles identified in 1996 - 2000 Nike catalogs; reviewed additional documents produced by L. Colbert; met with D. Simpson re same | 4.00 |
| 5/19/2003 | JHL | Review and revise reply brief; review and revise Simpson declaration; conference with L. Ederer re trial issues | 2.00 |
| 5/19/2003 | LSE | Meeting with D. Simpson re review of evidence; revise Simpson reply declaration on Motion for Summary Judgment; review correspondence from opposing counsel re settlement; meeting with D. Simpson re settlement position; correspondence to opposing counsel re settlement position; telephone call with opposing counsel re settlement conference | 2.00 |
| 5/19/2003 | MJF | Meeting with L. Ederer, S. Gursky, J. Gallo and D. Simpson re opposition to Variety Summary Judgment Motion; multiple conferences with J. Gallo re same; reviewed evidence re same; conference with L. Ederer and S. Gursky re settlement; meeting with D. Simpson, L. Ederer and S. Gursky re same; reviewed legal fees re same | 1.50 |
| 5/19/2003 | MP | Conferences with L. Ederer, M. Feinberg re reply declaration and evidence; review correspondence from T. Adams re unaccused goods | 0.75 |
| 5/19/2003 | NBF | Conference with J. Gallo re summaries prepared for document review and analysis of same; conference with J. Lessem re designations for trial and proposed course of action for same | 0.50 |
| 5/19/2003 | NSG | Legal research with respect to burden of proof associated with demonstrating that sales were unrelated to use of mark; draft pre-trial order | 3.25 |

| 5/19/2003 | SRG | Review of evidence with J. Gallo; meeting with D. Simpson and L. Ederer re possible settlement; review of decision in Hilfiger v. Goody's for relevant passages to respond to letter from T. Adams, Esq. | 2.25 |
| 5/20/2003 | JG | Reviewed additional Bills of Materials and screenprint information produced by Nike; conference with M. Feinberg re Rose's and Variety profit analysis; recalculated profits based on reported goods sold | 2.75 |
| 5/20/2003 | JHL | Review and revision of revised draft of reply brief; conference with M. Feinberg re Simpson reply declaration; further revisions of same; conference with N. Goldstein re pre-trial order issues and re trial brief; conference with J. Morales re research on issue relating to calculation of profits | 5.50 |
| 5/20/2003 | JJM | Legal research re defendants' ability to deduct cost of unsold infringing goods from calculation of gross profits | 3.00 |
| 5/20/2003 | LSE | Conference with M. Feinberg re sales, position on settlement; conference call with client, opposing counsel, re settlement; revise reply D. Simpson declaration on Motion for Summary Judgment; conference with N. Goldstein re status of pre-trial papers; review D. Simpson deposition testimony | 2.00 |
| 5/20/2003 | MJF | Reviewed D. Simpson declaration; conference with J. Lessem re same; reviewed deposition transcript re same; conference with J. Gallo re preparation of Variety settlement conference; reviewed prior tables; conference with S. Gursky and L. Ederer re same; conference call with L. Ederer, S. Gursky and D. Simpson with T. Adams, T. Blackman and A. Pope re same; reviewed exhibit evidence with J. Gallo | 2.35 |
| 5/20/2003 | SRG | Conference with M. Feinberg and L. Ederer re deposition transcript; conference call with L. Ederer, M. Feinberg and D. Simpson re same | 1.00 |
| 5/21/2003 | AV | Conference with J. Lessem, L. Ederer and M. Pantalony re calculation of Variety's profits from sales on undisclosed Nike products; review M&D sales to Variety re same; draft recalculation of Variety's profits based upon M&D sales; conference with J. Lessem and M. Pantalony re new calculation | 2.25 |
| 5/21/2003 | CA | Conference with J. Gallo re creation of Variety chart Exhibit table | 3.50 |
| 5/21/2003 | JG | Conference with M. Feinberg re review of deposition samples shown to D. Simpson against evidence samples; reviewed same; conference with C. Abbate re compilation | 2.50 |

| | | | |
|---|---|---|---|
| | | of proposed trial exhibits relating to the counterfeit garments; reviewed same; reviewed D. Simpson's deposition transcript to identify exhibits found to be counterfeit | |
| 5/21/2003 | JHL | Final revisions to Simpson reply declaration; final revisions to reply brief; conference with L. Ederer re Motion in Limine; review of records of sales by vendors Jade and Red Tag; conference with A. Veronick re profit calculation; conference with J. Morales re research on damages issue | 4.00 |
| 5/21/2003 | LSE | Revise declaration of D. Simpson; conference with M. Feinberg, S. Gursky and J. Lessem re same; meeting with M. Pantalony, N. Goldstein and J. Lessem re preparation of trial briefs, other materials for pre-trial order; conference with A. Veronick and J. Lessem re Motion in Limine | 2.75 |
| 5/21/2003 | MJF | Telephone conversation with P. O'Conner re reply to Summary Judgment; conference with L. Ederer and J. Lessem re same; conference with L. Ederer, M. Pantalony, J. Lessem and A. Veronick re pre-trial preparation; reviewed D. Simpson declaration; conference with S. Gursky and L. Ederer re same; conference with D. Simpson re same | 0.25 |
| 5/21/2003 | MP | Conferences with L. Ederer, N. Goldstein, J. Lessem re pre-trial order, Motions in Limine; review draft declaration re Motion in Limine | 3.50 |
| 5/21/2003 | NSG | Conference with litigation team re pre-trial order and potential motions in limine; review and revise Simpson Declaration; review deposition counter-designations; review objections to exhibits; draft pre-trial order; finalize Reply Memorandum of Law in Support of Motion for Summary Judgment; telephone conversation with local counsel re same | 7.25 |
| 5/21/2003 | SRG | Conference with M. Feinberg and L. Ederer re D. Simpson declaration | 0.25 |
| 5/22/2003 | AS | Bate stamped client documents | 0.50 |
| 5/22/2003 | AV | Conference with L. Ederer re calculation of Variety's profits from sales of undisclosed Nike SKU's | 0.25 |
| 5/22/2003 | CA | Photographed evidence | 0.25 |
| 5/22/2003 | JG | Conference with M. Pantalony re proposed trial exhibits relating to t-shirt and sock evidence; reviewed same with M. Pantalony; compiled a master set of documents to be bate-stamped and produced; preparation of trial exhibit list re same; reviewed documents and screenprint information produced in M&D for similar styles | 3.00 |
| 5/22/2003 | JHL | Review of pre-trial order; conference with N. Goldstein re same; conference with L. Ederer re Motion in Limine; | 4.00 |

| | | review of material re same; review proposed trial exhibits; conference with M. Pantalony re proof issues | |
|---|---|---|---|
| 5/22/2003 | JJM | Conference with M. Pantalony re revisions to Declaration in Support of Motion in Limine; preparation of additions to same re preclusion of defendant's claim for deductions; further research re cases holding that a defendant may not claim the cost of unsold infringing goods as costs from gross profits | 5.00 |
| 5/22/2003 | LSE | Conference with A. Veronick re Variety's profits from sales of undisclosed Nike SKU's | 0.25 |
| 5/22/2003 | LSE | Conference with J. Lessem re Motion in Limine | 0.25 |
| 5/22/2003 | MP | Continue preparation of pre-trial order re exhibits, designations; review further evidence from Nike and consider further exhibits; telephone conversations with T. Adams and M. Ladenheim re pre-trial order issues; review and revise designations of transcripts of Faucher, Braun, Tamborini, Hamm, Frucht, Springer, Blackburn | 8.00 |
| 5/22/2003 | NSG | Preparation of objections to Simpson designations; draft trial brief; draft pre-trial order; conference with M. Pantalony re deposition designations and objections to Variety's proposed trial exhibits | 8.50 |
| 5/23/2003 | AS | Preparation of deposition designations for pre-trial order | 7.05 |
| 5/23/2003 | AV | Conference with M. Pantalony re revisions to Variety profit calculation for Motion in Limine; revise calculation; conference with J. Lessem re revisions to profit calculation; conference re trial preparation | 0.75 |
| 5/23/2003 | CA | Conference with M. Pantalony and N. Goldstein re assistance in the preparation of deposition designations; assisted with same | 4.25 |
| 5/23/2003 | JHL | Conference with M. Pantalony re Motion in Limine; conference with L. Ederer re same; review of additional documents for same; conference with N. Goldstein re pre-trial order and trial brief; conference with M. Pantalony re evidence issue | 2.75 |
| 5/23/2003 | JJM | Conference with M. Pantalony re proposed stipulations as to garments purchased in Variety 1 and 2; review evidence and preparation of stipulations re same; conference with N. Goldstein re trademarks used on different style garments; preparation of list of trademarks used per styles; conference with N. Goldstein re deposition designations; reviewed and verified deposition designations prepared for J. Brown, J. Frucht, R. Ortiz, R. Faucher, B. Sprunger and J. Hamm; preparation of second set of exhibits to Declaration in Support of Motion in Limine | 3.50 |
| 5/23/2003 | MP | Conferences with J. Lessem re Motions in Limine; | 5.00 |

| | | | |
|---|---|---|---|
| | | continue preparation of pre-trial order re exhibits, designations; review transcript of Blackburn from March 3-4 re designations; prepare further stipulations re evidence; telephone conversations with M. Ladenheim re pre-trial order; review and finalize objections to Variety's exhibits | |
| 5/23/2003 | NSG | Conference with litigation team re deposition designations; conference with J. Lessem and M. Pantalony re trial brief; draft trial brief and pre-trial order; draft objections to Variety's proposed trial exhibits and deposition designations | 6.50 |
| 5/23/2003 | AR | Marking transcripts for designated testimony | 6.00 |
| 5/24/2003 | AS | Further preparation of deposition designations for pre-trial order | 6.50 |
| 5/24/2003 | JHL | Preparation of draft Pantalony Declaration for Motion in Limine | 3.50 |
| 5/24/2003 | JJM | Review and verify deposition designations of G. Bellino, C. Tamborini and T. Blackburn; conference with M. Pantalony re preparation of master trial exhibit list; review defendant's exhibits and defendant's objections to Nike's exhibits in preparation of master trial exhibit list for inclusion in pre-trial order; preparation of same | 4.50 |
| 5/24/2003 | MP | Continue preparation of pre-trial order; preparation of exhibit list, exhibits to Motions in Limine, transcript designations; preparation of correspondence to G. Darbyshire re transcript designations; preparation of correspondence to P. O'Connor re exhibits; review and revise objections to Variety's designation; multiple conferences with N. Goldstein and J.Morales re pre-trial order and brief | 9.50 |
| 5/24/2003 | NSG | Draft trial brief; revise pre-trial order | 6.00 |
| 5/25/2003 | JHL | Completion of Pantalony Declaration for Motion in Limine; telephone conversation with M. Pantalony re same | 4.25 |
| 5/25/2003 | JJM | Review documents on trial exhibit list (251) in preparation for trial; conference with M. Pantalony re Variety's and Nike's objections and counter-designations to depositions; review Nike's objections and counter-designations to Variety's designations of D. Simpson's deposition; update pre-trial order to include list of Variety's and Nike's objections and counter-designations | 4.00 |
| 5/25/2003 | LSE | Conference with M. Pantalony; review points in pre-trial order; review points to be covered in trial brief; conference with J. Lessem re in limine motions; conference with M. Pantalony re position on expert witness | 4.00 |
| 5/25/2003 | MP | Conference with L. Ederer re pre-trial order, trial brief and Motions in Limine; review and revise in detail pre-trial | 8.50 |

| | | order; review and consider chronology of facts re trial brief; multiple conferences with N. Goldstein, J. Morales re pre-trial issues; multiple conversations with M. Ladenheim re pre-trial order | |
|---|---|---|---|
| 5/25/2003 | NSG | Conference with L. Ederer re trial brief; conference with M. Pantalony re trial brief and pre-trial order; further draft and revise trial brief; revise pre-trial order; conference with M. Pantalony re pre-trial order | 10.50 |
| 5/26/2003 | JHL | Revision of Pantalony declaration; telephone conversation with L. Ederer re brief; telephone conversation with J. Morales re research for brief; preparation of drafted brief; revision of same | 7.00 |
| 5/26/2003 | JJM | Telephone conversation with J. Lessem re research on Federal Rule of Civil Procedure 37 where defendant failed to disclose evidence that would have enabled plaintiff to make a determination; conference with M. Pantalony re research on plaintiffs ability to rescind release under a settlement agreement due to misrepresentation of facts or material breach; preparation of inserts to pre-trial order re deposition designations and counter designations | 6.75 |
| 5/26/2003 | LSE | Conference with M. Pantalony; revise fact portion of trial memorandum | 3.00 |
| 5/26/2003 | MP | Continue preparation of pre-trial order and trial brief; review and revise trial brief; multiple conferences with L. Ederer, N. Goldstein, J. Morales re pre-trial order | 10.00 |
| 5/26/2003 | NSG | Further draft and revise trial brief; conferences with M. Pantalony (3) re same; conference with J. Morales re trial exhibits; review trial exhibits; review deposition testimony of R. Faucher, T. Blackburn, J. Brown, R. Hamm and C. Tamborini | 8.50 |
| 5/27/2003 | AV | Conference with N. Goldstein re calculation of damages re undisclosed Nike SKU numbers; conference with M. Pantalony re M&D documents to be produced to Variety; review M&D documents re same; preparation of memo re process for computing damages calculation to be used in drafting Motion in Limine | 1.00 |
| 5/27/2003 | JHL | Revisions to Motion in Limine; conference with L. Ederer and M. Pantalony re computer expert and re use of deposition of M&D in Georgia action | 3.00 |
| 5/27/2003 | JJM | Preparation of exhibits (262) to be used at trial; conference with N. Goldstein re references to exhibits in brief; update brief re references to exhibits; conference with M. Pantalony re retail purchases in Variety 1 on trail exhibit list | 7.50 |
| 5/27/2003 | LSE | Revise trial brief; conference with M. Pantalony and N. Goldstein; finalize trial brief; telephone conversation with | 5.25 |

| | | | |
|---|---|---|---|
| | | D. Simpson re settlement issue re pre-trial order; finalize pre-trial order | |
| 5/27/2003 | MP | Finalize preparation of pre-trial order and trial brief | 5.50 |
| 5/27/2003 | NSG | Review, revise and finalize trial brief; review citations to trial brief; conference with L. Ederer and M. Pantalony re trial brief; telephone conversation with opposing counsel re service and filing of trial brief; conference with M. Pantalony re trial exhibits | 6.25 |
| 5/28/2003 | JJM | Further preparation of trial exhibits to be sent to local counsel; conference with N. Goldstein re preparation of Formal Court Exhibit and Witness List; preparation re same | 3.00 |
| 5/28/2003 | LSE | Review Motion in Limine of Variety; telephone conversation with T. Adams re Nike motion; conference with M. Pantalony re preparation of material for conference and re evidentiary issues | 1.50 |
| 5/28/2003 | MP | Conference with L. Ederer re preparing for pre-trial conference and Motions in Limine; conferences with N. Goldstein and J. Morales re pre-trial issues; review Variety's Motion in Limine | 1.25 |
| 5/28/2003 | NSG | Telephone conversation with local counsel re exhibits; review Variety's Motion in Limine; preparation of trial exhibits for pre-trial conference; correspond with local counsel and opposing counsel re preparation for pre-trial conference | 3.75 |
| 5/29/2003 | AV | Conferences with L. Ederer re pre-trial conference; prepare documents for use at the pre-trial conference; conference with L. Ederer and N. Goldstein re trial preparation; conference with M. Pantalony re materials needed for pre-trial conference | 1.75 |
| 5/29/2003 | JJM | Conference with N. Goldstein re formal trial exhibit list; preparation of revisions to same; preparation of working files for pre-trial conference | 2.75 |
| 5/29/2003 | LSE | Review all pending motions and prepare for pre-trial conference | 4.00 |
| 5/29/2003 | MJF | Conference with L. Ederer, N. Goldstein and J. Morales re chain of custody issues; reviewed files re same; telephone conversation with J. Morales and G. Cruz re same | 0.50 |
| 5/29/2003 | MP | Conference with L. Ederer, N. Goldstein re preparing for pre-trial conference | 2.00 |
| 5/29/2003 | NSG | Review pleadings, motion papers and exhibits in preparation for pre-trial Conference; conferences (3) with L. Ederer re pre-trial conference; review Variety's trial brief; review Variety's Supplemental Memorandum in Further Support of Motion in Limine; telephone conversation with | 7.00 |

|  |  | local counsel re preparation of exhibits for pre-trial conference; conference with L. Ederer and M. Pantalony re authentication of certain exhibits and damages calculation from retail sales; legal research re authentication of exhibits; draft memo to L. Ederer and M. Pantalony re outstanding issues to be addressed at pre-trial conference |  |
| 5/30/2003 | JJM | Preparation of second set of master trial exhibits | 1.00 |
| 5/30/2003 | LSE | Travel to Savannah, GA for pre-trial conference; preparation for conference during travel and at local counsel's office; attendance at pre-trial conference; return travel to NY; conference with M. Pantalony re next steps | 11.00 |
| 5/30/2003 | MP | Attend pre-trial conference before Judge Nangle in Savannah; return travel from Savannah to New York | 11.00 |

Matter Total:    537.70    $ .    142,285.00

1163-0051          LT Variety 2 98-032A

                        B&W Copy Recovery                                    2,255.25

                        Facsimile Recovery                                       49.00

                        Colorcopy Recovery                                     407.88

                        Telephone Recovery                                     144.82

4/1/2003    803821797    West Group
                         West Law Charges                                      366.51

5/1/2003    804231553    West Group
                         West Law Charges                                   1,559.95


5/14/2003   14027        Hicks & Lucky, P.C.       re: Jade Apparel v.
                         Local Counsel             Variety Wholesalers v.   11,733.87

5/19/2003   4-71652614   FedEx
                         Fed Ex Charges                                         48.99

5/21/2003   052103       Petty Cash
                         Court Copies                                            6.00



.RSKY & PARTNERS, LLP
50 BROADWAY
TH FLOOR
EW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753
WWW.GURSKYPARTNERS.COM

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: July 17, 2003
Closing date:   June 30, 2003
Invoice #   1921

**For Professional Services Rendered:**

GURSKY & PARTNERS
ATTORNEYS AT LAW

| 1163-0051 | | LT Variety 2 98-032A | Hours | Amount |
|---|---|---|---|---|
| 6/2/2003 | JHL | Conference with L. Ederer re pre-trial conference and opposition to motion in limine | 0.50 | |
| 6/2/2003 | JJM | Conference with M. Pantalony re exhibits and letters evidencing defendant's submission of counterfeit items for examination; review files re same; confirm items set forth in letters with items on evidence log; preparation of letter to local counsel re same | 1.00 | |
| 6/2/2003 | LSE | Conference with J. Lessem re pre-trial conference and opposition to motion in limine | 0.50 | |
| 6/2/2003 | LSE | Conference with S. Gursky re pre-trial conference | 0.50 | |
| 6/2/2003 | MJF | Conference with N. Goldstein re investigators' availability to testify at trial | 0.10 | |
| 6/2/2003 | MP | Exchange email with P. O'Connor re further order from Judge Nangle; conference with J. Morales re exhibits and letters | 0.50 | |
| 6/2/2003 | NSG | Telephone conversation with F. Lee's office re availability to testify at trial; conference with M. Feinberg re investigators availability to testify at trial | 0.25 | |
| 6/2/2003 | SRG | Conference with L. Ederer re pre-trial conference | 0.50 | |
| 6/3/2003 | JJM | Conference with N. Goldstein and M. Pantalony re deposition summaries for Judge Nangle; review depositions in preparation of deposition summaries re Hamm, Brown and Bellino; preparation of revisions to memo re retail purchases in Variety 1; conference with M. Pantalony re garment exhibits in Simpson's deposition; review images and SKUs of garments from deposition with images and SKUs of garments sold by Variety; preparation of memo analyzing same | 7.50 | |
| 6/3/2003 | LSE | Conference with M. Pantalony re preparation of opposition to in limine motion, proposed findings and conclusions, location of investigators; conference with M. Feinberg re location of investigators | 1.00 | |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 6/3/2003 | MJF | Telephone conversations (2) with N. Johnason re availability for Variety deposition; telephone conversation with D. Simpson re R. Rabenad availability for same; conference with L. Ederer and M. Pantalony re same; review investigative reports re same | 0.75 |
| 6/3/2003 | MP | Conferences with L. Ederer re pre-trial issues and response to motion in limine; review investigators re retail purchases; telephone conversation with R. Rabenold re purchase and investigation; telephone conversation with D. Simpson re trial issues | 2.50 |
| 6/3/2003 | NSG | Draft outline of Memorandum of Law in Opposition to Variety's motion in limine; conference with M. Pantalony and J. Morales re trial preparation; prepare deposition summaries for R. Ortiz and M. Flores; legal research re exclusion of evidence not requested during discovery; draft memorandum of law in opposition Variety's motion in limine | 6.75 |
| 6/4/2003 | JJM | Conference with M. Pantalony re review of images and SKUs of garments from deposition with images and SKUs of garments sold by Variety; conferences (3) with N. Goldstein re research; conduct legal research re what constitutes substantial justification for failure to disclose under Federal Rule Civil Procedure 37; review deposition of B. Sprunger; preparation of deposition summary re same | 3.00 |
| 6/4/2003 | LSE | Conference with M. Pantalony re motions in limine, proposed findings; telephone conversation with D. Simpson re date for trial | 1.00 |
| 6/4/2003 | MP | Review physical exhibits and revise correspondence to P. O'Connor re exhibits; preparation of correspondence to T. Adams re witnesses; telephone conversation with P. O'Connor re F. Lee; conferences with N. Goldstein re opposition to motion in limine and findings of fact; legal research re Rule 37(c), initial disclosures, witness list; review and revise draft opposition to motion in limine | 4.50 |
| 6/4/2003 | NSG | Draft Memorandum of Law in opposition to Variety's motion in limine and conference with M. Pantalony re same; conference with M. Pantalony re proposed findings of fact and conclusions of law; draft proposed findings of fact and conclusions of law | 7.50 |
| 6/5/2003 | JHL | Conference with L. Ederer and M. Pantalony re motion in limine; review of preliminary draft of same | 2.00 |
| 6/5/2003 | JJM | Conference with M. Pantalony and N. Goldstein re research; conduct research re no prejudice under FRCP 37 to opposing party for presentation of authentication witness at trial, or denials of motions in limine where motion is based upon speculation as to what witness will testify to; conference with N. Goldstein re research; conference with M. Pantalony re review of defendant's spreadsheets re sales per SKUs; review sales of SKUs in | 3.00 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | Variety's spreadsheets with SKU of garments examined; preparation of memo re same; review deposition of R. Faucher; preparation of deposition summary re same | |
| 6/5/2003 | LSE | Conference with M. Pantalony, J. Lessem re points to be addressed in opposition papers, proposed findings | 1.00 |
| 6/5/2003 | MP | Review order of Judge Nangle; multiple conversations with P. O'Connor re trial; conferences with L. Ederer re trial and proposed findings of fact; begin preparation of proposed findings of fact and conclusions of law; conferences with N. Goldstein re opposition to motion in limine and review and revise same; telephone conversation with T. Adams re same | 5.00 |
| 6/5/2003 | NSG | Conference with M. Pantalony re opposition to motion in limine and revise brief in accordance with same | 8.00 |
| 6/6/2003 | JHL | Review of motion in limine; revisions to same; review of findings of fact; conference with N. Goldstein re same | 5.50 |
| 6/6/2003 | JJM | Conference with M. Pantalony re memo on sale of SKUs in Variety's spreadsheets with SKU of garments examined; preparation of revisions re same; conferences with N. Goldstein (2) re D. Simpson's Declaration; review garments examined to identify SKUs on garments listed in Simpson's Declaration; review depositions of C. Tamborini and J. Frucht; preparation of deposition summaries re same | 4.00 |
| 6/6/2003 | LSE | Conference with M. Pantalony re motion to fix trial date, proposed findings, opposition to motion in limine; review draft opposition | 1.00 |
| 6/6/2003 | MP | Conferences with L. Ederer, J. Lessem, N. Goldstein re pre-trial issues; telephone conversation with D. Simpson re declaration and request for date certain for trial; preparation of draft declarations of D. Simpson and L. Ederer re trial date, multiple conversations with P. O'Connor re trial date and pre-trial papers; review and revise further draft of opposition to motion in limine | 4.50 |
| 6/6/2003 | NSG | Conference with litigation team re trial preparation; further draft proposed findings of fact and conclusions of law; conference with J. Lessem and revise proposed findings of fact and conclusions of law in accordance with same; revise memorandum of law in opposition to motion in limine | 11.00 |
| 6/7/2003 | JHL | Revisions to findings of fact and conclusions of law; email to N. Goldstein re same | 4.00 |
| 6/7/2003 | MP | Review and revise draft of proposed findings of fact and conclusions of law; preparation of email to J. Lessem, N. Goldstein re revisions and amendments | 2.00 |
| 6/7/2003 | NSG | Conference with J. Lessem re proposed findings of facts and conclusions of law and revise same | 3.25 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| Date | Initials | Description | Hours |
|---|---|---|---|
| 6/8/2003 | LSE | Review draft proposed findings of fact and conclusions of law; conference with M. Pantalony re same | 1.00 |
| 6/8/2003 | MP | Continue preparation of proposed findings of fact and conclusions of law; conference with L. Ederer re same; review and revise transcript summaries of G. Bellino, J. Braun, J. Hamm | 7.50 |
| 6/8/2003 | NSG | Review and revise deposition summaries | 2.50 |
| 6/9/2003 | JHL | Further revisions to findings of facts; revisions to motion in limine; conference with M. Pantalony re same | 2.50 |
| 6/9/2003 | JJM | Conference with M. Pantalony re proposed findings of fact; review stipulations and depositions for citations to proposed findings of fact; review Settlement Agreement in the prior action for SKUs involved in prior action; conference with M. Pantalony re same; review transactional documents between Variety and Red Tag, Jade Apparel, Courtside, Carlen and STX; preparation of list of transactional exhibits per supplier; conference with M. Pantalony re same; conference with N. Goldstein re Blackburn deposition summary; review Blackburn's deposition for citations to deposition summary | 5.00 |
| 6/9/2003 | LSE | Conference with M. Pantalony; revise opposition brief to motion in limine | 3.00 |
| 6/9/2003 | MP | Review and revise proposed findings of fact and conclusions of law; review citations for evidence; telephone conversations with P. O'Connor re trial schedule; telephone conversation with D. Simpson re trial schedule; review and revise deposition summaries | 4.50 |
| 6/9/2003 | NSG | Draft deposition summary of T. Blackburn; review and finalize deposition summaries and conference with M. Pantalony re same; review cites for proposed findings of facts and conclusions of law | 4.50 |
| 6/10/2003 | JJM | Review files for history on settlement agreement negotiations and SKUs involved | 0.75 |
| 6/10/2003 | LSE | Conference with M. Pantalony re trial preparation, various outstanding evidentiary issues | 1.00 |
| 6/10/2003 | MP | Final preparation of opposition to motion in limine; conferences with N. Goldstein re opposition brief; review and consider issue of sock purchases by F. Lee and Allied Settlement Agreement | 2.00 |
| 6/10/2003 | NSG | Further revise and finalize memorandum of law in opposition to motion in limine and correspond with local counsel re service and filing of same | 2.50 |
| 6/11/2003 | NSG | Further draft and revise proposed findings of facts and conclusions of law and conference with M. Pantalony re same; review Blackburn deposition transcript; revise deposition summaries | 3.25 |

GURSKY&PARTNERS
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 6/12/2003 | MP | Telephone conversation with F. Lee re trial; telephone conversation with R. Rabenold re trial; telephone conversation wit N. Johansen re trial | 1.00 |
| 6/13/2003 | LSE | Conference with M. Pantalony re witnesses | 0.25 |
| 6/13/2003 | MP | Conference with L. Ederer re witnesses; conference with N. Goldstein re organization of facts in proposed findings | 0.50 |
| 6/13/2003 | NSG | Revise proposed findings of facts and conclusions of law and conference with M. Pantalony re same | 3.75 |
| 6/16/2003 | JHL | Conference with L. Ederer and M. Pantalony re findings of fact; began review of same | 2.00 |
| 6/16/2003 | JJM | Conference with M Pantalony re disputed exhibits; preparation of memorandum re outline of plaintiffs and defendant's disputed exhibits and objections to same | 1.00 |
| 6/16/2003 | LSE | Conference with M. Pantalony re status of proposed findings, approach to reply on in limine motion | 0.75 |
| 6/16/2003 | MP | Conference with L. Ederer re pre-trial evidentiary issues; conferences with J. Lessem, N. Goldstein re proposed findings | 0.75 |
| 6/16/2003 | NSG | Further revise proposed findings of fact and conclusions of law | 1.50 |
| 6/17/2003 | JHL | Conference with L. Ederer, M. Pantalony and N. Goldstein re findings of fact and revisions to same; conference with M. Pantalony re deposition summaries | 1.75 |
| 6/17/2003 | LSE | Conference with J. Lessem, M. Pantalony and N. Goldstein re findings of fact and revisions to same | 0.50 |
| 6/17/2003 | MP | Conference with J. Lessem re proposed findings; preparation of correspondence to T. Adams re objections; conference with N. Goldstein re transcripts | 1.50 |
| 6/17/2003 | NSG | Preparation of extended deposition summary of Blackburn; review Variety's memorandum of law in opposition to Nike's motion in limine and outline reply to same, review and revise deposition summaries | 4.50 |
| 6/18/2003 | LSE | Conference with M. Pantalony, J. Lessem re various tasks, proposed findings, reply to in limine motion; revise letter to opposing counsel; telephone conversation with local counsel re approach to court re authenticating witnesses; begin review of proposed findings | 3.00 |
| 6/18/2003 | MP | Consider pre-trial issues; review opposition to motion in limine; conferences with L. Ederer re proposed findings, witnesses, deposition summaries, motion in limine; telephone conversation with N. Johansen re trial; telephone conversation with P. O'Conner re pre-trial issues; revise correspondence to T. Adams re objections | 4.50 |
| 6/19/2003 | JHL | Review and revision of revised findings of fact and conclusions of law; conference with M. Pantalony re same | 3.50 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 6/19/2003 | LSE | Conference with M. Feinberg and M. Pantalony re strategy issues relating to witnesses, damage claim; conference with M. Pantalony re discussion with Adams re stipulation | 1.50 |
| 6/19/2003 | MJF | Conference with L. Ederer and M. Pantalony re trial preparation; conference with M. Pantalony re conversation with T. Adams | 1.25 |
| 6/19/2003 | MP | Conferences with N. Goldstein and J. Morales re deposition summaries and witnesses; telephone conversation with T. Adams re evidentiary objections; review email from T. Adams re objections; conferences with L. Ederer and J. Lessem re authentication and chain of custody; prepare stipulations re physical exhibits; conferences with J. Lessem re findings of fact | 5.50 |
| 6/19/2003 | NSG | Conference with litigation team re trial preparation; telephone conference with Clerk's office re Judge Nangle's trial schedule; further draft proposed findings of fact and conclusions of law | 3.75 |
| 6/20/2003 | JHL | Further revision to findings of fact and conclusions of law; review of draft of deposition summaries; telephone conversation with M. Pantalony re same | 4.00 |
| 6/20/2003 | JJM | Conference with M. Pantalony re Nike's further proposed stipulations; review and preparation of edits re same; review physical evidence to confirm SKUs on further proposed stipulations; review retail purchase receipts with physical evidence to verify identity of garments; review files for documentation re chain of custody on retail purchases; preparation of files re same | 4.00 |
| 6/20/2003 | LSE | Conference with M. Pantalony re outstanding issues | 0.10 |
| 6/20/2003 | MP | Conference with L. Ederer re stipulations, further preparation and amendments to stipulations; conferences with J. Morales re evidence and exhibits; preparation of correspondence to T. Adams re authenticity issues, witnesses, stipulations; review correspondence from T. Adams re exhibits, chain of custody, authenticity of garments; conference with N. Goldstein re motion in limine; conferences with J. Lessem re proposed findings; conference with L. Ederer re outstanding issues; preparation of correspondence to D. Simpson re materials for preparation | 5.00 |
| 6/20/2003 | NSG | Draft and revise deposition summaries; review correspondence from opposing counsel re resolution of objections prior to trial; revise proposed findings of fact and conclusions of law; conference with M. Pantalony re filing reply brief in support of motion in limine; draft notice of intent to file reply brief; draft reply memorandum in support of motion in limine | 7.00 |
| 6/21/2003 | JHL | Review of Variety and third party depositions; begin revision of deposition summaries; telephone conversation | 3.75 |

**GURSKY & PARTNERS**
ATTORNEYS AT LAW

| | | with L. Ederer re same | |
|---|---|---|---|
| 6/21/2003 | JJM | Conference with L. Ederer re proposed findings of law and fact; review and preparation of revisions to same; review physical evidence in Variety 1 and 2; organize evidence by category | 4.00 |
| 6/21/2003 | LSE | Revisions to proposed findings of fact and conclusions of law; conference with J. Morales re review of revisions; further revisions to same | 6.00 |
| 6/21/2003 | LSE | Telephone conversation with J. Lessem re revision of deposition summaries | 0.25 |
| 6/22/2003 | JHL | Telephone conversation with L. Ederer re Blackburn deposition; revision of deposition summaries | 5.00 |
| 6/22/2003 | LSE | Review deposition transcripts and summarize; conference with N. Goldstein re deposition designations, revisions to proposed findings; conference with M. Pantalony re same; telephone conversation with J. Lessem re Blackburn deposition; revision of deposition summaries | 6.25 |
| 6/22/2003 | LSE | Conference with M. Pantalony re pre-trial issues and evidentiary issues | 0.50 |
| 6/22/2003 | LSE | Conferences (3) with N. Goldstein re proposed findings of fact and conclusions of law, deposition designations | 1.00 |
| 6/22/2003 | MJF | Reviewed deposition transcripts in preparation of D. Simpson preparation and trial | 3.00 |
| 6/22/2003 | MP | Conference with L. Ederer re pre-trial issues and evidentiary issues; continue preparation of proposed findings of fact and conclusions of law and conferences with N. Goldstein re same; review physical and documentary exhibits | 4.50 |
| 6/22/2003 | NSG | Conferences (3) with L. Ederer re proposed findings of fact and conclusions of law, deposition designations; trial preparation and strategy and trial exhibits; conference with M. Pantalony re proposed findings of fact and conclusions of law; review trial exhibits; revise proposed findings of fact and conclusions of law; review deposition designations | 7.00 |
| 6/23/2003 | AV | Conference with M. Feinberg and L. Ederer re read and review deposition transcripts re digesting and revising designations; read and analyze depositions of T. Blackburn, G. Bellino and J. Sprunger; review proposed findings of fact and conclusions of law and make revisions; conference with S. Gursky, L. Ederer, M. Pantalony and J. Lessem re trial preparation; review and prepare exhibits for copying | 11.75 |
| 6/23/2003 | JHL | Further revision to findings of fact and to deposition summaries; conference with L. Ederer re supplemental deposition designations; review of Tamborini, Bellino, and Brown transcripts re same | 7.25 |

**GURSKY & PARTNERS**
ATTORNEYS AT LAW

| Date | Init. | Description | Hours |
|---|---|---|---|
| 6/23/2003 | JJM | Conference with M. Pantalony re transactional documents; review transactional documents in preparation of list re relevant dates of Variety transactions with Red Tag, Jade Apparel, STX and Courtside and total units purchased from vendors; review documents for citations to proposed findings of fact; search Patent and Trademark Office database for trademarks owned by Allied Fashions, Rose's Inc., and Variety Wholesalers, Inc; conference with L. Ederer re same; conference with M. Pantalony re physical evidence; preparation of chart re summary of findings, exhibit references and pertinent comments re same | 8.50 |
| 6/23/2003 | LSE | Conference with M. Feinberg re tasks to be done; revise summaries of depositions; conference with M. Pantalony, J. Lessem re final revisions to proposed findings; continue review of deposition transcripts and exhibits; conference with M. Pantalony re position on withdrawal of objections re physical evidence, position on profit calculation | 6.50 |
| 6/23/2003 | MJF | Multiple conferences with L. Ederer, M. Pantalony and A. Veronick re trial preparation; review of all exhibits and development of time line | 1.25 |
| 6/23/2003 | MP | Review and revise proposed findings of fact and conclusions of law; multiple conferences with L. Ederer, J. Lessem and N. Goldstein re proposed findings and evidence; telephone conversations with P. Threlkeld re films of documents; finalize proposed findings | 7.25 |
| 6/23/2003 | NSG | Legal research re available damages for breach of contract under Georgia law; revise and finalize Proposed Findings of Fact and Conclusions of Law and conference with J. Lessem and M. Pantalony re same; conference with J. Lessem re extended deposition summaries; conference with M. Pantalony re motion in limine; review trial exhibits re relationship between Carlen and Reg Tag and STX and Courtside | 6.75 |
| 6/23/2003 | SRG | Conference with A. Veronick, L. Ederer, J. Lessem and M. Pantalony re trial preparation | 1.00 |
| 6/24/2003 | AV | Conference with L. Ederer and J. Lessem re revisions to deposition designations; continue revising designations for T. Blackburn, M. Flores, R. Ortiz and J. Hamm re prepare supplemental deposition designations for all depositions; conference with J. Lessem re review of revised designations; conference with N. Goldstein re motion in limine; conference with L. Ederer re additional trial exhibits | 10.75 |
| 6/24/2003 | DJ | Assisted M. Feinberg in preparation of timeline; compiled documents re same | 5.00 |
| 6/24/2003 | GC | Photographed exhibits re Nike/Variety | 1.25 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 6/24/2003 | JHL | Reviewed deposition transcript re supplemental deposition designations; conference with L. Ederer, M. Pantalony and M. Feinberg re evidence issues; conference with N Goldstein re supplemental deposition summaries | 6.50 |
| 6/24/2003 | JJM | Conference with M. Pantalony re chain of custody for retail purchases and chain of custody logs for garments supplied by Variety; review investigative files on chain of custody documents; match to corresponding exhibits | 3.00 |
| 6/24/2003 | LSE | Continue review of Blackburn deposition; conference with M. Pantalony re stipulation to exhibits; telephone conversation with Adams re stipulation to exhibits; review materials to be sent to Adams for review; conference with J. Lessem, A. Veronick re additional stipulations, deposition summaries; conference with M. Feinberg re review of exhibits; continue review of trial exhibits; preparation for trial | 6.00 |
| 6/24/2003 | MJF | Reviewed Tambonni deposition for trial; multiple conferences with L. Ederer re exhibit follow-up; conference with D. Jones re same; multiple conferences with M. Pantalony, A. Veronick and J. Lessem re exhibit analysis reviewed and analyzed exhibits; preparation of time line | 8.00 |
| 6/24/2003 | MP | Multiple conferences with L. Ederer, J. Lessem and M. Feinberg re evidence; preparation of documents re chain of custody; prepare correspondence to T. Adams re chain of custody and physical exhibits; prepare corresponding email images to garments and prepare email to T. Adams re same; review proposed findings of fact and conclusions of law from Variety; telephone conversation with D. Simpson re trial; prepare correspondence to D. Simpson re trial preparation; telephone conversations with P. O'Connor re trial preparation | 8.50 |
| 6/24/2003 | NSG | Review Variety's proposed statement of undisputed facts and conclusions of law; review Variety's deposition summaries; draft reply brief in support of motion in limine and conference with M. Pantalony re same; review Variety's memo re undisclosed SKUs and review documents tracing undisclosed SKUs to previously identified counterfeit goods; conference with J. Lessem re deposition designations; legal research re Georgia Rule of Professional Conduct 3.7 | 10.50 |
| 6/25/2003 | AV | Read deposition designations | 10.25 |
| 6/25/2003 | DJ | Continued preparation of timeline; multiple conferences with M. Feinberg re same | 3.75 |
| 6/25/2003 | JG | Conference with M. Pantalony re evidence and review of Nike catalogs | 0.50 |
| 6/25/2003 | JHL | Review of and revisions to supplemental deposition designations | 3.00 |
| 6/25/2003 | JJM | Preparation of revisions to formal trial exhibit list to include | 6.25 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

|  |  | letters from Variety supplying garments for examination; conference with M. Pantalony re D. Simpson deposition in M&D case; review D. Simpson transcript; preparation of memorandum re Simpson's testimony on Nike's policy in assisting retailers to determine whether garments are counterfeit; conference with M. Pantalony re Haddock report; review Haddock report and preparation of memorandum summarizing same; research internet and Westlaw database on experts, publications and cases re L. Haddock |  |
|---|---|---|---|
| 6/25/2003 | LSE | Conference with M. Pantalony re stipulation; review physical evidence with M. Pantalony; conference with A. Veronick, N. Goldstein re deposition summaries | 4.00 |
| 6/25/2003 | MJF | Further work on Variety time line; multiple conferences with D. Jones re same | 1.25 |
| 6/25/2003 | MP | Multiple conversations with T. Adams re chain of custody documents, stipulations, costs; review financial statement received from T. Adams and compare with B. Springer costs sheets; telephone conversation with T. Blackburn re financial statement; review and revise opposition to motion in limine; conference with L. Ederer re stipulations and physical exhibits; preparation of email to T. Adams re supplemental designations | 8.00 |
| 6/25/2003 | NSG | Further draft and revise reply brief in support of motion in limine; revise deposition summaries; draft extended deposition summary of T. Blackburn | 6.75 |
| 6/26/2003 | AV | Continue deposition digest of T. Blackburn deposition; prepare exhibits, pleadings and correspondence to be sent to Georgia for trial; conference with J. Lessem, M. Pantalony, N. Goldstein and L. Ederer re trial preparation; begin deposition digest for G. Bellino deposition | 10.50 |
| 6/26/2003 | DJ | Finalized timeline; multiple conferences with M. Feinberg re same | 7.00 |
| 6/26/2003 | JHL | Telephone conversation with L. Ederer re trial preparation work | 0.50 |
| 6/26/2003 | JJM | Conference with M. Pantalony re garments used in D. Simpson's deposition; review Simpson's deposition and revise chart on deposition garments to include reasons for determination, description of garments used in Simpson's deposition, and differences between print on garments supplied by Variety and print on garments in Simpson's deposition; conference with M. Pantalony re preparation of deposition and deposition exhibits; prepare and organize documents, depositions and deposition exhibits in preparation of trial | 7.00 |
| 6/26/2003 | LSE | Telephone conversation with J. Lessem re trial preparation work | 0.50 |
| 6/26/2003 | LSE | Conference with M. Feinberg re evidence comparison | 0.15 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 6/26/2003 | MJF | Conference with L. Ederer re evidence comparison; conference M. Pantalony re follow-up of same | 0.35 |
| 6/26/2003 | MP | Continue preparation of stipulation re physical exhibits; multiple conversations with T. Adams re stipulation; multiple conferences with L. Ederer re stipulation and evidentiary issues; conferences with N. Goldstein re reply to motion in limine; preparation for trial | 9.00 |
| 6/26/2003 | NSG | Conference with litigation team re trial preparation; conference with L. Ederer re reply brief in support of motion in limine and revise brief in accordance with same; draft extended deposition summary of T. Blackburn; conference with M. Pantalony re reply brief in support of motion in limine | 8.50 |
| 6/27/2003 | AV | Continuing deposition digest of G. Bellino; prepare deposition digests for M. Flores, R. Ortiz, A. Tamborini, J. Brown, J. Hamm and R. Faucher depositions; finalize deposition digest for B. Sprunger deposition; numerous telephone conversations/emails with M. Pantalony re trial preparation; conference with N. Goldstein re deposition summaries | 13.25 |
| 6/27/2003 | JJM | Conference with A. Veronick; preparation of draft of deposition digest re B Sprunger; telephone conversations with M. Pantalony re documents; review files for additional documents to be used in preparation of trial; telephone conversations with M. Feinberg re spreadsheet summarizing Variety's purchase and sale of counterfeit goods; preparation of further revisions to spreadsheet to include direct shipments of counterfeit goods; conference with A. Veronick re spreadsheet | 7.25 |
| 6/27/2003 | LSE | Travel to Savannah; begin trial preparation with M. Feinberg and M. Pantalony | 16.50 |
| 6/27/2003 | MJF | Traveled to Savannah for Variety trial; begin trial preparation with L. Ederer and M. Pantalony | 15.50 |
| 6/27/2003 | MP | Travel to Savannah for trial; prepare for trial with L. Ederer and M. Feinberg | 16.50 |
| 6/27/2003 | NSG | Draft extended deposition summaries of Blackburn, Bellino, Tamborini, Faucher, Brown and Hamm | 11.50 |
| 6/28/2003 | AV | Multiple telephone conversations/email with M. Pantalony and M. Feinberg re trial preparation; revise and finalize expanded deposition summary of T. Blackburn; obtain various materials for trial preparation | 6.00 |
| 6/28/2003 | LSE | Trial preparation | 15.50 |
| 6/28/2003 | MJF | Trial preparation | 15.50 |
| 6/28/2003 | MP | Preparing for trial with L. Ederer, M. Feinberg; prepare review and revised extended deposition summaries for T. Blackburn, R. Faucher, J. Braun, J. Hamm, B. springer, T. Tamborini, R. Ortiz, M. Flores; prepare physical exhibits | 15.50 |

GURSKY & PARTNERS
ATTORNEYS AT LAW

| | | into groupings re reasons and styles | |
|---|---|---|---|
| 6/28/2003 | NSG | Draft extended deposition summary for Ortiz and Flores; revise deposition summaries of Bellino Tambarini, Brown and Hamm | 4.50 |
| 6/29/2003 | JHL | Review and revise extended deposition summaries; telephone conversation with L. Ederer re same | 3.00 |
| 6/29/2003 | LSE | Trial preparation with M. Feinberg and M. Pantalony; preparation of witnesses | 15.50 |
| 6/29/2003 | MJF | Trial preparation with M. Pantalony and L. Ederer; preparation of witnesses | 15.50 |
| 6/29/2003 | MP | Continue preparation for trial with L. Ederer and M. Feinberg; meeting with T. Blackburn, G. Darbyshire re physical exhibits; prepare for examination of D. Simpson | 15.50 |
| 6/29/2003 | NSG | Prepare summary of Nike's damages claim | 1.00 |
| 6/30/2003 | AV | Review Variety's trial brief, conference with N. Goldstein and J. Lessem re research res judicata issues; research res judicata issues; preparation of extended deposition summary for G. Bellino | 4.50 |
| 6/30/2003 | JHL | Telephone conversation with L. Ederer re Variety brief; research re res judicata issue; telephone conversation with L. Ederer re results of research; conference with A. Veronick and N. Goldstein re further research | 3.00 |
| 6/30/2003 | LSE | Attended trial; further preparation | 15.50 |
| 6/30/2003 | MJF | Attended trial; further preparation | 15.50 |
| 6/30/2003 | MP | Prepare for and attend day one of trial before Judge Nangle; continue preparation for cross-examination of T. Blackburn and B. Sprunger; prepare charts re summary of profits for Nike I and Nike II | 16.00 |
| 6/30/2003 | NSG | Review Variety's trial brief re res judicata and conference with J. Lessem re same; legal research re res judicata issue raised in Variety's trial brief | 3.75 |

Matter Total:   682.45   $   202,596.25





GURSKY & PARTNERS
A T T O R N E Y S   A T   L A W



| 1163-0051 | | LT Variety 2 98-032A | | |
|---|---|---|---|---|
| | | B&W Copy Recovery | | 1,240.95 |
| | | Telephone Recovery | | 175.04 |
| | | Colorcopy Recovery | | 85.14 |
| 7/1/2003 | 030523 | Crown Limousine & Car Service, Inc. | 5/23/2003 | |
| | | Car Service - M. Pantalony | | 44.88 |
| 5/31/2002 | 305077016 | Lexis Nexis | | |
| | | Lexis Nexis Reasearch Cost | | 227.33 |
| 1/22/2003 | | Red Tag | Reverse Check No. | |
| | | Court Related Costs | 16395 | -40.00 |

**GURSKY & PARTNERS**
ATTORNEYS AT LAW

| Date | | Description | | Amount |
|------|--|-------------|--|-------:|
| 1/22/2003 | | Jade Apparel, Inc.<br>Court Related Costs | Reverse Check No.<br>16396 | -40.00 |
| 6/1/2003 | 804424180 | West Group<br>West Law Charges | | 2,465.57 |
| 6/1/2003 | 2003050194 | ASK Litigation Support, Inc.<br>Subpoena Fees for Robert Greenwald | 5/14/03 Served R.<br>Greenwald | 88.60 |
| 6/2/2003 | 4-71731822 | FedEx<br>Fed Ex Charges | | 187.49 |
| 6/11/2003 | 58279 | Oliver Maner & Gray LLP<br>Local Counsel | re: Variety | 12,568.99 |
| 6/11/2003 | 1056333 | XYZ Two Way Radio Service, Inc.<br>Car Service - M. Pantalony | | 42.84 |
| 6/11/2003 | 1056333 | XYZ Two Way Radio Service, Inc.<br>Car Service to Airport - M. Pantalony | | 45.90 |
| 6/12/2003 | 061203 | Michael Pantalony<br>Outside Travel Reimbursed Costs Taxi<br>from LGA to Home | | 30.00 |
| 6/16/2003 | 4-76412229 | FedEx<br>Fed Ex Charges | | 346.37 |
| | | Outside Travel Reimbursed Costs<br>5/29/03 Round trip Airfare to<br>Savannah, GA - AMEX - L. Ederer | | 1,489.00 |
| | | Outside Travel Reimbursed Costs<br>5/29/03 Round trip Airfare to<br>Savannah, GA - AMEX - M. Pantalony | | 1,489.00 |
| 6/20/2003 | 0306079834 | Lexis Nexis<br>Lexis Nexis Reasearch Cost | | 104.67 |
| 6/23/2003 | 4-76454963 | FedEx<br>Fed Ex Charges | | 31.57 |
| 6/30/2003 | 063003 | Caprice Nathaniel<br>6/28/2003 Meals | | 13.02 |

Matter Total:  $     20,596.36





URSKY & PARTNERS, LLP
350 BROADWAY
1TH FLOOR
EW YORK, NEW YORK 10018

TEL: (212) 904-1234
FAX: (212) 967-4465
FED. ID # 13-4156753
WWW.GURSKYPARTNERS.COM

Dave Simpson
Nike, Inc.
One Bowerman Drive
Beaverton, OR 97005-6453

Invoice Date: July 31, 2003

Closing date:   July 31, 2003
Invoice #   1952

For Professional Services Rendered:

| 1163-0051 | | LT Variety 2 98-032A | Hours | Amount |
|---|---|---|---|---|
| 7/1/2003 | AV | Conference with J. Lessem and N. Goldstein re reply to Variety's trial brief re Res Judicata; review Variety's trial re Res Judicata; research re Res Judicata; review cases re same | 4.00 | |
| 7/1/2003 | JHL | Research re res judicata issue;conference with S. Gursky, N. Goldstein and A. Veronick re same | 5.00 | |
| 7/1/2003 | JJM | Conference with N. Goldstein re SKUs in Settlement Agreement in prior action; review SKUs in current litigation to identify SKUs involved in prior action; conference with N. Goldstein re same | 3.00 | |
| 7/1/2003 | LSE | Attended trial; further preparation | 15.50 | |
| 7/1/2003 | MJF | Attended trial; further preparation | 15.50 | |
| 7/1/2003 | MP | Prepare for and attend day two of trial before Judge Nangle; continue preparation for cross-examination of T. Blackburn and B. Springer and closing argument | 16.00 | |
| 7/1/2003 | NSG | Legal research re res judicata requirement that claims arise under "common nucleus of operative fact"; separate acts of infringement constituting separate claims for purposes of res judicata; conference with S. Gursky and J. Lessem re Variety trial memorandum on res judicata issue | 4.50 | |
| 7/1/2003 | SRG | Review of Variety's trial brief and related conferences with J. Lessem and N. Goldstein | 1.00 | |
| 7/2/2003 | LSE | Attended trial | 8.25 | (½) |
| 7/2/2003 | MJF | Attended trial | 8.25 | (½) |

URSKY & PARTNERS
ATTORNEYS AT LAW

| Date | Initials | Description | Hours | |
|------|----------|-------------|-------|---|
| 7/2/2003 | MP | Prepare for and attend final day of trial before Judge Nanole; meeting with S. Flanders to review all physical evidence | 9.00 | ( 1/2 ) |
| 7/2/2003 | NSG | Conference with S. Gursky and J. Lessem re response to Variety's res judicata trial memorandum; legal research re assertion of res judicata with respect to claims withheld from disclosure in settlement of prior action, waiver of res judicata defense and contract remedies | 3.75 | |
| 7/2/2003 | SRG | Conferences (2) with M. Feinberg re trial | 0.60 | |
| 7/2/2003 | SRG | Telephone conversations (2) with M. Feinberg re trial results; related conferences with J. Lessem and N. Goldstein | 0.50 | |
| 7/3/2003 | AV | Conferences with J. Lessem, N. Friedman and N. Goldstein re research concerning Willfulness in the 11th Circuit, research re same; reviewed cases re same | 5.75 | |
| 7/3/2003 | JJM | Conference with N. Goldstein re legal research on waiver of affirmative defense of res judicata; conduct further research re same | 2.50 | |
| 7/3/2003 | MJF | Preparation of Willfulness brief and return travel to New York | 6.00 | |
| 7/3/2003 | MP | Preparation of post-trial brief; return travel from Savannah to New York | 7.50 | |
| 7/3/2003 | NSG | Conference with M. Pantalony re post trial submissions; draft memorandum of law in response to Variety's res judicata trial memorandum and conference with S. Gursky re same | 4.50 | |
| 7/3/2003 | SRG | Review of documents and cases relating to the preparation of two post trial briefs; related telephone conversations with M. Feinberg | 2.25 | |
| 7/4/2003 | JHL | Telephone conversation with M. Pantalony re brief and willfulness issue; revision of res judicata brief; further research re same | 4.00 | |
| 7/4/2003 | NSG | Further draft and revise memorandum of law in response to Variety's Res Judicata Trial Brief and correspond with J. Lessem re same | 2.75 | |
| 7/5/2003 | MJF | Drafted brief on Willfulness | 5.00 | |
| 7/5/2003 | NSG | Review and revise memorandum of law in response to Variety's res judicata trial memorandum | 1.00 | |
| 7/5/2003 | SRG | Review of research and drafts of post-trial briefs on "Willfulness" and "Res Judicata" | 1.25 | |
| 7/6/2003 | JHL | Revision of brief on willfulness; further research for same; telephone conversations (3) with M. Feinberg and L. Ederer re same | 3.50 | |
| 7/6/2003 | MJF | Reviewed and revised willfulness brief; conference with S. | 0.75 | |

Gursky and J. Lessem re same

| 7/6/2003 | SRG | Telephone conversations with M. Feinberg and review of further draft of brief on "Willfulness" | 1.00 |
|---|---|---|---|
| 7/7/2003 | MJF | Conference with D. Simpson re brief status; preparation of email re same | 0.20 |
| 7/7/2003 | MP | Finalize preparation of briefs re res judicata and willfulness; exchange email with P. O'Connor re briefs | 2.50 |
| 7/7/2003 | NSG | Review and finalize post trial brief on res judicata; review and finalize post trial brief on willfulness | 2.50 |
| 7/7/2003 | SRG | Review of redrafted Brief and related conference with M. Feinberg | 0.75 |
| 7/8/2003 | MP | Telephone conversation with D. Simpson re trial | 0.25 |
| 7/9/2003 | MJF | Reviewed Court Order; conference with M. Pantalony and N. Goldstein re same; preparation of email from P. O'Connor re same; telephone conversation with P. O'Conner re same | 0.35 |
| 7/9/2003 | MP | Review order of Judge Nangle re profit calculation; review and revise submission re profit calculation from prior action | 0.75 |
| 7/10/2003 | MJF | Reviewed responses to Judges Order for additional information; conference with S. Gursky and M. Pantalony re same | 0.50 |
| 7/10/2003 | MP | Finalize preparation of submission re profit calculations for Nike I; exchange email with P. O'Connor re submission; conferences with S. Gursky re submission | 1.00 |
| 7/10/2003 | SRG | Review of supplemental brief and preparation of comments | 0.35 |
| 7/14/2003 | NSG | Review Variety's Notice of Intent to File Reply Brief and telephone conversation with P. O'Connor re same; review Court Order requesting clarification on claim for statutory damages; telephone conversation with P. Threlkeld re inspection of trial exhibits; review Variety's reply brief on willfulness issue; conference with S. Gursky re statutory damages issue; review evidence relating to Variety's use of Nike/Swoosh mark on sweatpants; review Variety's Motion to File Amended Proposed Findings of Fact and Conclusions of Law | 3.50 |
| 7/15/2003 | NSG | Conference with S. Gursky re Court Order directing Nike to file explanation of trademarks appearing on sweatpants | 0.25 |
| 7/15/2003 | SRG | Conference with N. Goldstein re Judge's request re trademarks appearing on the three sweatpants in evidence | 0.50 |
| 7/24/2003 | AV | Conference with M. Feinberg re preparation of fee application | 0.25 |

REDACTED



REDACTED

| | | | |
|---|---|---|---|
| 7/25/2003 | AV | Review billing records re redacting irrelevant information; begin review of billing records re preparation of fee application | 4.00 |
| 7/28/2003 | AS | Redacted bills for attorney fees | 1.00 |
| 7/28/2003 | AV | Continue review of billing records re preparation of fee application; categorize billing by attorney and paralegal into different categories; begin draft of spreadsheet summarizing time spent by paralegals and attorneys | 6.50 |

REDACTED

| | | | |
|---|---|---|---|
| 7/29/2003 | AV | Finalize review of billing records re preparation of fee application; finalize categorization of billing by attorney and paralegal into different categories; finalize draft of spreadsheet summarizing time spent by paralegals and attorneys; begin draft of fee application declaration | 12.50 |

REDACTED

| | | | |
|---|---|---|---|
| 7/30/2003 | AV | Continue draft of fee application declaration; research case law re fee application in Eleventh Circuit; review cases re same; telephone call with M. Feinberg re fee application; conference with N. Goldstein and M. Pantalony re same; begin review of disbursements re inclusion into fee application; begin draft of spreadsheet re same | 11.50 |
| 7/30/2003 | MP | Conferences with N. Goldstein, A. Veronick re application for attorneys fees | 0.25 |

REDACTED          REDACTED

| 7/31/2003 | AV | Finalize draft of fee application; finalize review of disbursements and finalize spreadsheet to be used as exhibit summarizing disbursements; research re standard for reasonable attorney's fees in the Eleventh Circuit; conference with I. Sacks and M. Pantalony re same; conference with N. Goldstein re motion to amend judgment | 4.75 |
| 7/31/2003 | MP | Conferences with N. Goldstein, A. Veronick re motion to amend and application for attorneys fees; preparation of email to P. O'Connor re outstanding issues in application for attorneys fees; telephone conversation with P. O'Connor re application for attorneys fees; review portions of draft declaration re attorneys fees | 2.50 |

REDACTED

Disbursements

1163-0051          LT Variety 2 98-032A

|  |  |  |  |
|---|---|---|---|
| | | B&W Copy Recovery | 97.05 |
| | | Telephone Recovery | 29.64 |
| | | Facsimile Recovery | 70.00 |
| 6/27/2003 | 030627 | Crown Limousine & Car Service, Inc.<br>Car Service 6/22/03 - M. Pantalony | 40.39 |
| 7/1/2003 | 804599213 | West Group<br>West Law Charges | 2,001.19 |
| 7/1/2003 | 476494953 | FedEx<br>Fed Ex Charges | 162.42 |
| 7/4/2003 | 030704 | Crown Limousine & Car Service, Inc.<br>Car Service from LGA - L. Ederer | 125.22 |
| 7/7/2003 | 070703 | Michael Pantalony<br>Outside Travel Reimbursed Costs<br>Meals - Garden City, GA - M.<br>Pantalony | 7.91 |
| 7/7/2003 | 070703 | Michael Pantalony<br>Outside Travel Reimbursed Costs Taxi<br>- Garden City, GA - M. Pantalony | 64.00 |
| 7/8/2003 | 070803 | Platinum Plus for Business<br>Outside Travel Reimbursed Costs<br>Round trip Airfare to Savannah, GA -<br>L. Ederer | 715.50 |
| 7/8/2003 | 070803 | Platinum Plus for Business<br>Outside Travel Reimbursed Costs<br>Round trip Airfare to Savannah, GA -<br>M. Feinberg | 553.50 |
| 7/8/2003 | 070803 | Platinum Plus for Business<br>Outside Travel Reimbursed Costs<br>Round trip Airfare to Savannah, GA -<br>M. Pantalony | 740.50 |
| 7/9/2003 | 1059858 | XYZ Two Way Radio Service, Inc.<br>Car Service 6/26/03 - C. Leone | 45.90 |
| 7/9/2003 | 1059858 | XYZ Two Way Radio Service, Inc.<br>Car Service 7/3/03 - M. Pantalony | 45.90 |


REDACTED

| Date | Number | Description | Reference | Amount |
|---|---|---|---|---|
| /9/2003 | 1059858 | XYZ Two Way Radio Service, Inc.<br>Car Service 6/27/03 - M. Pantalony | | 45.90 |
| 7/10/2003 | 030710 | Crown Limousine & Car Service, Inc.<br>Car Service - C. Nathaniel | | 59.98 |
| 7/10/2003 | 4-76544150 | FedEx<br>Fed Ex Charges | | 505.68 |
| 7/11/2003 | 58665 | Oliver Maner & Gray LLP<br>Local Counsel | re: Variety | 20,586.39 |
| 7/23/2003 | 072303 | Stephen Kirkman<br>Witness Disbursements Cost | re: Nike/Variety | 496.21 |



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV 402-182 |
| | ) | |
| VARIETY WHOLESALERS, INC. | ) | |
| d/b/a ROSE'S STORES, INC., | ) | |
| | ) | |
| Defendant | ) | |

AFFIDAVIT OF BRANT SPRUNGER IN OPPOSITION TO
PLAINTIFF'S SPECIAL MOTION FOR ATTORNEYS FEES AND EXPENSES

1.    I am Vice President, Controller of Variety Wholesalers, Inc. and of its wholly owned subsidiary Variety Stores, Inc. (f/k/a Rose's Stores, Inc.).  I offer this affidavit in opposition to Plaintiff's Special Motion for Attorneys Fees and Expenses herein.

2.    I have personally reviewed all the invoices of the Plaintiff's attorneys, Gursky & Partners, LLP (the "Gursky Firm") submitted in support of Plaintiff's Special Motion for Attorneys Fees and Expenses as redlined by G. Templeton Blackburn, II and attached to his affidavit of even date herewith.

3.     The total hours billed by the Gursky Firm as set forth in Paragraphs 11-33 of the

Declaration of Martin J. Feinberg in Support of Plaintiff's Special Motion for Attorney's Fees and

Expenses (the "Feinberg Declaration") was 2,286.43. The total amount billed by the Gursky Firm

for attorneys fees as set forth in Paragraph 1 of the Feinberg Declaration was $622,274.75. I have

prepared the attached Exhibit A applying the rates billed to Nike and to Variety by their local counsel

in Savannah to the hours billed by the Gursky Firm as distinguished between partners, associates and

paralegals. The average hourly rate charged by the Gursky Firm for legal services (inclusive of

partners, associates and paralegals) was $274.13. This amount is 62.5% higher than the $168.72

average hourly rate that would have been billed by the firm of Oliver, Maner & Gray, Nike's local

counsel in Savannah, if they had performed exactly the same services. This is shown on the invoices

of Oliver Maner & Gray attached as Exhibit E to the Feinberg Declaration. The $274.13 hourly rate

for the Gursky firm is 98.8% higher than the $137.90 average hourly rate that would have been billed

by the firm of Inglesby Falligant, Variety's local counsel in Savannah, as shown on invoices of

Inglesby, Falligant, Horne, Couringtton & Chisolm, had the same services been performed by that

firm. If the work performed by the Gursky Firm had been done by Nike's local counsel, the total

amount billed would have been approximately $387,999.20. If the work performed by the Gursky

Firm had been done by Variety's  local counsel, the total amount billed would have been

approximately $317,125.10.

4.   The total of attorneys fees invoiced by the Gursky Firm to Nike as shown in the invoices attached as Exhibit A to the Feinberg Declaration , from the inception of this matter on November 14, 2001 through May 30, 2002 (the date on which Nike attorneys cancelled the meeting for settlement discussions) totals approximately $16,412.25.[1]

5.   The total of attorneys fees invoiced by the Gursky Firm to Nike from the inception of this matter on November 14, 2001 through March 7, 2003 (the date of the status conference held by the court herein) totals approximately $115,274.75.

6.   The total of attorneys fees invoiced by the Gursky Firm to Nike from the inception of this matter on November 14, 2001 through May 20, 2003 (the date of the final pre-trial settlement conference call between the parties herein) totals approximately $296,853.50.

7.   The total of attorneys fees invoiced by the Gursky Firm to Nike for matters redlined by G. Templeton Blackburn, II as entries which in his understanding relate to (i) issues on which Nike did not prevail in this action, and (ii) matters which are not reasonably related to issues on which Nike prevailed in this action where such entries constitute the entire billed hours shown on such invoice entry amounts to approximately $129,220 (469.35 hours).

---

[1] All approximated numbers were calculated using the billing rates per attorney set forth in the Declaration of Martin J. Feinberg In Support Of Plaintiff's Special Motion for Attorneys Fees and Expenses and the corresponding hours as detailed in the invoices attached as Exhibit A to the Feinberg Declaration. The resulting approximate total of attorneys fees was $630,422.25 compared to the actual total billings as set forth in Paragraph 1 of the Declaration of $622,275.75, or about $7,000.00 more than Nike's calculation. The difference is considered immaterial.

8.    The total of hours invoiced by the Gursky Firm to Nike for matters redlined by G. Templeton Blackburn, II as entries which in his understanding relate to (i) issues on which Nike did not prevail in this action, and (ii) matters which are not reasonably related to issues on which Nike prevailed in this action (collectively the "Non-prevailing Matters") where such entries do not constitute the entire billed hours shown on the respective invoice entry, amounts to 652.03 hours. Assuming the accuracy of Blackburn's estimation, as set forth in his affidavit, that the redlined portion in such entries average one-fourth of the billed hours, then the hours expended on such Non-prevailing Matters would amount to 163 hours and the attorneys fees billed for such Non-prevailing Matters would amount to approximately $43,631.81.

I DECLARE UNDER PENALTY OF PERJURY THAT, TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, THE FOREGOING IS TRUE AND CORRECT. EXECUTED IN HENDERSON, NORTH CAROLINA ON AUGUST 14, 2003.

BRANT SPRUNGER

## EXHIBIT A

| PROF | HRS | GURSKY ASSOCIATES | | OLIVER/MANER | | INGLESBY/FALLIGANT | |
|---|---|---|---|---|---|---|---|
| | | AVG RATE | AMOUNT | AVG RATE | AMOUNT | AVG RATE | AMOUNT |
| AR | 7.50 | 75.00 | 562.50 | 70.00 | 525.00 | 85.00 | 637.50 |
| AS | 21.30 | 75.00 | 1,597.50 | 70.00 | 1,491.00 | 85.00 | 1,810.50 |
| AV | 124.75 | 195.00 | 24,326.25 | 70.00 | 8,732.50 | 85.00 | 10,603.75 |
| GA | 18.75 | 75.00 | 1,406.25 | 70.00 | 1,312.50 | 85.00 | 1,593.75 |
| DJ | 50.25 | 99.85 | 5,017.50 | 70.00 | 3,517.50 | 85.00 | 4,271.25 |
| GC | 19.25 | 75.00 | 1,443.75 | 70.00 | 1,347.50 | 85.00 | 1,636.25 |
| HNY | 1.00 | 200.00 | 200.00 | 180.00 | 180.00 | 125.00 | 125.00 |
| JG | 71.00 | 115.00 | 8,165.00 | 70.00 | 4,970.00 | 85.00 | 6,035.00 |
| JHL | 188.75 | 340.00 | 64,175.00 | 240.00 | 45,300.00 | 195.00 | 36,806.25 |
| JJM | 242.00 | 209.97 | 50,812.50 | 160.00 | 38,720.00 | 125.00 | 30,250.00 |
| KJH | 40.25 | 195.00 | 7,848.75 | 160.00 | 6,440.00 | 125.00 | 5,031.25 |
| LSE | 214.75 | 423.20 | 90,881.25 | 240.00 | 51,540.00 | 195.00 | 41,878.25 |
| MJF | 176.73 | 345.71 | 61,274.75 | 240.00 | 42,415.20 | 195.00 | 34,462.35 |
| MP | 499.75 | 294.74 | 147,296.25 | 160.00 | 79,960.00 | 125.00 | 62,468.75 |
| NBF | 51.60 | 206.78 | 10,670.00 | 160.00 | 8,256.00 | 125.00 | 6,450.00 |
| NSG | 549.75 | 264.31 | 145,305.00 | 160.00 | 87,960.00 | 125.00 | 68,718.75 |
| SRG | 22.30 | 423.32 | 9,440.00 | 240.00 | 5,352.00 | 195.00 | 4,348.50 |
| Grand Total | 2,299.68 | 274.13 | 630,422.25 | 168.72 | 387,999.20 | 137.90 | 317,125.10 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV 402-182 |
| | ) | |
| VARIETY WHOLESALERS, INC. | ) | |
| d/b/a ROSE'S STORES, INC., | ) | |
| | ) | |
| Defendant | ) | |

**AFFIDAVIT OF GLEN M. DARBYSHIRE IN OPPOSITION TO
PLAINTIFF'S SPECIAL MOTION FOR ATTORNEYS FEES AND EXPENSES**

1.   I am Glen M. Darbyshire, local counsel for Variety Wholesalers, Inc., in this matter. I am a partner in the Law Firm of Inglesby, Falligant, Horne, Courington & Chisholm. I have been a member of the State Bar of Georgia since 1984, and a member of the Bar of the United States District Court for the Southern District of Georgia since 1991. My practice area is almost entirely civil litigation, including complex commercial and personal injury product liability defense matters. I offer this affidavit in opposition to Plaintiff's Special Motion for Attorneys Fees and Expenses. I am over the age of 21 years, and I base this affidavit on my personal knowledge of lawyer billing rates in the law firms with which I have been affiliated in Savannah, on my knowledge of prior submissions for recovery of attorneys fees that I have reviewed, and on information contained in the on-line Martindale-Hubbel Legal Directory.

2.    The range of reasonable hourly rates for lawyers in the Savannah legal community who practice complex civil litigation, including specialties such as trademark law, is far less than the rates charged by the New York lawyers for Nike, Inc., in this matter. In my experience, the reasonable rates in Savannah for litigation of this type range between $150 and $225 for partners and between $100 and $160 for associates. These rates are for experienced lawyers having an "AV" rating in the Martindale-Hubbell Legal Directory. The range of rates charged for less complex commercial litigation or by less experienced lawyers is even lower and is often the result of rates schedules imposed by insurance carriers where the alleged claims may be covered by insurance. It is unusual and certainly not customary for Savannah trial lawyers to be able to charge rates in excess of $225 per hour. This is even less likely where the lawyers are rated "BV" or are not rated at all, as are Nike's New York lawyers in this case.

3.    The hourly rates charged in this matter by Nike's New York lawyers far exceed the prevailing rates in the Savannah legal community for complex commercial litigation. Even the rates charged by Nike's local counsel exceed the hourly rates typically charged in Savannah for litigation of this type. This case was not one of great complexity, having been tried in its entirety in less than three days. Reasonable rates in the Savannah community for this matter therefore should not exceed $225 for partners and $160 for associates.

I DECLARE UNDER PENALTY OF PERJURY THAT, TO THE BEST OF MY

-2-

KNOWLEDGE, INFORMATION AND BELIEF, THE FOREGOING IS TRUE AND CORRECT.
EXECUTED IN SAVANNAH, GEORGIA ON AUGUST 22, 2003.

GLEN M. DARBYSHIRE

Sworn to and subscribed
before me this _2 2_ day
of _August_, 2003.

_Maureen A. Poore_
Notary Public
My commission expires: _5/3/04_

Lawyer Locator I Dispute Resolution I Experts and Services I Legal Personnel
Legal Careers I Professional Resources I Customer Services

Home I Contact Us I About Us I Site Info I Products I Services
Media Room I Banner Sponsorships

Copyright I Terms & Conditions I Privacy Policy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NIKE, INC. | ) | |
| Plaintiff, | ) | Civil Action No.: CV402-182 |
| | ) | |
| v. | ) | |
| | ) | |
| VARIETY WHOLESALERS, INC., d/b/a | ) | |
| ROSE'S STORES, INC. | ) | |
| Defendant | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing:

1.    **Variety's Response to Nike's Special Motion for Attorneys Fees and Costs**

by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Patrick T. O'Connor, Esq.
Oliver, Maner & Gray, LLP
Post Office Box 10188
218 West State Street
Savannah, GA 31412

Louis S. Ederer, Esq.
Michael D. Pantalong, Esq.
Neil S. Goldstein, Esq.
Gursky & Ederer, P.C.
1350 Broadway, 11th Floor
New York, NY 10018

This 22nd day of August, 2003.

INGLESBY, FALLIGANT, HORNE,
COURINGTON & CHISHOLM, P.C.

Glen M. Darbyshire
Georgia Bar No. 205210
Rob Kelly
Georgia Bar No. 413059
Attorneys for Defendant

Post Office Box 1368
Savannah, Georgia 31412
(912) 232-7000/Facsimile (912) 238-0286

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **VARIETY'S RESPONSE TO PLAINTIFF NIKE'S**

**MOTION FOR ATTORNEYS FEES AND COSTS PURSUANT TO JULY 22, 2003**

**ORDER** was duly served on counsel for the Plaintiff, addressed as follows:


VIA FIRST CLASS MAIL
Michael D. Pantalony, Esq.
Neil S. Goldstein, Esq.
Martin J. Feinberg, Esq.
GURSKY & PARTNERS
1350 Broadway, 11ᵗʰ Floor
New York, NY 10018

VIA FIRST CLASS MAIL
Patrick T. O'Connor, Esq.
Oliver, Maner & Gray, LLP
218 W. State Street
Savannah, GA 31401


This, the 10ᵗʰ day of October, 2003.

Respectfully submitted,

INGLESBY, FALLIGANT, HORNE,
COURINGTON & CHISHOLM, P.C.

Glen M. Darbyshire
(Georgia Bar No. 205210)
Rob Kelly
(Georgia Bar No. 413059)
Post Office Box 1368
Savannah, GA 31402-0286
Phone: (912) 232-7000
Fax:    (912) 238-0286

CASE:        4:03-cv-00036
DOCUMENT: 21
DATE:        10/14/03

CLERK:       kts

ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

OCT 10  PM 4: 10

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| DEBORAH B. GARTNER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. CV-403-036 |
| | ) | |
| v. | ) | |
| | ) | |
| LES BROWNLEE, | ) | |
| Acting Secretary of the Army | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. Defendant Is Entitled To Summary Judgment As To The Nutrition Care Assignment Claim Because Gartner Failed To File Her Informal Complaint Within The Forty-Five Days Required By 29 C.F.R. § 1614.105.**

With regard to the claim based upon her assignment to the Nutrition Care Division, Gartner did fail to timely exhaust required administrative remedies when she did not initiate an informal complaint within forty-five days of the alleged discriminatory action. 29 C.F.R. §1614.105(a)(1). Gartner attempts to excuse her untimeliness by claiming that each day that she was assigned to Nutrition Care was a discrete act of retaliation or discrimination, some of which were within forty-five days of her initial contact. *Plaintiff's Response to Defendant's Motion for Summary Judgment (Response Brief) p. 9-10.* Gartner's reliance on Bazemore v. Friday, 478 U.S. 385 (1986), in support of this excuse is misplaced. The Court in Bazemore addressed the issue of whether each

1

21

individual paycheck may form a discrete act for purposes of salary discrimination, whereas Gartner suffered an allegedly discriminatory *assignment*.

The appropriate standard for this Court to employ is articulated in Delaware State College v. Ricks, 449 U.S. 250, 254 (1980), where the Supreme Court found that the decision to deny tenure to a college professor and his resultant termination was a single (allegedly discriminatory) act, followed by neutral, nondiscriminatory consequences. Id. The same rationale should apply here: once the allegedly discriminatory decision was made to assign Gartner to the Nutrition Care Division, the single act of alleged discrimination was complete. The fact that Garter continued in that position was an inevitable effect of the assignment decision and thus did not constitute a continuing violation. Id. at 258; see also Carter v. West Publishing Co., 225 F.3d 1258, 1263 (11th Cir. 2000)[holding that the there was no continuing violation where neutral, nondiscriminatory consequences (payment of dividends) resulted from the single discriminatory act (maintaining a discriminatory stock program)].

## II. Defendant is Entitled to Summary Judgment on Gartner's Nutritional Care Claim.

Gartner has failed to provide this Court with any legal authority or evidence to demonstrate that her assignment to the Nutrition Care Division was an adverse personnel action. Defendant has shown that, under the applicable case law of this circuit, Gartner's assignment to the Nutrition Care Division was not an actionable adverse personnel action. *See Memorandum In Support Of Defendant's Motion For Summary Judgment, pp. 7-10.* This Court should grant Defendant' Motion for Summary Judgment as to Gartner's assignment to the Nutrition Care Division.

2

### III.  Plaintiff Failed To Demonstrate The Existence Of Similarly Situated Employees.

Gartner contends that other similarly-situated persons violated the Privacy Act without receiving discipline. *Response Brief, p.13.*  However, the evidence before the Court demonstrates that the alleged Privacy Act violation identified by Gartner for comparison is not similar to her own violation.

During Gartner's administrative process, an unknown individual released to Gartner's attorney a single document containing twenty names and social security numbers. *Plaintiff's Exhibit 5, OCI Testimony II, pp. 172-73.*  Gartner attempts to use this act as a comparator to show disparate treatment was based upon her race.  However, to make a proper comparison she would have to show that "[s]he and the employees are similarly situated in all relevant respects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).  The Eleventh Circuit requires "that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).  Gartner has failed to show that any alleged misconduct by the suggested comparator is similar to hers.

The evidence before the Court shows that Gartner intentionally obtained personal information about others and delivered it to the EEO counselor.  *DEX A, EEOC Transcript, p.34.* COL Masi testified that the release of the document with twenty names and social security numbers was an unintentional mistake. *Plaintiff's Exhibit 5, OCI Testimony II, p. 173, ln. 9-19.*  Thus Gartner purposefully set upon a course of conduct to obtain and intentionally disclose the personal information of others, whereas the suggested comparator merely disclosed identifying information by accident.

3

Plaintiff has not provided this Court with even a scintilla of evidence that the disclosure of names and social security numbers by the suggested comparator was intentional. The *mens rea* of intentionally disclosing personal information for one's own benefit is very different from the *mens rea* of an administrative oversight. It is obvious that accidental violations of the Privacy Act may be considered and treated differently than intentional violations of the Privacy Act. The different intent of the two actors shows that the actors are not similarly situated. Additionally, COL Masi testified that the nature of the information at issue was different. Gartner released information that disclosed sensitive patient issues. *Id. at 174, ln. 19.* The comparator's mistake was the release of names and social security numbers.[1] Gartner invites this Court to second-guess her employer's decision based on a factually-dissimilar occurrence, contrary to the Eleventh Circuit's direction in Maniccia.

Gartner attempts to create the impression of a discriminatory work environment by introducing the affidavits of two former employees, Bobbie Poole and Polly Wells. Nothing contained in these affidavits is relevant or demonstrates a material issue of fact in this case. Just as Gartner's subjective beliefs are insufficient to withstand summary judgment, likewise the subjective beliefs of Wells and Poole do not constitute probative evidence sufficient to create a genuine issue as to a material fact. See Earley v. Champion Int'l Co., 907 F.2d 1077, 1081 (11th Cir. 1990); see also Grigsby v. Reynolds Metals, Co., 821 F.2d 590, 594 (11th Cir. 1987)(holding that subjective beliefs of discrimination or retaliation are insufficient to withstand summary judgment). Furthermore, the general allegations made by Poole and Wells do not touch on issues relevant to

---

[1] While social security numbers are personal information that should be safeguarded, they are not similar to the inherently private and sensitive information concerning the type of doctor a person is seeing.

4

this lawsuit. Neither affidavit discusses whether Gartner's assignment and suspension were based upon race or reprisal. Neither statement offers any probative evidence that would tend to cast doubt upon the Army's legitimate, nondiscriminatory reason for the assignment and suspension. Most importantly, neither affidavit establishes that anyone similarly situated to Gartner in any respect was afforded different treatment. Plaintiff has failed to show that similarly situated persons outside of her protected category were treated more favorably.

## IV. Plaintiff Has Provided No Evidence That She Had Any Authority To Access Hospital Records For Non-Medical Purposes.

Gartner attempts to justify her action in accessing hospital personnel records for her own benefit by stating that she was instructed to do so by the EEO counselor. *Response Memorandum pp.3 & 21.* The EEO Counselor, Mr. Lewis, did testify that he asked Gartner to bring him what evidence she had. *Plaintiff's Exhibit 2, Lewis Deposition, p.30, ln.5-6; & p.31, ln.15-21.* This request was not, however, license to violate laws, rules, or regulations in obtaining evidence.

Lewis did not direct Gartner to conduct her own independent investigation to uncover proof, and certainly did not direct her to obtain Privacy Act-protected information about fellow employees. Lewis merely asked Gartner to provide to him the information that she had, not the information which she might be able to unlawfully take. In support of her claim that Black employees were abusing leave privileges, Gartner might have maintained a log of the leave taken by Black employees, or she might have obtained statements from others who observed the comings and goings of Black employees, and evidence of this nature would have been appropriate. It was not appropriate, however, for Gartner to use her position as a Medical Clerk to access medical

5

appointment information of Black employees, whose use of the medical facilities at Winn was their own private business.

## V.   Plaintiff Provides No Evidence That The Army's Legitimate, Nondiscriminatory Reasons Are Pretext For Discrimination For Race Or Reprisal.

Once the Army articulated legitimate, nondiscriminatory reasons for suspending Gartner, the burden shifted to her to present significantly probative evidence that these reasons were pretext for discrimination or retaliation. Gartner has failed to produce any relevant, probative evidence that the reasons given were pretext for discrimination or retaliation.

Gartner attempts to challenge the legitimacy of the Army's decision to assign her to the Nutrition Care Division and to suspend her by pointing out that the Army did not limit her access to confidential patient records after her Privacy Act violation and prior to the imposition of punishment. *Response Memorandum, p. 19-20.* The Army notified Gartner of the detail to Nutrition Care Division at the same that it gave her notice of her proposed removal. *DEX D, Notice of Temporary Change in Duty Location, July 30, 1999.* The fact that the Army did not transfer Gartner prior to giving her notice of the proposed removal is not substantial evidence sufficient to show that the Army's action was pretext.

That determining whether and how to punish Gartner took some time is not suspicious, as it is reasonable for an employer to exercise care and deliberation in making a decision to propose punishment of an employee. COL Masi testified that counsel was consulted about the issue. *Plaintiff's Ex. 5, OCI Transcript II, p. 148, ln. 12-17.* Nothing in the record suggests that during this interim prior to the proposal of removal the Army had any reason to believe that Gartner was likely to repeat her violation, since she had already obtained the information she wanted and turned

6

it over to the EEO counselor.   Once removal or other punishment is proposed, however, an employer faces the possibility that the employee will be disgruntled and may act inappropriately. The fact alone that delay occurred prior to punishment is insufficient to raise a material issue of fact concerning the Army's legitimate, nondiscriminatory reason for suspending her.   Specifically, Plaintiff has failed to present any evidence that the Army did not consider her violation to be serious, and then altered that view later to suspend her.

As discussed above, Gartner also attempts to question the legitimacy of the Army's reasons by citing to the release of names and social security numbers to her attorney in the administrative process.   During the administrative process, Gartner's then-attorney, received a single document with unredacted social security numbers.   Plaintiff called no witnesses about this incident. Plaintiff's attorney stated that he made the request for the document through "probably Edith Anderson" in Personnel. *DEX O, OCI Testimony II, p. 119, ln. 15.*   The only proof in the record is an apparent stipulation to the facts as stated by a government attorney, who explained that the requested information was forwarded from the hospital to the Civilian Personnel Office, and that the failure to redact social security numbers occurred in the Civilian Personnel Office. *Id. at p.121, ln. 8, through p. 122, ln.6.*   Plaintiff offered no evidence that personnel in the Civilian Personnel Office fall under the supervision of LTC Rivera or COL Masi (who are employed in the hospital) or that they would be subject to discipline by Rivera or Masi.   That other supervisors may have failed to act similarly in response to different facts and circumstances is no evidence that Rivera or Masi acted with discriminatory or retaliatory animus.

7

## CONCLUSION.

In Gartner's reply, she attempts to create factual disputes concerning the evidence before the Court, but none of the factual issues she raises create a dispute as to a fact that is material to this Court's determination. Moreover, many of the factual assertions are unsupported allegations that fail to cite any admissible evidence.

For the foregoing reasons and those stated in his original brief, Defendant respectfully requests that summary judgment be granted in his favor.

Respectfully submitted,

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475

Post Office Box 8970
Savannah, Georgia 31401
(912) 652-4422

Of Counsel:

Captain Brian E. Bentley
Department of the Army
United States Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia 22203

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2003, I served a copy of the foregoing **Reply Memorandum in Support of Defendant's Motion for Summary Judgment** upon Plaintiff's counsel of record by placing such copy in a postpaid envelope addressed to:

> Patricia T. Paul, Esq.
> Oliver, Maner & Gray, LLP
> Post Office Box 10186
> Savannah, Georgia 31412

and depositing said envelope and its contents in the United States mail at Savannah, Georgia.

This _10th_ day of October, 2003.

Melissa S. Mundell
Assistant United States Attorney
Georgia State Bar No. 529475

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422